Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>       Plaintiff,<br><br>  v.<br><br>CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise; JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10, Defendants,<br><br>       Defendants. | No. 2:12-cv-01474<br><br>DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br><br>**Friday, October 12, 2012** |

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant CTX Mortgage Company, LLC ("CTX") respectfully moves the Court to dismiss all claims that are alleged against CTX in the First Amended Complaint ("FAC") filed by Plaintiff Richard J. Zalac ("Plaintiff"). Plaintiff bases his claim on allegedly wrongful conduct in connection with a non-judicial foreclosure. According to the FAC, CTX made the loan, but assigned it away more than

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 1
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

five years ago and is neither the owner of the loan nor the foreclosing lender. The FAC is devoid of any factual allegations implicating CTX in any of the causes of action – beyond mere conclusory allegations that "Defendants" violated various statutes.

Even if Plaintiff had alleged any wrongful conduct by CTX, the applicable statutes of limitation bar Plaintiff from asserting claims against CTX. The longest applicable statute of limitation period is for the alleged violation of Washington's Consumer Protection Act, which has a four-year period. By Plaintiff's own admissions in the FAC, CTX has not taken any action regarding the loan since August 2005. Plaintiff did not sue CTX until August 2012. These time-barred claims should be dismissed.

Given these deficiencies, Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff should not be granted leave to amend the defective FAC because amendments would be futile. CTX therefore respectfully requests that the Court dismiss with prejudice all claims asserted by Plaintiff against CTX.[1]

## II.   FACTUAL BACKGROUND

**A.   CTX Has No Interest In The Subject Loan And Was Not Involved In The Allegedly Wrongful Foreclosure.**

As alleged in Plaintiff's FAC, CTX does not own the loan, is not the foreclosing party, and did not do any of the allegedly wrongful conduct. At most, CTX was the original lender and servicer of the loan. Specifically, Plaintiff executed a promissory note in favor of CTX on June 10, 2005 (the "Note"). (FAC ¶ 3.2.) The Note, which is attached to the FAC as Exhibit A, is for the principal sum of $352,500. Plaintiff secured the Note by granting a Deed of Trust, also dated June 10, 2005. (*Id.*) A copy of the Deed of Trust is attached to the FAC as Exhibit B. The Deed of Trust was recorded in King County on June 15, 2005, under Auditor's Recording No. 20050315002158. (*Id.*) The transaction was also registered with MERS under MIN No.

---

[1] On September 12, 2012, counsel for CTX faxed counsel for Plaintiff a letter, pointing out the deficiencies in the First Amended Complaint with respect to the claims alleged against CTX, and asking that Plaintiff agree to voluntarily dismiss CTX from the lawsuit in order to avoid the expense of having to bring this motion. Plaintiff's counsel did not respond to the letter.

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 2
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

100015902206280560.  (FAC ¶ 3.2.)  Plaintiff does not allege that CTX had any involvement with this loan transaction since 2005.  (*See* FAC ¶ 3.5.)  Plaintiff asserts that Fannie Mae, not CTX, is the current owner of the loan.  (FAC ¶ 3.7.)  Indeed, consistent with the FAC, CTX has not had any interest in the subject loan since about August 11, 2005, when it assigned the servicing rights to and the ownership of the loan to Countrywide Home Loans (now Bank of America).  (*see* Declaration of Michael Sullivan, Exh.  A.)

On March 28, 2011, Northwest Trustee issued a Notice of Default to Plaintiff on behalf of JP Morgan Chase.  (*See* FAC ¶ 3.8, and FAC Exh. F.)  Plaintiff claims Northwest Trustee should have known that Fannie Mae, not Chase, owned the loan.  (FAC ¶ 3.8, citing FAC ¶ 3.7; *see also* FAC 3.9 "Chase unambiguously stated that Plaintiff's loan was sold into a public security managed by Fannie Mae.")  MERS subsequently assigned its rights to JP Mortgage Chase.  (FAC ¶ 3.10.)  Northwest Trustee was appointed as successor trustee in March 2012, and is now attempting to foreclose the lien ***on behalf of JP Mortgage Chase***, not CTX.  (FAC ¶¶ 3.11 and 3.12, and Exhs. I and J.)

