THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WAHSINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>Plaintiff,<br><br>v.<br><br>CTX MORTGAGE CORPORATION, a Delaware Corporation; *et al.*,<br><br>Defendants. | NO. 2:12-CV-01474<br><br>**REPLY TO CTX MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF DISMISSAL WITHOUT PREJUDICE** |

In Reply to Defendant CTX Mortgage Corporation's Objection to Plaintiff's Proposed Order of Dismissal, Without Prejudice, Plaintiff offers the following.

CTX Mortgage Corporation's reliance upon *CR 7(d)(3)* is misplaced. *CR7(d)(3)* provides as follows:

> (3) All other nondispositive motions, except motions seeking a preliminary injunction, shall be noted for consideration no earlier than the third Friday after filing and service of the motion; and all dispositive motions and motions seeking a preliminary injunction shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion. Any opposition papers shall be filed and served not later than the Monday before the noting date. If service is by mail, the opposition papers shall be mailed not later than the Friday preceding the noting date. Any reply papers shall be filed and served no later than the noting date.

REPLY TO CTX MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF DISMISSAL WITHOUT PREJUDICE
Page 1

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Nothing in *CR 7* addresses the lodging of Orders.

Defendant's assertion that there is no authority to justify Plaintiff's lodged Order is mistaken. Under *Rule 12(b)(6)*, the Court may only dismiss if the Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). This requirement was further clarified by the Supreme Court decision that a Complaint "has facial plausibility when Plaintiff pleads factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the conduct alleged". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This does not mean the Plaintiff must <u>prove</u> his allegations because the Court must accept Plaintiff's factual allegations as true. *Id.*, at 1949.

More importantly, should Federal Courts within the Ninth Circuit decide that dismissal of a claim is appropriate, pursuant to rule *FRCP 12(b)(6)* the Court should grant leave to amend even if no request to amend has been made, unless the Court determines that the pleadings could not possibly be cured by the allegation of other facts. *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787 (9th Cir. 1962); *Doe v United States*, 58 F.3d 494, 497 (9th Cir. 1994); *Straight v. Approved Federal Savings Bank*, 2005 Westlaw WL 1288091 (Western District Washington 2005). As noted in the case of *Breier v. Northern California Bowling Proprietors' Ass'n*, supra at p 789: "Neither the filing nor granting of such a Motion before Answer terminates the right to Amend; an Order of Dismissal Denying Leave to Amend at that stage is improper, and a Motion for Leave to Amend (though unnecessary) must be granted if filed".

Based upon the foregoing case law, Plaintiff's request for entry of an Order of Dismissal, without Prejudice, is appropriate. While CTX Mortgage Corporation's involvement in this matter may at first blush seem remote in time, Discovery may reveal facts that would give rise to

REPLY TO CTX MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF DISMISSAL WITHOUT PREJUDICE
Page 2

**KOVAC & JONES PLLC**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

additional causes of action against CTX Mortgage Corporation that are not now apparent. To enter an Order "without Prejudice", would improperly deny Plaintiff the ability to amend its pleadings to assert additional facts and claims against CTX Mortgage Corporation.

On the basis of the foregoing, it must be remembered that CTX Mortgage Corporation was the entity that introduced MERS into the transaction at the outset, an entity that the Washington Supreme Court has recently determined to be "ineligible beneficiary". See *Bain v. Metropolitan Mortgage Group, Inc.,* Washington Supreme Court Case No. 86201-1, and *Selkowitz v. Litton Loan Servicing, LP,* Washington Supreme Court Case No. 86207-9, ___ Wn.2d ___, ___P.3d ___ (August 16, 2012). Accordingly, it is quite possible, if not likely, that Discovery will determine that CTX Mortgage Corporation's involvement in the transaction, including claims for fraud may reveal themselves through Discovery. Particularly if there are problems associated with CTX Mortgage Corporation's endorsement of the Note to any named or unnamed third party.

On the basis of the foregoing, it is proper and appropriate to enter an Order dismissing Plaintiff's claims against CTX Mortgage Corporation at this time, "without Prejudice".

**DATED** this _20th_ day of October 2012.

KOVAC & JONES, PLLC.

_____
Richard Llewelyn Jones, WSBA # 12904
Attorney for Plaintiffs

REPLY TO CTX MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF DISMISSAL WITHOUT PREJUDICE
Page 3

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury and the laws of the State of Washington that on October 22, 2012, I caused a copy of the **Reply to CTX Mortgage Corporation's Objection to Plaintiff's Proposed Order of Dismissal Without Prejudice** to be served to the following party(ies) and in the manner(s) indicated:

| | |
|---|---|
| Heidi E. Buck, WSBA No. 41769<br>ROUTH CRABTREE OLSEN PS<br>13555 S.E. 36th St, Suite 300<br>Bellevue, WA 98006<br>Tel. 425 213 5534<br>Fax 425 283 5968<br>  Attorneys for Northwest Trustee Services, Inc. | (X) CM/ECF<br>( ) First Class Mail |
| William Rasmussen WSBA No. 20029<br>Matt Sullivan WSBA No. 40873<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>Tel 206 622 3150<br>  Attorneys for Defendants JPMorgan Chase; Mortgage Electronic Registration Systems, Inc. and the Federal National Mortgage Association | (X) CM/ECF<br>( ) First Class Mail |
| Tim J. Filer, WSBA No. 16285<br>Neil A. Dial, WSBA No. 29599<br>FOSTER PEPPER PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA Suite 3400<br>Tel. 206.447.4400<br>Fax 206 447 9700<br>  Attorneys for Defendant CTX Mortgage Corporation | (X) CM/ECF<br>( ) First Class Mail |

DATED this 22nd day of October, 2012.

*Susan L. Rodriguez*
Susan L. Rodriguez

REPLY TO CTX MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF DISMISSAL WITHOUT PREJUDICE
Page 5

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322