The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>Plaintiff,<br><br>v.<br><br>CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise, JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC,. a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10,<br><br>Defendants. | No. C12-1474 MJP<br><br>MOTION TO DISMISS BY DEFENDANTS JP MORGAN CHASE BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AND FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>**NOTED FOR CONSIDERATION: FRIDAY, DECEMBER 7, 2012** |

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP)
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

    A. History of Plaintiff's Loan and Default. ............................................................... 1

    B. Procedural History. ............................................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A. Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law. ................. 4

        1. Chase is the Holder of Plaintiff's Note and Is Thus the Beneficiary Under the Deed of Trust Act. .............................................................. 4

        2. Washington Law Does Not Recognize a Claim For Wrongful *Initiation* of Foreclosure. .................................................................... 5

    B. Plaintiff Cannot Establish Essential Elements of a CPA Claim. ........................... 6

        1. Plaintiff Does Not Identify An Unfair or Deceptive Act or Practice. ........... 6

        2. There is No Public Interest Impact. ............................................................... 8

        3. Plaintiff Does Not Allege Compensable Injury. ........................................... 8

        4. Plaintiff Cannot Establish Causation. ............................................................ 9

    C. Plaintiff's Criminal Profiteering Claim Fails as a Matter of Law. ........................ 9

    D. Plaintiff's RESPA Claim Fails. ........................................................................... 11

    E. Plaintiff's FDCPA Claim Fails. ........................................................................... 12

IV. CONCLUSION ............................................................................................................. 13

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — i
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abarquez v. Onewest Bank, FSB*,
  2011 WL 1459458 .................................................................................................. 9

*Albice v. Premier Mortg. Servs., of Wash. Inc.*,
  174 Wn.2d 560 ..................................................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 3

*Bain v. Metro. Mortg. Group, Inc.*,
  175 Wn.2d 83 (2012) ...................................................................................... passim

*Bain v. Metro. Mortg. Group Inc.,* No. 09–0149–JCC,
  2011 WL 917385 (W.D.Wash. Mar.15, 2011) ....................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Broker v. Beneficial Wash., Inc.*,
  2012 WL 2504904 (W.D. Wash. June 28, 2012) ................................................. 12

*Buddle-Vlasyuk v. Bank of New York Mellon*,
  2012 WL 254096 (W.D. Wash. Jan. 27, 2012) .................................................... 12

*CHD, INc. v. Boyles*,
  138 Wn. App. 131 (2007) ...................................................................................... 9

*Demopolis v. Galvin*,
  57 Wn. App. 47, 786 P.2d 804 (1990) .................................................................. 9

*Florez v. Onewest Bank*,
  2012 WL 1118179 (W.D. Wash. 2012) ................................................................. 5

*Frase v. U.S. Bank*,
  2012 WL 1658400 (W.D. Wash. 2012) ........................................................... 5, 12

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn.2d 778 (1986) ........................................................................................... 6

*Henderson v. GMAC Mortgage*,
  2008 WL 1733265 (W.D. Wash. 2008) ........................................................... 5, 10

*In re United Home Loans*,
  71 B.R. 885 (W.D. Wash. 1987) ............................................................................ 4

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — ii
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Indoor Billboard Wash., Inc. v. Integra Telecom of Wash.*,
    162 Wn.2d 59 (2007) .................................................................................................... 6

*Kauhi v. Countrywide Home Loans Inc.*,
    2009 WL 3169150 (W.D. Wash. Sept. 29, 2012) ............................................... 10, 11

*Kreinke v. Chase Home Fin.*,
    2007 WL 2713737 (Wn. App. 2007) ........................................................................... 5

*Malone v. Clark Nuber, P.S.*,
    2008 WL 2545069 (W.D. Wash. June 23, 2008) ...................................................... 11

*Massey v. BAC Home Loans Servicing LP*,
    2012 WL 5295146 (W.D. Wash. Oct. 26, 2012) ......................................................... 5

*Mickelson v. Chase Home Finance, LLC*,
    -- F. Supp. 2d --, 2012 WL 5377905 (W.D. Wash. Oct. 31, 2012) (Pechman, J.) ................ 7, 8

*Minnick v. Clearwire US LLC*,
    683 F.Supp.2d 1179 (W.D. Wash. 2010) .................................................................... 6

*Myers v. Mortgage Elec. Registration Sys.*,
    2012 WL 678148 (W.D. Wash. 2012) ......................................................................... 5

*Oliveros v. Deutsche Bank Nat'l Trust Co., N.A.*,
    2012 WL 113493 (W.D. Wash. Jan. 13, 2012) ......................................................... 12

