UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD J. ZALAC,

Plaintiff,

v.

CTX MORTGAGE CORPORATION, et. al.,

Defendants.

CASE NO. C12-1474 MJP

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant CTX Mortgage Corporation's ("CTX") motion to dismiss for failure to state a claim. (Dkt. No. 8.) Having considered the motion, Defendant's reply (Dkt. No. 12), Plaintiff's belated response (Dkt. Nos. 13, 15), and all related filings, the Court GRANTS the motion and DISMISSES all claims against CTX.

**Background**

This action arises from the non-judicial foreclosure of Plaintiff's home in Enumclaw, Washington. Plaintiff, Richard Zalac, claims CTX, Federal National Mortgage Association, JP Morgan Chase Bank, NA, Mortgage Electronic Registration System, Inc., and Northwest Trustee

Services, Inc., conspired to wrongfully foreclose on his home and violated the Consumer Protection Act, chapter 19.86 RCW by relying on false documents. (Dkt. No. 3 at 10-11.) He seeks declaratory judgment, damages, attorney fees, and equitable relief.

As to CTX, the Complaint alleges the following,

> On June 10, 2005, Plaintiff executed a promissory note in favor of CTX as lender and the party entitled to payments according to its terms….This transaction was purportedly registered with MERS by CTX under 100015902206280560. To secure repayment of the Promissory Note, Plaintiff, as grantor executed a Deed of Trust. Stewart Title was named as trustee. MERS was named the beneficiary, as nominee for the lender. CTX was identified as the lender…

(Dkt. No. 3 at 4.) Zalac also states, "In a letter dated August 11, 2005, Plaintiff was notified by Countrywide Home Loan Servicing LP that servicing on his loan was being transferred from CTX to Countrywide Home Loan Servicing LP as of September 1, 2005." (Dkt. No. 3 at 5.) The Complaint's last reference to CTX states, "At this time, Plaintiff reasonably believed that the holder of the subject Promissory Note, as defined under RCW 61.24.005(2), remained CTX." (Dkt. No. 3 at 5.) The Complaint does not reference CTX in any of the other allegedly wrongful conduct.

On September 20, 2012, Defendant CTX moves to dismiss, arguing Complaint failed to state a claim and dismissal is warranted.

**Analysis**

When considering motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences there from in favor of the plaintiff." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1030 n. 1 (9th Cir. 2002). The issue to be resolved on a motion to dismiss is whether the plaintiff is entitled to continue the

lawsuit to establish the facts alleged, not whether the plaintiff is likely to succeed on the merits. See Marksman Partners L.P. v. Chantal Pharm. Corp., 927 F.Supp. 1297, 1304 (C.D.Cal. 1996).

A complaint must provide more than a formulaic recitation of the elements of a cause of action and must assert facts that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Ninth Circuit has summarized Twombly's plausibility standard to require that a complaint's "nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677.

CTX correctly moves for dismissal under Civil Rule 12(b)(6). First, the claims are time-barred. Plaintiff alleges CTX last took any action regarding Plaintiff's promissory note in 2005, well past the statute of limitations for Consumer Protection Act (four-years under RCW 19.86.120), Fair Debt Collection Practices Act (one year under 15 U.S.C. §1692(a)(6)(F)(iii)), and criminal profiteering (three years under RCW 9A.82.100(7)) . As a secondary basis, these claims are dismissed because the Complaint alleges no factual basis on which CTX could be liable. Plaintiff fails to allege a claim for wrongful foreclosure. The Complaint does not allege CTX participated in nor had any dealing with the foreclosure of Plaintiff's home. No factual basis exists for a claim against CTX. Because any attempt to re-plead these claims would be futile, Plaintiff's claims are DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

//

//

Dated this 15th day of November, 2012.

Marsha J. Pechman
Chief United States District Judge