The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>           Plaintiff,<br><br> v.<br><br>CTX MORTGAGE CORPORATION, a Delaware corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise; JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and DOE DEFENDANTS 1-10,<br><br>           Defendants. | No. 12-01474-MJP<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS**<br><br>**NOTED ON MOTION CALENDAR: December 7, 2012** |

Defendant Northwest Trustee Service Inc. ("NWTS") submits the following joinder in and supplement of Defendants JPMorgan Chase Bank, N.A. ("Chase"), Mortgage Electronic Registration Systems, Inc.'s ("MERS"), and Federal National Mortgage Association's ("FNMA") (collectively, "Moving Defendants") Motion to Dismiss filed on November 15, 2012. Dkt. 17. For the same reasons as set forth in the Moving Defendants' Motion to Dismiss and the additional grounds as discussed herein pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Amended Complaint should be dismissed as to Defendant NWTS.

NWTS' JOINDER & SUPPLEMENT OF MOVING DEFENDANTS' MTD –
Page 1 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## I. INTRODUCTION

Defendant NWTS incorporates the Moving Defendants' Introductory statements as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein.

As Moving Defendants point out, Plaintiff's claims are premised on the unsupported allegation that "Chase was not the holder of the obligation at the time the Notice of Default was issued, in violation of RCW 16.24.020." Plaintiff's claims against NWTS all flow from the same flawed premise. Thus, because Chase is the "holder" of the Note based on its physical possession of the blank endorsed Note and is therefore the "beneficiary," the claims as to NWTS flowing from the same flawed premise must fail too.

## II. FACTUAL BACKGROUND

Defendant NWTS incorporates the Moving Defendants' Factual Background as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein.

## III. ARGUMENT

**A. Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law.**

**1. Chase is the Holder of Plaintiff's Note and Is Thus the Beneficiary Under the Deed of Trust Act.**

Defendant NWTS incorporates the Section III(A)(1) of the Moving Defendants' Argument as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein.

Moreover, because Chase is the holder and beneficiary, Chase's appointment of NWTS as successor trustee was valid and bestowed upon NWTS the authority to act as trustee. Under RCW 61.24.010(2), the trustee may be replaced by the beneficiary. Here, that is precisely what occurred when Chase recorded the appointment of successor trustee naming NWTS trustee on April 9, 2012. Am. Complaint, Ex. I. Accordingly, NWTS acted with full and proper authority in carrying out its duties as foreclosure trustee.

\\

\\\

NWTS' JOINDER & SUPPLEMENT OF
MOVING DEFENDANTS' MTD –
Page 2 of 8 – CASE NO. 2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### 2. Washington Law Does Not Recognize a Claim for Wrongful Initiation of Foreclosure.

Defendant NWTS incorporates the Section III(A)(2) of the Moving Defendants' Argument as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein. For the same reasons as set forth in the Moving Defendants' argument, dismissal of Plaintiff's Wrongful Foreclosure claim is warranted as to NWTS.

### 3. Plaintiff Fails to State any Additional Basis for a Wrongful Foreclosure Claim as to NWTS.

Additionally, Plaintiff fails to set forth any basis independent from the allegations made as to Chase and MERS that supports a "wrongful foreclosure" claim as to NWTS.

Specifically, NWTS satisfied the duty of good faith under RCW 61.24.010. Under RCW 61.24.010(4), "The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."[1] "This subsection became effective on June 12, 2008, and was intended to address ambiguities regarding the duties of trustee after the Washington Supreme Court imposed dual (and in many ways competing) obligations in *Cox*." *Thepvongsa v. Reg'l Tr. Services Corp.*, C10-1045 RSL, 2011 WL 307364 (W.D. Wash. Jan. 26, 2011), *citing Cox v. Helenius,* 103 Wn.2d 383, 693 P.2d 683 (1985), Wn. Senate Bill Report, 2008 Reg. Sess. S.B. 5378 (Feb. 9, 2008); Wn. House Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008).

