THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WAHSINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>                                   Plaintiff,<br>v.<br><br>CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise ; JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10,<br><br>                                  Defendants. | NO. 2:12-CV-01474<br><br>**JOINT STATUS REPORT & DISCOVERY PLAN** |

Pursuant to the Court's Order Regarding Initial Disclosure, Joint Status Report and Early Settlement of October 9, 2012, the parties submit the following Joint Status Report and Discovery Plan.

1. **NATURE AND COMPLEXITY OF THE CASE.**

    a.    **Plaintiff's Statement**: This is an action was originally brought by Plaintiff, alleging claims for declaratory relief, permanent injunction, wrongful foreclosure/irregularities

JOINT STATUS REPORT & DISCOVERY PLAN
Page 1

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

in proceedings (*RCW 61.24, et seq.*), violation of the Washington State Consumer Protection Act (*RCW 19.86, et seq.*), and violation of the *RCW 9A.82, et seq.* Plaintiff reserved claims and the right to amend his Complaint to plead claims for declaratory relief, fraud and misrepresentation, quiet title, trespass, and violation of the Federal Fair Debt Collection Practices Act (*15 U.S.C. §§ 1962, et seq.*) This action was initiated on or about July 12, 2012, under King County Superior Court Case No. 12-2-23547-3 KNT.

On August 28, Defendants, THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise (hereinafter "Fannie Mae"); JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC. (hereinafter "Chase", and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation (hereinafter "MERS"), removed this action, pursuant to *28 USC 1332, 1441* and *1446*. Dkt 1. No other named Defendant has formally joined in the removal.

On September 20, 2012, Defendant, CTX MORTGAGE CORPORATION, a Delaware Corporation (hereinafter "CTX"), filed a Motion to Dismiss, pursuant to *Fed. R. Civ. P. 12(b)(6)*. Dkt. 8.

On November 16, 2012, the Court granted CTX's Motion. Dkt. 19.

This case will necessarily involve applying the recent Washington Supreme Court's decision in *Bain v. Metropolitan Mortgage*, 175 Wn.2d 83, ___ P.3d ___ (2012) (hereinafter "*Bain*"), to the facts of this matter, as adduced through discovery. Given the Washington Supreme Court's refusal/inability to resolve the second question certified by Judge John Coughenour in the *Bain* matter, this case will remain an extremely complex case.

JOINT STATUS REPORT & DISCOVERY PLAN
Page 2

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

b. **Defendants' Statement:**

**Chase, Fannie Mae and MERS:** Chase, Fannie Mae and MERS deny they are liable to Plaintiff for any of the relief sought on any of his claims. Furthermore, Chase, Fannie Mae and MERS deny the Complaint sets forth any plausible claim, as it challenges the ownership and servicing transfers of his loan without offering any plausible bases for those challenges. This is a simple case and the concerns identified by the Washington Supreme Court in *Bain* are simply not applicable to Plaintiff's claims.

**Northwest Trustee:** Northwest Trustee denies it is liable to Plaintiff for any relief sought on the claims asserted against Northwest Trustee. Northwest Trustee denies Plaintiff's Amended Complaint sets forth any plausible claim that give rise to a claim against Northwest Trustee. Northwest Trustee agrees with Defendants Chase, Fannie Mae and MERS that this is a simple case and concerns identified in *Bain* are inapplicable.

2. **ADR.**

The parties believe ADR can best be accomplished through mediation, pursuant to *CR 39.1(c)*. The parties request mediation be scheduled no later than 45 days after the completion of discovery.

3. **JOINDER OF PARTIES.**

Joinder of all parties should be accomplished within 45 days of filing this Report, subject to the joinder of necessary and proper parties identified through discovery. Plaintiff reserves the right to amend his Complaint to add additional parties.

JOINT STATUS REPORT & DISCOVERY PLAN
Page 3

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

4. **DISCOVERY PLAN.**

    a. *__Fed R. Civ. P. 26(a) conference and Fed R. Civ. P. 26(f) Initial Disclosures.__* The *Fed. R. Civ. P. 26(a)* and *(f)*, conference occurred on November 6, 2012. The parties served their Initial Disclosures on November 13, 2012, pursuant to the Court's scheduling order.

    b. **Plaintiff.** A date should be set for the parties to provide initial disclosures and engage in a discovery conferences, pursuant to *Fed. R. Civ. P. 26(a) and (f)*. Discovery issues include, without limitation, the existence and extent of the subject debt owed to these Defendants, the source of authority for Defendants to declare a default on the subject obligation (*RCW 61.24.030*) and MERS authority, if any, in assigning the subject Note and Deed of Trust and the appointment of a successor trustee (*RCW 61.24.010*), the consideration, if any, paid for the assignment and the identity of the entity who paid said consideration, the identity of the true owner and "holder" of the subject Note (*RCW 61.24.030(7)*), and the current location of the subject Note. No limitations in discovery should be imposed on discovery. Given the probability that Defendants will attempt to impose limitation on discovery or interpose objections, it would be prudent to consider the appointment of a discovery maters. Otherwise, discovery should be managed in accordance with Federal and Local Civil Rules. There is no current basis to impose protective orders at the outset of discovery, pursuant to *Fed. R. Civ. P. 26(c)*. It would be advisable to require a Joint Status Report at the conclusion of discovery to review the efficacy of ADR, pursuant to *CR 16*. Given the current status of discovery, the potential difficulties in locating relevant witnesses and the potential difficulties in obtaining documentary evidence from some of the corporate defendants and their agents, Plaintiff requests discovery be concluded no earlier than seven (7) weeks of trial.