In sum, there are no facts alleged in the FAC implicating CTX in any of the allegedly wrongful conduct that Plaintiff claims supports the three alleged causes of action.

### III.   ISSUE PRESENTED

Should the Court dismiss the lawsuit against CTX, with prejudice and without leave to amend, where (1) Plaintiff failed to allege any act by CTX that would support the three causes of action in the FAC and (2) CTX has not engaged in any alleged activity with respect to the loan since August 2005 – well beyond any applicable statute of limitation period?

### IV.   EVIDENCE RELIED UPON

This motion relies on the FAC, including all of the exhibits attached to the FAC, as well as the Declaration of Michael Sullivan and Exhibit A attached thereto.[2]

---

[2] The Court may consider the MERS report showing the milestones for MIN No. 100015902206280560 because Plaintiff specifically refers to the fact that the transaction was registered with MERS under this same MIN

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 3
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2

## V.  LEGAL ARGUMENT

Plaintiff's FAC alleges three causes of action: (1) wrongful foreclosure; (2) violation of Washington's Consumer Protection Act, and (3) violation of Washington's Criminal Profiteering Act. The Court should dismiss each of these causes of action with respect to CTX because Plaintiff does not state a claim upon which the Court may grant relief.

### A.  Standard On Rule 12(b)(6) Motion to Dismiss.

Under Fed. R. Civ. P. 12(b)(6), an action must be dismissed for failure to state a claim unless, as required by Fed. R. Civ. P. 8, the Plaintiff ***alleges facts*** showing a claim that is "plausible on its face," not merely "conceivable." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *overruling Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (internal quotation marks omitted). Although courts "must take all of the factual allegations in the Complaint as true," a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. "[C]onclusory allegations of law and unwarranted inferences

---

number. (FAC ¶ 3.2.) *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (holding that the district court permissibly considered an annual report where it contained date that was repeatedly referenced in the complaint, but was not cited); *see also Malone v. Clark Nuber, P.S.*, 2008 WL 2545069 (W.D. Wash. Jun. 23, 2008) (considering the text of a senate report because "it was referenced in the Amended Complaint."). Even if the Court does not consider the MERS report when addressing the motion to dismiss, the report is useful in evaluating the futility of allowing Plaintiff leave to amend, as the report confirms CTX has not had any connection with the loan since about August 11, 2005. *See Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) (holding that while a court generally cannot consider new factual assertions in a plaintiff's opposition brief, nor declarations filed by a defendant, when determining a motion to dismiss, the "Court may consider the allegations made in Plaintiff's opposition papers and declaration to determine whether a second amendment of his complaint would be futile"); *see also Clinton v. Meyers*, 2010 WL 114209, at *10 (C.D. Cal. Jan. 8, 2010) (dismissing plaintiff's complaint with prejudice where the court considered two supplemental declarations submitted with defendant's motion to dismiss; it found that allowing plaintiff to file a second amended complaint would be futile, because the "declarations and exhibits attached to the Motion to Dismiss" showed there were no material facts supporting the plaintiff's contentions).

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 4
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2

are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (affirming dismissal); *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (conclusory allegations that are "unsupported by the facts alleged, need not be accepted as true"). A complaint that either lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory should be dismissed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, a court may consider documents attached to the Complaint or referred to in the Complaint when determining whether to grant a motion to dismiss. *See Biery v. Boeing Co. Health & Welfare Benefit Plan*, 2005 WL 1644354, at *2 (W.D. Wash. Jul. 12 2005), citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[W]e therefore hold that a district court ruling on a motion to dismiss may consider a document, the authenticity of which is not contested, and upon which the Plaintiff's Complaint necessarily relies."). Similarly, a court may take judicial notice of matters of public record, even though they may be outside of the pleadings. (*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