*Olsen v. Pesarik*,
    118 Wn. App. 688 ( 2003) ........................................................................................... 9

*Peoples Nat'l Bank of Wash. v. Ostrander*,
    6 Wn. App. 28 (1971) .................................................................................................. 9

*Peterson v. Citibank*,
    2012 WL 4055809 (Wash. Div. 1, 2012) .................................................................... 9

*Pfau v. Wash. Mut. Inc.*,
    2009 WL 484448 (E.D. Wash. 2009) .................................................................... 5, 10

*Ronzone v. Aurora Loan Svcs.*,
    2012 WL 502685 (W.D. Wash. Feb. 14, 2012) ........................................................ 12

*Ross v. Johnson*,
    171 Wash. 658 (1933) ................................................................................................. 4

*Saunders v. Lloyd's of London*,
    113 Wn.2d 330 (1989) ................................................................................................ 6

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — iii
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Segle v. PNC Mortg.*,
    2011 WL 1098936 (W.D. Wash. Mar. 25, 2011) .................................................................. 12

*Sitthidet v. First Horizon*,
    2012 WL 2343036 (W.D. Wash. June 20, 2012) (Pechman, J.) ......................................... 1, 12

*Sloan v. Horizon Credit Union*,
    167 Wn. App. 514 (2012) ..................................................................................................... 9

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................................ 3

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) .............................................................................................. 3

*Tuttle v. Bank of New York Mellon*,
    2012 WL 726969 (W.D. Wash. Mar. 6, 2012) .................................................................... 12

*Udall v. T.D. Escrow Servs., Inc.*,
    132 Wn. App. 290 (2006) ..................................................................................................... 9

*Vasquez v. L. A. County*,
    487 F.3d 1246 (9th Cir. 2007) .............................................................................................. 3

*Vawter v. Quality Loan Service Corp. of Washington*,
    707 F. Supp. 2d 1115 (W.D. Wash. 2010) ........................................................................... 5

*Wende v. Countrywide Home Loans, Inc.*,
    2012 WL 642879 (S.D. Cal. Feb. 28, 2012) ....................................................................... 12

**STATUTES**

12 U.S.C. §2614 ............................................................................................................................ 11

15 U.S.C. §1692a(6) ..................................................................................................................... 11

28 U.S.C. § 1331 ............................................................................................................................ 3

RCW 9A.82 ......................................................................................................................... 1, 3, 10

RCW 9A.82.010(12) ..................................................................................................................... 11

RCW 9A.82.100 ........................................................................................................................... 11

RCW 19.86 ..................................................................................................................................... 3

RCW 19.86.090 ............................................................................................................................. 8

RCW 19.86.120 ............................................................................................................................. 7

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — iv
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

RCW 61.24 .................................................................................................................. 1, 3, 9

RCW 61.24.005(2) .............................................................................................................. 4

RCW 61.24.020 ................................................................................................................... 1

RCW 61.24.050(2) .............................................................................................................. 7

RCW 61.24.127 ................................................................................................................. 10

RCW 65.08.070 .................................................................................................................. 4

**OTHER AUTHORITIES**

Rule 9(b) ............................................................................................................................ 10

Rule 12(b)(6) ................................................................................................................. 3, 11

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — v
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Plaintiff Richard Zalac stopped paying his mortgage in November 2010. Plaintiff does not contest his default, nor does he allege he cured his default. Instead, after receiving a Notice of Default and Notice of Trustee's Sale, he filed this lawsuit to stave off foreclosure and recover non-specified damages, asserting various claims under federal and state law. Plaintiff's claims all hinge on his allegation "that Chase was not the holder of the obligation at the time the Notice for Default was issued, in violation of RCW 61.24.020." But Chase is the "holder" of the Note because it is in physical possession of the Note, which is endorsed in blank, and it is therefore the "beneficiary" authorized to initiate foreclosure under the RCW 61.24. The Court should dismiss Plaintiff's Complaint for the following reasons:

*First*, Plaintiff's claim for wrongful foreclosure fails because no trustee's sale is pending and Washington law does not permit a claim for wrongful *initiation* of foreclosure.

*Second*, Plaintiff's CPA claim fails because he cannot show a false or deceptive act, a public interest impact, injury, or causation.

*Third*, Plaintiff fails to allege any facts that could serve as the predicate acts for a claim of criminal profiteering under RCW 9A.82.