In general, "good faith" is also the "absence of intent to defraud or to seek unconscionable advantage." *See* Black's Law Dictionary, 701 (7th ed. 1999); *see also Indus. Indem. Co. of the Northwest, Inc. v. Kallevig,* 114 Wn.2d 907, 792 P.2d 520 (1990). A "covenant of good faith and fair dealing cannot 'be read to prohibit a party from doing that which is expressly permitted by an agreement'." *Collins v. Power Default Services, Inc.*, 2010 WL 234902 (N.D. Cal. Jan. 14, 2010), *citing Carma Developers (Cal.), Inc. v. Marathon Dev.*

---

[1] RCW 61.24.010(3) also notes that a "trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." *Cf. Allard v. Pacific Nat'l Bank,* 99 Wn.2d 394, 403, 663 P.2d 104 (1983), *citing Esmieu v. Schrag,* 88 Wn.2d 490, 498, 563 P.2d 203 (1977) (scope of care for trustees which possess fiduciary duties.).

NWTS' JOINDER & SUPPLEMENT OF MOVING DEFENDANTS' MTD – Page 3 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Cal., Inc.,* 2 Cal.4th 342, 374, 6 Cal.Rptr.2d 467, 826 P.2d 710 (1992).

In *Mickelson v. Chase Home Fin. LLC*, 2011 WL 5553821 (W.D. Wash. Nov. 14, 2011), the Western District of Washington recently dismissed a "Breach of Good Faith" action against an original trustee, holding that "Plaintiffs would have every trustee conduct a secondary investigation into the papers filed by the beneficiary, which is simply too great a demand." The court noted, "Plaintiffs suggest the duty of good faith required Chicago to undertake a separate investigation as to whether the signatures on the papers appointing Chase and Northwest as successor beneficiary and trustee, respectively, were valid or forgeries. While there is no binding authority discussing the scope of the statutory duty of good faith, Plaintiffs' view is unreasonable." *Id.* at *3.

Here, Plaintiff alleges Chase was not the holder of the obligation at the time the Notice of Default was issued, and Defendant Northwest Trustee knew or should have known the holder of the obligation prior to engaging in any foreclosure or collection activity under the duty of good faith requirement by RCW 61.24.010." Am. Complaint, 4.5.

Plaintiff's own exhibits concede what Defendant Chase has confirmed, Chase is the holder and beneficiary. The Notice of Default identifies Chase as beneficiary. *See* Am. Complaint, Ex. F. The Beneficiary's Declaration Pursuant to Chapter 61.24 RCW (SB 5810) and Foreclosure Loss Mitigation Form attached to the Notice of Default also identified Chase as the beneficiary. *Id.* In other words, NWTS did know the holder of the note and identified that entity as such in the course of the nonjudicial foreclosure. Accordingly, Plaintiff's allegations are meritless and cannot support any wrongful foreclosure or independent breach of duty of good faith claim as to NWTS.

**B. Plaintiff Cannot Establish Essential Elements of a CPA Claim.**

Defendant NWTS incorporates the Section III(B)(1)-(4) of the Moving Defendants' Argument as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein. For

NWTS' JOINDER & SUPPLEMENT OF
MOVING DEFENDANTS' MTD –
Page 4 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

the same reasons as set forth in Moving Defendants' argument, Plaintiff's CPA claim should be dismissed as to NWTS.

The only allegation directed at NWTS in support of Plaintiff's CPA claim is that NWTS' identification of Chase in the Notice of Default as the "holder" was deceptive. Am. Complaint, 5.3. However, as pointed out in Moving Defendants' Argument and discussed *supra*, Chase is the holder and NWTS consistently identified Chase as the holder and beneficiary. Thus, NWTS' identification of Chase as holder was not deceptive and cannot support a CPA claim as to NWTS.