JOINT STATUS REPORT & DISCOVERY PLAN
Page 4

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

     c.    **Chase, Fannie Mae and MERS:**  Defendants believe discovery may be needed about the origination of Plaintiff's loan, the servicing of Plaintiff's loan, Plaintiff's defaults and the non-judicial foreclosure process.  Defendants' position is there is no need to appoint a discovery master.

     d.    **Northwest Trustee:** Northwest Trustee agrees with Chase, Fannie Mae and MERS.

     e.    **Changes to Limitations on Discovery**.  The parties do not currently see a need to change the discovery limitation imposed by the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington.

     f.    **Statement of How Discovery Will be Managed to Minimize Expense**.  The parties agree to cooperate in good faith in all aspects of discovery, to use their best efforts to comply with discovery requests and to act reasonably in propounding discovery.

     g.    **Other Orders**.  At this time, the parties do not believe any order should be entered by the Court under *Fed. R. Civ. P. 26(c)* or *CR 16(b)* or *(c)*.

     5.    **DATE FOR COMPLETION OF DISCOVERY.**

The parties agree that discovery must be completed 120 days prior to trial, in accordance with *CR 16(f)*.  Presuming a trial date of September 16, 2013, the discovery cutoff date should be May 17, 2013.

     6.    **USE OF MAGISTRATE**

The parties do not wish to use a full-time Magistrate to conduct any or all of this case.

     7.    **BIFURCATION.**

This matter should not be bifurcated.

JOINT STATUS REPORT & DISCOVERY PLAN  
Page 5

KOVAC & JONES PLLC  
ATTORNEY AT LAW  
2050 – 112th Avenue N.E.  
Suite 230  
Bellevue, Washington 98004  
(425) 462-7322

**8. PRETRIAL STATEMENTS AND PRETRIAL ORDERS.**

The parties agree that the provisions of *CR 16(e), (h), (i), and (l)* with regard to pretrial statements and pretrial orders should be adhered to.

**9. SIMPLIFYING THE CASE.**

The parties have no suggestions for simplifying this matter at this time.

**10. ANTICIPATED TRIAL DATE.**

The parties agree that this matter be set for trial no earlier than on September 16, 2013. This is a non-jury case.

**11. LENGTH OF TRIAL.**

The parties agree that this matter should take approximately 4 days.

**12. ADDRESSES OF TRIAL COUNSEL.**

| | |
|---|---|
| For Plaintiff: | KOVAC & JONES, PLLC. <br> Richard Llewellyn Jones <br> 2050 – 112th Ave. N.E. <br> Bellevue, WA 98004 <br> (425) 462-7322 <br> Fax (424) 450.0249 <br> rlj@kovacandjones.com |
| For Fannie Mae. MERS Chase: | DAVIS WRIGHT TREMAINE <br> Matthew Sullivan <br> William Rasmussen <br> 1201 Third Ave., Suite 2200 <br> Seattle, WA 98101 <br> (206) 622.3150 <br> matthewsullivan@dwt.com |
| For Northwest Trustee: | ROUTH CRABTREE OLSEN <br> Heidi Buck Morrison <br> 13555 S.E. 36th St., Suite 300 <br> Bellevue, WA 98006 <br> (425) 213.5534 <br> hbuckmorrison@rcolegal.com |

JOINT STATUS REPORT & DISCOVERY PLAN
Page 6

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

| | |
|---|---|
| 1 | **13. DUE DATE FOR SERVICE.** |
| 2 | All parties have been served. |
| 3 | **14. SCHEDULING CONFERENCE.** |
| 4 | The parties do not believe there is a need for a scheduling conference. |
| 5 | **15. CONSENT TO VIDEO** |
| 6 | No party has an objection to having hearings in this matter video recorded. |
| 7 | DATED this 19th day of November, 2012. |

KOVAC & JONES, PLLC.

By: *[signature]*
Richard Llewellyn Jones, WSBA 12904
Attorneys for Plaintiff

**DAVIS WRIGHT TREMAINE**               **ROUTH CRABTREE OLSEN**

By: */s/ Matthew Sullivan*                By: */s/ Heidi Morrison*
Matthew Sullivan, WSBA No. 40873          Heidi Buck Morrison, WSBA 41769
Attorneys for MERS, Chase and Fannie Mae  Attorneys for Northwest Trustee

JOINT STATUS REPORT & DISCOVERY PLAN
Page 7

KOVAC & JONES PLLC
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322