**B.     Plaintiff Has Not Stated A Claim Against CTX For "Wrongful Foreclosure."**

Plaintiff alleges: "Based upon the facts alleged herein the Defendants have engaged in a wrongful foreclosure action against the Plaintiff and Defendants' foreclosure efforts sale should be enjoined, pursuant to RCW 61.24.130." (FAC ¶ 4.7.) Despite Plaintiff's conclusory allegation that "Defendant*s*" – plural – engaged in conduct allegedly amounting to "wrongful foreclosure," the FAC does ***not*** allege any facts showing CTX had a role in that conduct.

On the contrary, CTX is not the party attempting to foreclose the lien that is the subject of Plaintiff's complaint. Plaintiff alleges that CTX assigned its interest and that Fannie Mae is the owner of the loan. (*See* FAC ¶¶ 3.5, 3.6, and 3.7.) Northwest Trustee – not CTX – issued the Notice of Default on behalf of "Chase Home Finance LLC." (FAC ¶ 3.8.) Plaintiff apparently disagrees with Northwest Trustee's conclusion that Chase Home Finance LLC is the owner of the loan. (*See* FAC ¶ 3.9.) But Plaintiff makes no allegation showing that CTX is somehow

Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

responsible for Northwest Trustee's alleged misconduct. Instead, Plaintiff claims "Chase unambiguously stated that Plaintiff's loan was sold into a public security managed by Fannie Mae." (FAC ¶ 3.10.)

Whether the correct owner of the loan is Chase Home Finance LLC (as Northwest Trustee is alleged to have represented) or Fannie Mae (as alleged by Plaintiff), the FAC makes clear that CTX is ***not*** the current owner of the loan. Nor is there any allegation to suggest that CTX is involved in any respect with regard to the disputed foreclosure. CTX's only connection to this case is that CTX originated the loan in 2005, which it then sold, also in 2005. (Sullivan Decl., Exh. A.) Plaintiff's cause of action for "wrongful foreclosure" is entirely meritless with respect to CTX. The Court should dismiss this claim as to CTX.

**C.    CTX Is Not Liable For Claims Under Any Of The Statutes Relied Upon In The FAC By Plaintiff.**

Under the Cause of Action for "Violation of Consumer Protection Act," the FAC alleges that "Defendant**s** have violated various provisions of various statutes, including, without limitation, *RCW 61.24, et seq.*, *12 USC 2605*, *15 U.S.C. 1692, et seq.*, and *RCW 9A.82, et seq.*, which constitute per se violations of *RCW 19.86*." (FAC ¶ 5.6.) (emphasis added.) Plaintiff has failed to state a viable claim against CTX for violation of Washington's CPA or any of the other statutes cited by Plaintiff in the FAC.

**1.    Plaintiff Fails To State A Viable Cause Of Action Against CTX Under Washington's CPA.**

Plaintiff's FAC does not purport to sue CTX for alleged violations of Washington's Consumer Protection Act, RCW 19.86, as that cause of action is asserted only against "Defendants Chase, Northwest Trustee and MERS." (FAC ¶ 5.2.) Yet other allegations in the FAC suggest Plaintiff is suing CTX for alleged CPA violations. For example, Plaintiff makes conclusory allegations that "Defendant**s**" – plural – "have violated various provisions of various statutes, including, without limitation, RCW 61.24, *et seq.*, 12 U.S.C. 2605, 15 U.S.C. 1692, *et seq.*, RCW 9A.82, *et seq.*, which constitute *per se* violations of RCW 19.86." (FAC ¶ 5.6.)