*Fourth*, Plaintiff has no valid claim under the Real Estate Settlement Procedures Act ("RESPA") because he does not allege he made a "qualified written request," let alone that any Defendant failed to respond to one. Any other RESPA claim arising from loan origination is barred by RESPA's statutory limitations periods.

*Fifth*, Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim fails because no Defendant is a "debt collector" as the FDCPA defines that term. And even if any Defendant were a "debt collector," Plaintiff alleges no facts showing an FDCPA violation.

## II.     FACTUAL BACKGROUND

### A.     History of Plaintiff's Loan and Default.

On or about June 10, 2005, Plaintiff borrowed $352,500 from CTX Mortgage Company, LLC. Am. Compl., ¶ 3.1, Ex. A.[1]  At that time, Plaintiff executed a Deed of Trust securing the

---

[1] The Amended Complaint may be found at pages 117-180 of the Verification of State Court Records. [Dkt. 3].

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 1
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

loan, which identified MERS as beneficiary "acting solely as a nominee for Lender and Lender's assigns." *Id.*, Ex. B.

In August 2005, Countrywide Home Loans Servicing LP ("Countrywide") notified Plaintiff that servicing of his loan was being transferred from CTX Mortgage to Countrywide, as of September 1, 2005.  *Id.*, ¶ 3.5, Ex. C.  In October 2006, Countrywide notified Plaintiff that the servicing of his loan was being transferred to Chase Home Finance LLC, as of November 1, 2006.  *Id.*, ¶ 3.6, Ex. D.  On January 25, 2011, Plaintiff alleges he first learned that Fannie Mae claimed to be the owner of his loan.  *Id.*, ¶ 3.7, Ex. E.

Plaintiff defaulted on his obligations under the Note and Deed of Trust by failing to make his mortgage payment that came due on November 1, 2010.  *See id.* ¶ 3.8 & Ex. F.  Plaintiff has failed to make any mortgage payment in two years.  *See id.* Ex. J.  Plaintiff does not contest his defaults.  *See generally id.*  On March 28, 2011, Northwest Trustee Services, Inc. ("Northwest"), acting as Chase's agent, issued a Notice of Default to Plaintiff.  *Id.*, ¶ 3.8, Ex. F.  The Notice of Default identified Plaintiff's default date as November 1, 2010.  *Id.*  The Notice of Default identified Chase Home Finance LLC as beneficiary and servicer of the loan.  *Id.*

On April 14, 2011, Chase responded to an inquiry from Plaintiff by informing him that his loan was "sold into a public security managed by FNMA A/A and may include a number of investors.  As servicer of your loan, Chase is authorized by the security to handle and related concerns on their behalf."  *Id.*, ¶ 3.9, Ex. G.

On February 3, 2012, MERS executed an Assignment of Deed of Trust assigning all its interest under the Deed of Trust to Chase.  *Id.*, ¶ 3.10, Ex. H.  On March 21, 2012, Chase appointed Northwest as successor trustee under the Deed of Trust.  *Id.*, ¶ 3.11, Ex. I.  On April 17, 2012, Northwest recorded a Notice of Trustee's Sale, setting a sale date for July 20, 2012.  *Id.*, ¶ 3.12, Ex. J.

**B.     Procedural History.**

On July 12, 2012, Plaintiff filed this action in King County Superior Court, asserting claims for wrongful foreclosure and violations of the Washington Consumer Protection Act

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 2
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

("CPA"). On July 19, 2012, Plaintiff obtained a temporary restraining order that enjoined the trustee's sale. Before the hearing on Plaintiff's motion for preliminary injunction, Northwest (upon directions from Chase) cancelled the trustee's sale. No trustee's sale is now pending.

On August 3, 2012, Plaintiff filed his First Amended Complaint, which seeks damages under RESPA, the FDCPA, the Deed of Trust Act, the CPA, and the criminal profiteering statute. Am. Compl. ¶ 8.5. Because the Amended Complaint seeks recovery under RESPA and the FDCPA, it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331. On August 29, 2012, Defendants Chase, MERS, and FNMA removed the action to this Court.

### III.   ARGUMENT

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Although the Court must accept as true the Amended Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). Where allegations are contradicted by documents relied on in the Complaint, the documents control. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). Although a plaintiff need not plead detailed factual allegations, he must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). Plaintiff must allege facts sufficient to allow a court to "draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Id.*

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 3
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### A. Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law.
#### 1. Chase is the Holder of Plaintiff's Note and Is Thus the Beneficiary Under the Deed of Trust Act.