### C. Plaintiff's Criminal Profiteering Claim Fails as a Matter of Law.

Defendant NWTS incorporates the Section III(C) of the Moving Defendants' Argument as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein. For the same reasons as set forth in the Moving Defendants' Argument, dismissal as to NWTS is appropriate.

### D. Plaintiff's RESPA Claim Fails.

Defendant NWTS incorporates the Section III(D) of the Moving Defendants' Argument as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein.

While Defendant NWTS is unclear as to whether Plaintiff wishes to allege a RESPA claim against NWTS, the claim fails nonetheless. Plaintiff merely cites to 12 U.S.C. 2605 and alleges in a conclusory fashion that "Defendants have violated" such provision. However, there is no applicable RESPA provision that applies to NWTS.

The Real Estate Settlement Procedures Act ("RESPA") provides a private cause of action where a loan servicer fails to give proper notice of transfer. 12 U.S.C. § 2605. "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. *Id.* § 2605(i)(3). Plaintiff does not allege and there is nothing to suggest that NWTS

NWTS' JOINDER & SUPPLEMENT OF
MOVING DEFENDANTS' MTD –
Page 5 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  acted as Plaintiff's servicer. Rather, NWTS' role as successor trustee does not fall under RESPA
2  and thus Plaintiff's claim fails.

3  **E.  Plaintiff's FDCPA Claim Fails.**

4  Defendant NWTS incorporates the Section III(H) of the Moving Defendants' Argument
5  as set forth in the Motion to Dismiss, in entirety, and as if fully set forth herein.

6  Moreover, aside from mere citation to 15 U.S.C. 1692 (the FDCPA) and the conclusory
7  allegation that "Defendants have violated" such provision, Plaintiff's Amended Complaint is
8  completely devoid of any allegations that plausibly allege a claim under the FDCPA claim as to
9  NWTS. Accordingly, Plaintiff's FDCPA claim as to NWTS must be dismissed.

## IV.   CONCLUSION

Based on both the facts and argument set forth in the Moving Defendants' Motion and the foregoing argument, Defendant NWTS respectfully request that this court enter an Order of dismissal dismissing Plaintiff's Amended Complaint as to NWTS.

DATED this 16th day of November, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

 /s/  Heidi Buck Morrison
Heidi Buck Morrison, WSBA #41769
Attorneys for Northwest Trustee Services, Inc.

NWTS' JOINDER & SUPPLEMENT OF MOVING DEFENDANTS' MTD – Page 6 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**Declaration of Service**

The undersigned makes the following declaration:

1. I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2. That on November 16, 2012, I caused a copy of **Defendant Northwest Trustee Services, Inc.'s Joinder in and Supplement of Defendants Chase, MERS, and FNMA's Motion to Dismiss; and the *Proposed* Order Dismissing Plaintiff's Amended Complaint as to Defendant NWTS;** to be served to the following in the manner noted below:

| | |
|---|---|
| Richard Llewelyn Jones<br>Kovac & Jones, PLLC<br>2050 112th Ave. NE, Suite 230<br>Bellevue, WA  98004<br><br>Attorneys for Plaintiff Richard J. Zalac | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |
| William Rasmussen<br>Matt Sullivan<br>Davis Wright Tremaine, LLP<br>1201 Third Ave., Suite 2200<br>Seattle, WA  98101-3045<br><br>Attorneys for Defendants JPMorgan Chase, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Corporation | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |

//

//

//

///

NWTS' JOINDER & SUPPLEMENT OF MOVING DEFENDANTS' MTD –
Page 7 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.   13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

| | |
|---|---|
| Neil A. Dial<br>Tim J. Filer<br>Foster Pepper, PLLC<br>1111 Third Ave., Suite 3400<br>Seattle, WA  98101-3299<br><br>Attorneys for Defendant CTX Mortgage Corporation | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 16th day of November, 2012.

                                                /s/  Kristine Stephan
                                                Kristine Stephan, Paralegal

NWTS' JOINDER & SUPPLEMENT OF
MOVING DEFENDANTS' MTD –
Page 8 of 8 – CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131