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 6
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2

(emphasis added.)  Plaintiff further alleges that "each Defendant has engaged in similar transactions with thousands of residents" and Plaintiff claims to have suffered damage because of "Defendant**s'** misconduct."  (FAC ¶¶ 5.8 and 5.9.) (emphasis added.)  Plaintiff's prayer for relief similarly also suggests CTX is supposedly liable for violations of consumer protection act laws.  (*See* FAC ¶ 8.5 "That the Plaintiffs be awarded any statutory relief, damages and attorney's fees that may be available, for ***Defendants*** violation of 12 USC 2605(e), 15 U.S.C. 1692, *et seq.*, RCW 9A.82, *et seq.*, RCW 19.86, *et seq.*, and RCW 61.24, *et seq.*") (emphasis added.)  Finally, Plaintiff makes the unsupported claim that "Defendants" aided and abetted one another, and are liable for "civil conspiracy and joint venture liability."  (FAC ¶ 1.9.)  To the extent that Plaintiff's conclusory allegations are intended to assert that CTX violated these statutes, the FAC fails to state a claim against CTX.

Washington's CPA has a four-year statute of limitations.  RCW 19.86.120.  The FAC does not allege any action by CTX since August 2005, seven years before this lawsuit was filed. Plaintiff's CPA claim against CTX is time-barred and should be dismissed on this basis alone. *See, e.g., Orkin v. Taylor*, 487 F.3d 734, 741-42 (9th Cir. 2007) (affirming dismissal of lawsuit where the running of the statute was apparent); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the [statute of limitation] defense may be raised by a motion to dismiss. . . . If the defense does not appear on the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits.").

In addition, the FAC does not allege facts regarding CTX that are sufficient to support a CPA claim.  The elements necessary to establish a CPA violation are (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) which affects the public interest, (4) injury to the plaintiff, and (5) a causal link between the unfair or deceptive act and the injury.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 780, 784-785, 719 P.2d 531 (1986); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 135 Wash. App. 710, 225 P.3d 266 (2009)

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 7
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

("In the absence of a proven deceptive act in violation of the chapter, elements one and three of the Hangman Ridge test are not satisfied."). The absence of allegations in support of any of the above elements is fatal to Plaintiff's cause of action.

Plaintiff did not allege any facts to support an unfair or deceptive act or practice committed by CTX. Quite the opposite. Plaintiff claims that the Notice of Default and Notice of Trustee's Sale were supposedly "deceptive." (FAC ¶ 5.3.) These notices, however, were not issued by CTX and instead were made well after CTX no longer had an interest in the loan. Plaintiff also alleges that MERS acted deceptively. This is not a factual allegation against CTX. Regardless, the FAC makes plain that CTX's conduct with respect to the transaction ended in August 2005 when it assigned its rights.

In short, because Plaintiff cannot establish a CPA claim as a matter of law, the Court should dismiss, with prejudice, all claims arising under the CPA that are alleged against CTX.

**2.   Plaintiff Does Not State A Viable Claim Against CTX For Violation Of Washington's Deed Of Trust Act.**

Again, Plaintiff alleges that "Defendants have engaged in a wrongful foreclosure action" and have violated RCW 61.24. (FAC ¶¶ 4.7, 5.6 and 8.5.) Plaintiff's citation to RCW 61.24 refers to Washington's Deed of Trust Act, which governs the foreclosure process. But CTX is not alleged to be the foreclosing party, and therefore, could not have violated any provision of RCW 61.24. Nor does Plaintiff actually allege any factual basis for asserting violations of that statute on the part of CTX. Accordingly, the Court should dismiss all claims alleged against CTX arising under the Deed of Trust Act.