The main thrust of Plaintiff's lawsuit is that Chase is not the holder of his Note and Northwest, its agent, thus lacks authority to enforce the terms of the Note and Deed of Trust. Plaintiff sums up his factual allegations as follows: "Based on the foregoing, Plaintiff alleges that Chase is not the legal owner of the Note and Deed of Trust and that Northwest Trustee Services was wrongfully attempting to enforce the Note and Deed of Trust at the time the Notice of Default and Notice of Trustee's sale was issued." Am. Compl., ¶ 3.13. Contrary to Plaintiff's allegations, however, Chase is the "holder" of the Note. Chase is in possession of the Note, which is endorsed in blank. *See* Exhibit 1.[2] The Court may consider the Note when adjudicating this Motion because Plaintiff attached a copy of it to his Amended Complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Because Chase is the Note holder, it is the "beneficiary" under the Deed of Trust Act and is entitled to enforce the terms of the Deed of Trust. *See* RCW 61.24.005(2) ("Beneficiary" means "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."); *see also Bain v. Metro. Mortg. Group, Inc.*, 175 Wn.2d 83, 104 (2012) ("'Holder' with respect to a negotiable instrument means the person in possession if the instrument is payable to bearer"). Any claim premised on the allegation that Chase is not a holder of the Note, and thus not a "beneficiary" under the Deed of Trust Act, is therefore false and fails as a matter of law.

Moreover, that MERS was named as "nominee" for the lender under the Deed of Trust is irrelevant. The only "action" taken by MERS in this case was recording an assignment of the deed of trust, which does not affect a borrower's relationship with his or her lender.[3] *See In re*

---

[2] Counsel for Chase is prepared to bring the original Note to open Court, should the Court want to inspect it.

[3] The purpose of recording an assignment is to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property. RCW 65.08.070. The only way assignment of a deed of trust might affect a borrower is if the borrower continues to make monthly mortgage payments to the assigning lender. *See Ross v. Johnson*, 171 Wash. 658 (1933). Absent an

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 4
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*United Home Loans,* 71 B.R. 885, 891 (W.D. Wash. 1987), *aff'd* 876 F.2d 897 (9th Cir. 1989) ("assignment of a deed of trust and note is valid between the parties whether or not the assignment is ever recorded"; "Recording of the assignments is for the benefit of third parties").  Under Washington law, ***the security follows the note***.  *See Bain,* 175 Wn.2d at 104  ("Washington's deed of trust act contemplates that the security instrument will follow the note, not the other way around.").  Thus, because the Note evidencing Plaintiff's loan is endorsed in blank, the entity in physical possession of that Note is the beneficiary of the corresponding Deed of Trust, as a matter of law.  Because the undisputed evidence establishes that Chase held (and still holds) the Note, it may initiate foreclosure regardless of the validity of MERS's assignment.  *See Florez v. Onewest Bank*, 2012 WL 1118179 (W.D. Wash. Apr. 3, 2012) (dismissing claims based on similar facts).  As Judge Coughenour recently explained:

> [T]he situation at issue here is unlike the situation in <u>Bain v. Metro. Mortg. Group Inc., No. 09–0149–JCC, 2011 WL 917385 (W.D.Wash. Mar.15, 2011)</u>.  In *Bain,* the alleged authority to foreclose was based solely on MERS's assignment of the deed of trust, rather than on possession of the Note.  Here, however, the undisputed facts establish that [Defendant] had authority to foreclose, independent of MERS, since [Defendant] held Plaintiffs' Note at the time of foreclosure.

*Florez*, 2012 WL 1118179 at * 1.  As in *Florez*, Chase derives its authority to initiate foreclosure from its possession of the Note and not from any assignment. MERS's assignment is therefore immaterial.

### 2. Washington Law Does Not Recognize a Claim For Wrongful *Initiation* of Foreclosure.

Plaintiff's claim for wrongful foreclosure also fails for the simple reason that he does not—and cannot—allege a foreclosure sale has actually occurred.  Washington law does not permit a claim for a wrongful ***initiation*** of foreclosure: "[T]he DTA does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale occurs." *Massey v. BAC Home Loans Servicing LP*, 2012 WL 5295146, *3-*4 (W.D. Wash. Oct. 26, 2012)  (citing *Pfau v. Wash. Mut. Inc*., 2009 WL 484448, *12 (E.D. Wash. 2009) (citing *Kreinke v. Chase Home Fin.*, 2007 WL 2713737 (Wn. App. 2007)); *Myers v.*

---

allegation that a borrower made a payment to the wrong creditor, the recording of an assignment does not affect the creditor's relationship with its borrower.