**3.   Plaintiff Fails To State A Viable Claim Against CTX Under RESPA.**

Plaintiff also alleges "Defendants" violated the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605(e). (FAC ¶¶ 5.6 and 8.5). Section 2605(e) is the provision under RESPA that imposes a duty on mortgage servicers to timely respond to a borrower's Qualified Written Request ("QWR"). 26 U.S.C. §2605(e)(1)(A). A QWR is specifically defined in RESPA as

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 8
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

written correspondence from a borrower to a mortgage servicer that (1) enables the servicer to identify the name and account of the borrower and (2) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail regarding the information sought by the borrower.  12 U.S.C. § 2605(e)(1)(B).  A servicer is required to acknowledge receipt of a QWR within 20 days of receipt.  12 U.S.C. § 2605(e)(1)(A).  The servicer must also take corrective action, if applicable, within 60 days.  12 U.S.C. § 2605(e)(2).  A servicer failing to comply with a QWR may be liable for damages. (12 U.S.C. § 2605(f).  However, there is a three-year statute of limitation under RESPA for making a § 2605(e) claim against a servicer who allegedly violates its duties with respect to a QWR.  12 U.S.C. § 2614; *see also Krock v. Fin. Title Co.*, 2012 WL 76179, at *5 (E.D. Cal. Jan. 9, 2012) (granting motion to dismiss of claims under § 2605(e) of RESPA where the allegations were vague and would be barred by RESPA's three-year statute of limitations).

Here, Plaintiff neither alleges he sent a QWR to CTX nor does he allege CTX failed to respond to such a request.  On the contrary, the FAC is entirely silent with respect to correspondence by Plaintiff qualifying as a QWR to any servicer, much less to CTX.  Moreover, even if Plaintiff had alleged that he sent a QWR to CTX at the time CTX was the servicer of his loan, the servicing of his loan was "transferred from CTX to Countrywide Home Loans Servicing LP as of September 1, 2005."  (FAC ¶ 3.5.)  The lawsuit against CTX was not filed until August 3, 2012, well beyond the applicable three-year statute of limitation.

In short, because there are no allegations CTX failed to properly respond to a QWR, and because CTX has not been the servicer since 2005, Plaintiff's claim that CTX is somehow liable for violating § 2605(e) of RESPA is entirely without merit.  The RESPA allegations against CTX should be dismissed, with prejudice.

4. **CTX Is Not Liable Under The FDCPA.**

Plaintiff also alleges, in conclusory fashion, that "Defendants" violated 15 U.S.C. § 1692.  This citation is to the Fair Debt Collection Practices Act ("FDCPA").  Under the FDCPA, a

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 9
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2

"debt collector" means any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. §1692a(6). Servicers who attempt to collect a debt that was not in default at the time the servicing rights were obtained are not deemed debt collectors under the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii); *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 386 (7th Cir.1998). In addition, the FDCPA has a one-year statute of limitation period. 15 U.S.C. § 1692k(d).

There are no allegations in the FAC that CTX engaged in any debt collection activity. Regardless, CTX cannot be liable under the FDCPA because CTX does not qualify as a third-party debt collector. On the contrary, CTX is solely alleged to have been the original lender and servicer of its own debt. Any collection activities by CTX (none are alleged) would be exempted from the FDCPA because CTX acted as a first-party collector. Moreover, CTX has not been involved with the loan transaction since 2005, and therefore, the one-year statute of limitation would bar any claim by Plaintiff under the FDCPA.

**D.    Plaintiff Has Not Stated A Claim Against CTX For Violating Washington's Criminal Profiteering Act.**

Plaintiff also alleges, without adequate factual support, that "Defendants" violated Washington's Criminal Profiteering Act, RCW 9A.82. (FAC ¶¶ 5.6, 6.1-6.5, and 8.5.) This statute is the state version of RICO, and provides a private cause of action to those persons who sustain injury "by an act of criminal profiteering that is part of a pattern of criminal profiteering activity…" RCW 9A.82.100(1)(a). The term "criminal profiteering" under the state statute is defined as any act that is "committed for financial gain" and is "chargeable or indictable under the laws of the state in which the act occurred and, if the act occurred in a state other than this state, would be chargeable or indictable under the laws of this state had the act occurred in this state and punishable as a felony and by imprisonment for more than one year, regardless of whether the act is charged or indicated…" RCW 9A.82.010(4). The statutory definition of the type of criminal act that would support a claim of criminal profiteering includes such felonies as