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 5
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Mortgage Elec. Registration Sys.*, 2012 WL 678148, *2 (W.D. Wash. 2012); *Henderson v. GMAC Mortgage*, 2008 WL 1733265, *5 (W.D. Wash. 2008) ("illegal foreclosure" claim fails because "no foreclosure ever occurred"), *aff'd* 347 Fed. Appx. 299 (9th Cir. 2009) (plaintiffs could not recover on their illegal foreclosure claim because no foreclosure has occurred). "In Washington, there is no cause of action for 'wrongful foreclosure' when no foreclosure has in fact occurred." *Frase v. U.S. Bank*, 2012 WL 1658400 at * 7 (W.D. Wash. 2012); *see also Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1123 (W.D. Wash. 2010) ("[T]here is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings."). Because no trustee's sale has occurred, Plaintiff's claim for wrongful foreclosure fails as a matter of law.

### B. Plaintiff Cannot Establish Essential Elements of a CPA Claim.

The elements of a CPA claim are: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Plaintiff alleges facts supporting only one of the required elements—that Defendants' acts occurred in trade or commerce. Because Plaintiff does not (and cannot) allege facts supporting the other four required elements of its CPA claim, the Court should dismiss it.

#### 1. Plaintiff Does Not Identify An Unfair or Deceptive Act or Practice.

"[W]hether the [alleged] conduct constitutes an unfair or deceptive act can be decided by this court as a question of law." *Indoor Billboard Wash., Inc. v. Integra Telecom of Wash.*, 162 Wn.2d 59, 74 (2007). Plaintiff can meet the first CPA element in only two ways: establishing either that an act or practice (i) "has a capacity to deceive a substantial portion of the public," or (ii) that "the alleged act constitutes a per se unfair trade practice." *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344 (1989) (quoting *Hangman*).

The only way to establish CPA unfairness is by pointing to a statute identifying Defendants' conduct as a per se unfair trade practice. *Id.*; *Minnick v. Clearwire US LLC*, 683

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 6
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

F.Supp.2d 1179, 1186 (W.D. Wash. 2010) ("*Hangman Ridge* … requires the Legislature to make determinations of unfairness"). Plaintiff cannot do so. Thus, Plaintiff does not allege facts identifying any "unfair" act under the CPA.

Plaintiff will undoubtedly argue that the Washington Supreme Court's recent decision in *Bain* suggests that identifying MERS as beneficiary on his Deed of Trust presumptively satisfies this prong of the CPA. *See Bain*, 175 Wn.2d at 117. But what the Washington Supreme Court found potentially deceptive in *Bain* was MERS taking action purportedly on behalf of itself and ***its own*** successors and assigns, without disclosing that it was acting on behalf of a principal. *See id.* at 116-117. As this Court recently noted, "*Bain **does not hold*** that the presence of MERS in a mortgage creates a presumptive CPA claim." *Mickelson v. Chase Home Finance, LLC*, __ F. Supp. 2d __, 2012 WL 5377905, at *2 (W.D. Wash. Oct. 31, 2012) (Pechman, J.) (emphasis added). Here, although the Assignment of Deed of Trust does not identify MERS's principal, it was filed simultaneously with the Appointment of Successor Trustee, which identifies MERS "as nominee" for Plaintiff's original lender. *Compare* Am. Compl. Ex. H *with* Am. Compl. Ex. I. Thus, the concerns present in *Bain* do not exist here.

Moreover, the Washington Supreme Court's primary concern in *Bain* was the difficulty borrowers may encounter when trying to identify the current holder of their loan. *Bain*, 175 Wn.2d at 97. The *Bain* court noted that "the nub" of the concerns about MERS arose from "possible errors in foreclosures, misrepresentation, and fraud…[along] with questions of authority and accountability." *Id.* The documents attached to the Amended Complaint establish that those concerns are not present in this case. Specifically, the Notice of Default identifies Chase Home Finance LLC as the beneficiary of the loan (as well as the loan servicer). *See* Am. Compl., Ex. F. This comports with RCW 61.24.050(2), which provides that the "beneficiary" is the "holder of the instrument" (which Chase was and still is). The very documents attached to the Amended Complaint show that Plaintiff's lender and loan servicers informed him about the changes in his loan servicing status and timely responded to his inquiries. Because Plaintiff knew at all times whom to contact to address problems arising from his loan and loan servicing, the potential

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 7
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

concerns raised by the Washington Supreme Court in *Bain* are not present.