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 10
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

murder (RCW 9A.82.010(4)(a)), robbery (RCW 9A.82.010(4)(b)), kidnapping (RCW 9A.82.010(4)(c)), forgery (RCW 9A.82.010(4)(d)), theft (RCW 9A.82.010(4)(e)), etc. Moreover, for the alleged criminal profiteering to be deemed part of a pattern of criminal profiteering activity, as required by RCW 9A.82.100(1)(a), a Plaintiff must show the defendant engaged "in at least three acts of criminal profiteering, one of which occurred after July 1, 1985, and the last of which occurred within five years, excluding any period of imprisonment, after the commission of the earliest act of criminal profiteering." RCW 9A.82.010(12). Additionally, to constitute a pattern of such activity, "the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events." *Id.* Finally, a civil suit by a private plaintiff for alleged criminal profiteering must be "within three years after discovery of the pattern of criminal profiteering activity or after the pattern should reasonably have been discovered. . ." RCW 9A.82.100(7).

Plainly, Plaintiff's allegations in the FAC fall woefully short of pleading a viable claim for civil liability against CTX arising from supposed criminal profiteering. On the contrary, Plaintiff fails to articulate *any* allegedly wrongful activity on the part of CTX, much less a pattern of such activity. But even if Plaintiff attempted to allege a pattern of activity by CTX, a lawsuit for criminal profiteering would be time barred as to CTX, given Plaintiff's allegations that CTX assigned its rights to the loan in 2005.

E.   **The Complaint Should Be Dismissed With Prejudice.**

A request for leave to amend the complaint should be denied when the amendment would be futile. *See Lipton v. PathoGenesis Corp.* et al., 284 F.3d 1027, 1038 (9th Cir. 2002) (denying leave to amend where "plaintiffs cannot cure the flaws in their pleading"). As explained above, each and every cause of action asserted by Plaintiff suffers from one or more defects that are incapable of amendment. As such, any request by Plaintiff for leave to amend his Complaint a second time would be futile, and should be rejected. *Lipton*, 284 F.3d at 1038.

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 11
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51243118.2

## VI. CONCLUSION

For the foregoing reasons, Defendant CTX respectfully requests that the Court dismiss all of the claims alleged in the FAC against CTX. Because leave to amend would be futile, dismissal should be with prejudice and without leave to amend a second time.

Dated this 20th day of September, 2012.

FOSTER PEPPER PLLC

/s/ Neil A. Dial
Tim J. Filer, WSBA #16285
Neil A. Dial, WSBA #29599
1111 Third Ave., Ste. 3400
Seattle, WA  98101
Phone: 206-447-4400
Fax: 206-447-9700
filet@foster.com
dialn@foster.com
Counsel for Defendant
CTX Mortgage Company, LLC

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 12
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2

# CERTIFICATE OF SERVICE

As one of the attorneys of record for CTX Mortgage Company, LLC, I hereby certify that I electronically filed with the Clerk of the Court the foregoing pleading or document, and that the following parties or their counsel of record are registered as ECF Filers and will be served by the CM/ECF system as of today's date:

Richard Llewelyn Jones - rlj@richardjoneslaw.com
William Rasmussen - billrasmussen@dwt.com
Matt Sullivan - matthewsullivan@dwt.com
Heidi E. Buck - hbuck@rcolegal.com

DATED this 20th day of September, 2012 at Seattle, Washington.

/s/ Neil A. Dial
Tim J. Filer, WSBA No. 16285
Neil A. Dial, WSBA No. 29599
Foster Pepper PLLC
1111 Third Avenue, Suite 34000
Seattle, WA 98101-3299
Telephone: (206) 447-4400
Facsimile: 206-749-1939
Email: Filet@foster.com
Counsel for Defendant
CTX Mortgage Company, LLC

DEFENDANT CTX MORTGAGE COMPANY, LLC'S MOTION TO DISMISS - 13
Case No. 2:12-cv-01474

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51243118.2