Finally, to the extent Plaintiff complains that it was false and deceptive merely to identify MERS as beneficiary and nominee of the lender on the Deed of Trust, that claim is barred by the CPA's four-year statute of limitations. RCW 19.86.120. MERS was listed on the Deed of Trust dated June 10, 2005, and Plaintiff signed that Deed over seven years ago. *See* Am. Compl., <u>Ex. B</u>. Accordingly, any CPA claim premised on the fact that MERS is listed on the Deed of Trust is time-barred.

### 2. There is No Public Interest Impact.

Because the concerns in *Bain* are not present and Plaintiff cannot identify any deceptive act committed by any of the Defendants, there is no public interest impact. *See Bain*, 175 Wn.2d at 118 ("[i]f in fact the language is unfair or deceptive, it would have a broad impact"). A necessary prerequisite to an impacted public interest is a deceptive act. Plaintiff's failure to allege a deceptive act likewise prevents him from satisfying the public interest prong of his CPA claim.

### 3. Plaintiff Does Not Allege Compensable Injury.

Plaintiff's CPA claim also fails because he cannot show an actionable injury. "Even if the deception element of the CPA is met, the Plaintiffs cannot make a claim under the CPA because they cannot show injury." *Mickelson*, 2012 WL 5377905, at *3. The only injury Plaintiff claims is "the distraction and loss of time to pursue business and personal activities due to the necessity of addressing wrongful conduct." Am. Compl. ¶ 5.9. As a threshold matter, only injury to business or property is compensable under the CPA, so any alleged time lost for "personal activities" is not compensable. *See* RCW 19.86.090 (person must be "injured in his or her business or property"). Plaintiff alleges no facts showing injury to his business or property.

Moreover, although the Amended Complaint does not specify Plaintiff's alleged damages, it appears Plaintiff is seeking compensation for the time spent investigating who owned his loan. But Plaintiff did not need to investigate who owned his loan because, at every turn, his lender and loan servicers provided him with the relevant information. Specifically, in August 2005, Plaintiff's original lender informed him that Countrywide Home Loans LP would be taking over

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 8
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

his loan's servicing. *See* Am. Compl. Ex. C. A little over a year later, Countrywide informed Plaintiff that Chase Home Finance, LLC would be servicing his loan effective November 1, 2006. *Id.* Ex. D. In January 2011, "Plaintiff learned for the first time that Fannie Mae" was the owner of his loan. *Id.* ¶ 3.7. Plaintiff then wrote a letter to Chase inquiring about his loan's ownership. *See id.* Ex. G (Chase "writing in response to the inquiry Chase received"). Chase responded to Plaintiff's inquiry, informing him that his loan was sold into a security managed by Fannie Mae but that "Chase is authorized by the security to handle any [loan] related concerns." *Id.* In sum, Chase (along with Plaintiff's other loan servicers) clearly communicated the transfers of loan servicing and timely responded to Plaintiff's inquiries. Plaintiff does not allege otherwise. Because Plaintiff was repeatedly informed as to whom he should communicate if any issues arose with respect to his loan, any investigation was unnecessary and not compensable. *See Demopolis v. Galvin*, 57 Wn. App. 47, 54, 786 P.2d 804 (1990) (holding Plaintiff's alleged injury resulting from having to bring suit to protect against lender's foreclosure action was insufficient to satisfy injury element of a private CPA claim).

As the Washington Supreme Court held in *Bain*, "the mere fact that MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury." *Bain*, 175 Wn2d at 120; *see also Peterson v. Citibank*, 2012 WL 4055809 at *3 (Wash. Div. 1, 2012) (a post-*Bain* case affirming dismissal of plaintiff's claims where plaintiff "alleged no facts demonstrating how these [alleged] injuries flowed from the improper characterization of MRES as beneficiary on the deed of trust").

### 4. Plaintiff Cannot Establish Causation.

Because plaintiff does not and cannot show a false or deceptive act, nor can he establish a compensable injury, he likewise fails to establish the necessary element of causation. This failure likewise defeats his CPA claim.

### C. Plaintiff's Criminal Profiteering Claim Fails as a Matter of Law.

Plaintiff's criminal profiteering claim—much like his Complaint generally—is premised almost entirely on complaints about MERS, questions about who holds the Note evidencing his loan and alleged violations of the Deed of Trust Act. *See, e.g.,* Am. Compl. ¶¶ 3.5-3.7, ¶ 6.2(E)

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 9
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

("Utilizing the provisions of *RCW 61.24* [*sic*] *et seq.*") & ¶ 6.3(D) ("Damages…to the integrity of the non-judicial foreclosure process in Washington").  This claim fails because the sole remedy for violations of the Deed of Trust Act is to bring an action to restrain the sale. *Abarquez v. Onewest Bank, FSB*, 2011 WL 1459458, at *5 (citing *CHD, INc. v. Boyles*, 138 Wn. App. 131, 137 (2007)); *Peoples Nat'l Bank of Wash. v. Ostrander*, 6 Wn. App. 28, 32 (1971) (rejecting fraud claim; DTA remedies are defensive only); *Udall v. T.D. Escrow Servs., Inc.*, 132 Wn. App. 290, 302 (2006) *rev'd on other grounds*, 159 Wn.2d 903 (2007) (rejecting contract claim); *Sloan v. Horizon Credit Union*, 167 Wn. App. 514, 516 (2012) (discussing prior affirmance of dismissal of tort claims based on foreclosure initiation); *Olsen v. Pesarik*, 118 Wn. App. 688, 693 ( 2003) (DTA contemplates use of legal violations solely as bases for enjoining the sale).  *See also Albice v. Premier Mortg. Servs., of Wash. Inc.*, 174 Wn.2d 560, 577 n.2 (Stephens, J., concurring) (damages remedy available post-sale under RCW 61.24.127 only because sale generally may not otherwise be invalidated).[4]

Even if the Deed of Trust Act did not provide the sole remedy in these circumstances, the Court should still dismiss Plaintiff's criminal profiteering claim.  First, Plaintiff fails to plead the elements of his claim with the particularity required by Rule 9(b), including the "time, place, and specific content of the false representations."  *See Kauhi v. Countrywide Home Loans Inc.*, 2009 WL 3169150, *4 (W.D. Wash. Sept. 29, 2012) (applying heightened pleadings standard to criminal profiteering claim).  In fact, Plaintiff does not offer any specific allegations relating to his criminal profiteering claim; he simply lobs general allegations at Defendants.  *See* Am. Compl. ¶¶ 6.2-6.4.  Second, several of Plaintiff's identified bases for his claim are undercut by other allegations in the Amended Complaint.  For example, Plaintiff's claim appears to be premised on a trustee's sale having already occurred.  *See* Am. Compl. ¶¶ 6.2(A) (deception allegedly affects "potential buyers [of] foreclosed properties"), 6.2(C) (Defendants "exert[ed] possession and

---

[4] "There is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Pfau v. Wash. Mut. Inc.*, 2009 WL 484448 at *12 (E.D. Wash. 2009); *Henderson v. GMAC Mortg.*, 2008 WL 1733265, *5 (W.D. Wash. 2008) ("illegal foreclosure" claim fails because "no foreclosure ever occurred"), *aff'd* 347 Fed. Appx. 299 (2009).

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 10
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

control over real property") & 6.2(F) ("means by which they could resell unlawfully obtained (stolen) home of Plaintiff"). But Plaintiff does not—and cannot—allege a trustee's sale of the property has occurred. And since receiving the Notice of Default, which shows Plaintiff's failure to make any payments dating back to November 2010, Plaintiff does not allege he has made any payments on the loan – let alone any "extorted" payments. Nor does Plaintiff allege he made any payments to any Defendant for "unjust fees and interest."

Simply put, Plaintiff does not and cannot allege facts that would establish a plausible claim for relief under RCW 9A.82. Criminal profiteering is defined as:

> [E]ngaging in at least three acts of criminal profiteering, one of which occurred after July 1, 1985, and the last of which occurred within five years ... after the earliest act of criminal profiteering. In order to constitute a pattern, the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events.

RCW 9A.82.010(12). Much like the plaintiff in *Kauhi*, Plaintiff has "failed to sufficiently plead even one act of criminal profiteering, let alone three as required by the statute." 2009 WL 3169150, at *7. "Instead, Plaintiff[ ] only lodge[s] threadbare recitals, which do not suffice to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.*

Moreover, to the extent Plaintiff bases his claim for criminal profiteering on the fact that MERS is identified on the Deed of Trust executed in June 2005, the three-year statute of limitations for criminal profiteering bars this claim. RCW 9A.82.100. *See also Malone v. Clark Nuber, P.S.*, 2008 WL 2545069, *7 (W.D. Wash. June 23, 2008)

### D.  Plaintiff's RESPA Claim Fails.

Paragraph 8.5 of the Amended Complaint seeks damages under 12 U.S.C. § 2605, the RESPA provision that addresses a loan servicer's duty to respond to Qualified Written Requests. Here, Plaintiff does not allege he sent a Qualified Written Request, so RESPA does not and cannot apply. Moreover, Chase responded to the only correspondence Plaintiff alleges he sent. Am. Compl., Ex. G.

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 11
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

To the extent Plaintiff is making any other type of RESPA claim relating to the origination of the loan back in 2005, those claims are time barred under either the one or three-year limitations periods for RESPA. *See* 12 U.S.C. §2614 (setting a 3-year limitations period for claims under §2505 and one-year limitations period for claims under §2607 or §2608).

### E.  Plaintiff's FDCPA Claim Fails.

Paragraph 8.5 of the Amended Complaint also seeks damages under the FDCPA. That claim fails because Chase is not a debt collector. The FDCPA defines a "debt collector," generally, as a party that collects a debt on behalf of the creditor after the borrower has defaulted. 15 U.S.C. §1692a(6). "The FDCPA does not, however, cover the consumer's creditors, ***a mortgage servicing company***, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Broker v. Beneficial Wash., Inc.*, 2012 WL 2504904, at *4 (W.D. Wash. June 28, 2012) (emphasis added) (quoting *Wende v. Countrywide Home Loans, Inc.*, 2012 WL 642879, at *4-*5 (S.D. Cal. Feb. 28, 2012) (citation omitted)).[5] None of the defendants is a "debt collector" under the FDCPA. The undisputed evidence establishes Chase began servicing Plaintiff's loan in 2006. Am. Compl. Ex. D. The Notice of Default did not issue until March 2011 and it identifies a default date of November 2010. Chase is therefore not subject to the FDCPA. MERS and FNMA are not debt collectors either, nor, in any event, does Plaintiff allege they have taken any action to attempt to collect a debt.

Moreover, the majority of the Amended Complaint's allegations occurred on or before April 14, 2011. Am. Compl. ¶¶ 3.2-3.9. To the extent Plaintiff seeks to base his FDCPA claim on any action arising before August 3, 2011, those claims are time barred. *See* 12 U.S.C. § 1692k(d) (identifying one year statute of limitations); *Sitthidet v. First Horizon*, 2012 WL 2343036, at *4 (W.D. Wash. June 20, 2012) (Pechman, J.). For all these reasons, Plaintiff's claim under the FDCPA necessarily fails.

---

[5] *See also Frase v. U.S. Bank, N.A.*, 2012 WL 1658400, at *6 (W.D. Wash. May 11, 2012); *Tuttle v. Bank of New York Mellon*, 2012 WL 726969, at *3 (W.D. Wash. Mar. 6, 2012); *Ronzone v. Aurora Loan Svcs.*, 2012 WL 502685, at *2 (W.D. Wash. Feb. 14, 2012); *Buddle-Vlasyuk v. Bank of New York Mellon*, 2012 WL 254096, at *4 (W.D. Wash. Jan. 27, 2012); *Oliveros v. Deutsche Bank Nat'l Trust Co., N.A.*, 2012 WL 113493, at *4 (W.D. Wash. Jan. 13, 2012); *Segle v. PNC Mortg.*, 2011 WL 1098936, at *7 (W.D. Wash. Mar. 25, 2011).

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 12
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against Chase, MERS, and FNMA.

DATED this 15th day of November, 2012.

        Davis Wright Tremaine LLP
        Attorneys for Defendants JPMorgan Chase,
        Mortgage Electric Registration Systems, Inc., and the
        Federal National Mortgage Association

        By */s/ Matthew Sullivan*
          William Rasmussen, WSBA #20029
          Matthew Sullivan, WSBA #40873
          Davis Wright Tremaine LLP
          1201 Third Avenue, Suite 2200
          Seattle, WA 98101-3045
          Tel.:  (206) 757-8125; Fax:  (206) 757-7125
          Email:  billrasmussen@dwt.com
          E-mail: matthewsullivan@dwt.com

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 13
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 15th day of November, 2012.

    Davis Wright Tremaine LLP
    Attorneys for PNC Bank, National Association


By */s/ Matthew Sullivan*
    William Rasmussen, WSBA #20029
    Mathew Sullivan, WSBA # 40873
    Suite 2200, 1201 Third Avenue
    Seattle, Washington  98101-3045
    Telephone:  (206) 622-3150
    Fax:  (206) 757-7700
    E-mail:  jonathanlloyd@dwt.com
    E-mail:  matthewsullivan@dwt.com

MOTION TO DISMISS BY
CHASE, MERS AND FNMA (C12-1474 MJP) — 14
DWT 20593117v4 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax