THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
OF SEATTLE

RICHARD J. ZALAC,

                        Plaintiff,

v.

CTX MORTGAGE CORPORATION, a
Delaware Corporation; THE FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, a United States
Government Sponsored Enterprise ;
JPMORGAN CHASE, a National
Association, d/b/a CHASE HOME
FINANCE, LLC., NORTHWEST
TRUSTEE SERVICES, INC., a
Washington Corporation, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., a Delaware Corporation,
and DOE DEFENDANTS 1-10,

                        Defendants.

| |
|---|
| NO. C12-1474 MJP |
| **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO** *Fed.R.Civ.P. 12(b)(6)* |
| **ORAL ARGUMENT REQUESTED** |

**COMES NOW** the Plaintiff RICHARD J. ZALAC, by and through his attorneys of record, **KOVAC & JONES, PLLC,** and in response to the Motion to Dismiss of Defendants, THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise (hereinafter "Fannie Mae"); JPMORGAN CHASE, a National Association, d/b/a., (hereinafter "Chase"); MORTGAGE ELECTRONIC REGISTRATION

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 1

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

SYSTEMS, INC., a Delaware Corporation (hereinafter "MERS"), and NORTHWEST TRUSTEE SERVICES, INC. (hereinafter "Northwest") , a Washington Corporation, (collectively referred to in their moving papers as "Moving Defendants") and offer the following:

## I.   STATEMENT OF FACTS

On June 10, 2005, Plaintiff executed a Promissory Note in favor of CTX as alleged lender and the party entitled to payments according to its terms. A true and correct copy of said Note is attached to Plaintiff's Amended Complaint as *Exhibit "A"*. This transaction was purportedly registered with MERS by CTX under MIN No. 100015902206280560. To secure repayment of the Promissory Note, Plaintiff, as grantor, executed a Deed of Trust. Stewart Title was named the trustee. MERS was named the beneficiary, as nominee for the lender. CTX was identified as the lender. This instrument was recorded under King County Auditor's Receiving No. 20050615002158, encumbering the property. A true and correct copy of said Deed of Trust is attached to Plaintiff's Amended Complaint as *Exhibit "B."* Plaintiff alleges that the terms of the subject Deed of Trust constituted a contract of adhesion in that Plaintiff understood that he was not allowed to modify or re-negotiate any of the terms of the Deed of Trust at time of closing. As of June 10, 2005, and at no time subsequent to June 10, 2005, did Plaintiff owe any monetary or other obligation to MERS, nor has MERS or any defendants named herein ever been a holder and owner of the subject Promissory Note or other evidence of debt executed contemporaneously with the subject Deed of Trust referenced in Paragraph 3.2, as the term is defined under *RCW 61.24.005(2)*.

In a letter dated August 11, 2005, Plaintiff was notified by Countrywide Home Loans Servicing LP that servicing of his loan was being transferred from CTX to Countrywide Home

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 2

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Loans Servicing LP as of September 1, 2005.  Although the note servicing was transferred, Plaintiff received no information regarding any change in ownership of the Note.  A true and correct copy of said notice is attached to Plaintiff's Amended Complaint as *Exhibit "C."*  At this time, Plaintiff reasonably believed that the holder and owner of the subject Promissory Note, as defined under *RCW 61.24.005(2),* remained CTX.

In a letter dated October 12, 2006, Plaintiff was informed that his loan servicing was again being transferred from Countrywide Home Loans Servicing, LP, to JP Morgan Chase Bank (hereinafter as "Chase"), NA as of November 1, 2006.  Again, Plaintiff received no information regarding any change in ownership of the subject Promissory Note.  A true and correct copy of said notice is attached to Plaintiff's Amended Complaint as *Exhibit "D."*  At this time, Plaintiff reasonably believed that the holder and owner of the subject Promissory Note, as defined under *RCW 61.24.005(2),* remained CTX.

On or about January 25, 2011, Plaintiff learned for the first time that Fannie Mae claimed to be the owner of the subject Promissory Note and loan.  A printed copy of Fannie Mae's web page, dated January 25, 2011, evidencing their alleged ownership of the loan is attached to Plaintiff's Amended Complaint as *Exhibit "E".*

On or about March 28, 2011, Northwest Trustee issued a Notice of Default to Plaintiff, as "duly authorized agent" for Chase.  Said Notice of Default was defective in several regards.  First said Notice of Default deceptively and deliberately confused the "beneficiary" with the "note owner" and the "note holder, as the terms are defined under *RCW 61.24, et seq.*  Specifically, said Notice of Default identifies the "beneficiary (Note Owner)" as "Chase Home Finance LLC."  Upon information and belief, Northwest Trustee knew or should have known that neither Chase nor "Chase Home Finance LLC" was the owner or holder of the subject Note

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 3

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

and Deed of Trust on March 28, 2011.  Second, the Notice of Default does not identify the true "note holder", as the term is defined in *RCW 61.24, et seq*.  Third, the Notice of Default includes, by attachment, a "Beneficiary Declaration," that is defective in several particulars: (1) the Declaration fails to identify the beneficiary, as required under *RCW 61.24, et seq*., and fails to support Northwest's allegation that Chase or "Chase Home Finance LLC" was the owner or holder of the subject Note on March 28, 2011: and (2) the Declaration contains only a printed image of the signature of the allegedly declarant, Casey Hodges, who apparently affixed the image of his/her signature, or permitted, or had appropriated said image to be printed or affixed on his/her behalf to said Beneficiary Declaration in his/her capacity as an authorized signatory for Chase, making it doubtful that Casey Hodges ever read or reviewed anything relating to the holder of the Note, which Chase clearly was not.  A true and correct copy of said Notice of Default, with the Beneficiary Declaration, is attached to Plaintiff's Second Amended Complaint as *Exhibit "F"*.  By issuance of a defective Notice of Default, as alleged hereinabove, and its reliance on a patently defective Beneficiary Declaration, Northwest violated its duty of good faith, pursuant to *RCW 61.24.010*.

In a letter dated April 14, 2011, from Chase to Plaintiff, Chase unambiguously stated that Plaintiff's loan had been sold into a public security allegedly managed by Fannie Mae.  A true and correct copy of said letter dated April 14, 2011 is attached to Plaintiff's Amended Complaint as *Exhibit "G"*.  By its own admission, neither Chase nor any of its affiliates ever owned the subject Note or Deed of Trust, in contradiction to the allegation contained in Defendants' Notice of Default of March 28, 2011 and the Beneficiary Declaration attached thereto.    Upon information and belief, no Defendant named herein has acted with authority from the true holder of the subject Note and Deed of Trust, in violation of the provisions of *RCW 61.24, et seq*.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 4

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

On February 3, 2012, an Assignment of the Deed of Trust was allegedly executed by MERS. Said Assignment was purportedly executed by Paula S. Gardner, an Assistant Secretary for MERS, in Franklin County, Ohio, assigning all beneficial interest under the Deed of Trust to Chase on February 3, 2012. Upon information and belief, Paula S. Gardner was an employee of Chase on February 3, 2012, not MERS, as she alleges. Said Assignment was notarized the same date by Robert D. Williams, a Notary Public for the State of Ohio. Said Assignment was recorded April 9, 2012, under King County Recording No. 20120409000591. A true and correct copy of said Assignment of Deed of Trust is attached to Plaintiff's Amended Complaint as *Exhibit "H"*. Remarkably, this Assignment of Deed of Trust refers to different MERS registration number (MIN No. 100015902206280578) than appears on the Deed of Trust, raising the inference that the document relates to another transaction. At no time relevant to this cause of action did MERS have an interest in the subject Note and the Assignment fails to specify the party on whose behalf it claims to act and makes no mention of its limited authority, as stated in the Deed of Trust. Upon information and belief, MERS executed this Assignment without the authority of its undisclosed principal, the true owner and holder of the Note and Deed of Trust. Further, upon information and belief, said Assignment of Deed of Trust was prepared by Northwest Trustee, not MERS.

On March 31, 2012, an Appointment of Successor Trustee was executed by Chase, appointing Northwest Trustee as successor trustee under the subject Deed of Trust. Said appointment was executed by Douglas Theener in his capacity as Vice President for Defendant Chase, falsely claiming its authority to do so as the "present beneficiary" of Plaintiff's Deed of Trust. Said Appointment of Successor Trustee was recorded April 9, 2012 under King County Recording No. 20120409000592. A true and correct copy of said Appointment of Successor

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 5

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Trustee is attached to Plaintiff's Amended Complaint as ***Exhibit "I."*** Upon information and belief, said Assignment of Deed of Trust was prepared by Northwest Trustee without the authority of the true and lawful owner and holder of the subject obligation.

On April 13, 2012, Northwest Trustee executed a Notice of Trustee's Sale, setting a sale date for July 20, 2012. This instrument was recorded under King County Recorder's instrument No. 20120417000698. A true and correct copy of said document is attached to Plaintiff's Amended Complaint as ***Exhibit "J".*** Upon information and belief, said Notice of Trustee's Sale was executed and recorded by Northwest Trustee without the authority of the true owner and holder of the Note, in violation of *RCW 61.24, et seq.*

Based upon the foregoing, Plaintiff alleges that no Defendant named herein is the true and lawful owner and holder of the Note and Deed of Trust and that the above-named Defendants acted against Plaintiff's interest in his home without the express authority of the true and lawful owner and holder of the subject obligation at the time the Notice of Default and Notice of Trustee's Sale were issued.

## II.    AUTHORITY AND ARGUMENT

### A.    Legal Standard

On a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss, the Court may only dismiss if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] This requirement was further clarified by a Supreme Court decision requiring that a complaint "has facial plausibility when the plaintiff

---

[1] Please see Judge Overstreet's thoughtful analysis of this rule and related case law as applied to a "MERS case" in the matter of *Meyer v. U.S. Bank National Association, et al.*, the U.S. Bankruptcy Court Western District of Washington Case No.10-23914, attached to Plaintiff's Request for Judicial Notice submitted herewith and incorporated herein by this reference as *Exhibit "A"*.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 6

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The court must accept Plaintiff's factual allegations as true. *Id.* at 1949-1050.

Based upon the foregoing and the documentary evidence before Court, Plaintiff has established, or made factual assertions that, if proved, would establish, each essential element of the claims asserted in Plaintiff's Complaint with regard to the subject real property.

In the event that the Court finds Plaintiff has not met the pleading requirement, courts within the 9th Circuit should grant leave to amend, even if no request to amend has been made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Breier v. Northern California Bowling Proprietor's Assoc.*, 316 F.2d 787 (9th Cir. 1962); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Straight v. Approved Federal Savings Bank*, 2005 WL 1288091 (W.D. Wash 2005).  As noted in the case of *Breier v. Northern California Bowling Proprietor's Assoc, supra,* 316 F.2d at 789: "Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper, and a motion for leave to amend (though unnecessary) must be granted if filed."  The Court should be particularly sensitive to Plaintiff's due process rights and the need for amendment as the complaint Defendants attack was drafted in accordance with more lenient Washington State Rules and was subsequently removed pursuant to *28 USC 1334, 1441* and *1446.*

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 7

KOVAC & JONES, PLLC

ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

B.   **Plaintiff Has a Claim for Wrongful Foreclosure/Irregularities in the Proceedings Against Moving Defendants**

1.   **Chase is not and never has been the holder and the owner of the underlying debt and does not qualify as a beneficiary under the Deed of Trust Act.**

*RCW 61.24, et seq.,* provides the beneficiary of a deed of trust a number of important rights. Specifically, only the beneficiary can declare a default (*RCW 61.24.030*) or appoint a successor trustee (*RCW 61.24.010*). While *RCW 61.24.005(2)* defines the beneficiary as the "holder of the instrument or document evidencing the obligations secured by the deed of trust," the mere status as "holder" of the obligation is not enough.

*RCW 61.24.030* provides, in pertinent part, as follows:

It shall be requisite to a trustee's sale:

\* \* \*

(7)(a)   That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, <u>the trustee shall have proof that **the beneficiary is the owner of any promissory note** or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that **the beneficiary is the actual holder** of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection</u>

(b)   Unless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection

\* \* \*

(8)   That at least <u>thirty days before notice of sale shall be recorded</u>, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor. This notice shall contain the following information:

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 8

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

* * *

(l)     In the event the property secured by the deed of trust is residential real property, **the name** and address **of the owner of any promissory notes** or other obligations secured by the deed of trust and the name, address, and telephone number of a party acting as a servicer of the obligations secured by the deed of trust; and

(Emphasis added)

Based upon the plain language of *RCW 61.24.030(7)(a)*, it is not enough to merely "hold" the obligation: the "holder" must also be the "owner" of the obligation.[2]   *RCW 61.24.030(7)*; *Bain v. Metropolitan Mortgage, et al.*, 175 Wn.2d 83, 93-94, 285 P.3d 34 (2012) (hereinafter "*Bain*").   Notwithstanding arguments against the efficacy of the Assignment of the Deed of Trust executed by MERS on February 3, 2012, Chase was not the true and lawful owner and holder of the obligation on March 28, 2011 when the foreclosure process was initiated by the mailing and posting of the Notice of Default and did not have the statutory authority to declare a default in the subject obligation as alleged in the Notice of Default.   If MERS was never the true and lawful owner and holder of the subject Note and was never an "eligible" beneficiary as contemplated by Washington law, as the case here, it never held an interest in the subject Note and had no interest to assign.[3]

---

[2] It has become farcical to see retained counsel for mortgage servicers walk into court holding what may or may not be arguably the borrower's original note, endorsed in blank with an undated rubber stamp, and for counsel to parade the note around the courtroom, like a wooden image of Jesus in a Basque Easter festival, believing the note, signed in blank, gives the servicer any status whatsoever to enforce the obligation or initiate non-judicial foreclosure proceedings, without express authority from the true and lawful owner/holder of the note and deed of trust. See *In re Jacboson*, 402 B.R. 359 (2009). *RCW 61.24.030(7)(a)* clearly demands more than mere possession of the note. Northwest Trustee has frequently argued before this Court that under *RCW 61.24.030(7)(b)*, they have the right to rely on the "beneficiary's declaration," but they ignore the duty clearly set in *RCW 61.24.030(7)(a)* that they have "proof that the beneficiary is the owner of any promissory note."

[3] *Bain* at page 111-112 states: "In the alternative, MERS suggests that, if we find a violation of the act, "MERS should be required to assign its interest in any deed of trust to the holder of the promissory note, and have that assignment recorded in the land title records, before any non-judicial foreclosure could take place." Resp. Br. of MERS at 44 (Bain). But if MERS is not the beneficiary as contemplated by Washington law, it is unclear what rights, if any, it has to convey. Other courts have rejected similar suggestions. *Bellistri*, 284 S.W.3d at 624 (citing

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS   - 9

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Moreover, the documentation available to date contradicts Chase's contention that it is the owner and holder of the subject obligation and has the authority to conduct a non-judicial foreclosure of the subject obligation.  Although in their Motion to Dismiss, Defendants alleged that Chase is the **current note holder,** the documents attached to Plaintiff's Second Amended Complaint establish that no Defendant named herein was the **owner** of the underlying debt when they initiated a non-judicial foreclosure of Plaintiff's obligation.  Significantly, Chase has been inconsistent in its representations as to its relationship to the subject obligation.  In 2006, Chase was merely the **servicer** of the loan; in the Notice of Default issued in March 2011, Northwest characterized Chase as the **beneficiary** of the deed of trust and the **loan servicer** under the title "Contact information for Beneficiary (Note Owner) and loan servicer;" sixteen days later, Chase again characterized itself as a mere **servicer** of the loan; and on February 3, 2012, MERS purportedly assigned its interest in the Deed of Trust as "**nominee** to the lender" to Chase.[4]  At no point relevant to this cause of action was Chase the owner and holder of the subject obligation.  Rather, the best information available indicates Chase is a mere servicer of the obligation, acting on behalf of an undisclosed principal.

The word, "servicer," is a term statutorily defined in *12 U.S.C. § 2605(i)(2)* as follows: "The term "servicer" means the person responsible for servicing of a loan . . . . " *12 U.S.C. § 2605(i) (3)* defines "Servicing" as follows:

> The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including any payments for escrow

---

*George v. Surkamp*, 336 Mo. 1, 9, 76 S.W.2d 368 (1934)).  Again, the identity of the beneficiary would need to be determined."

[4] Please note that the subject Assignment of Deed of Trust makes no reference to the underlying Note, thus separating the obligation from the security agreement.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 10

KOVAC & JONES, PLLC

ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to amounts received from the borrower as may be required pursuant to the terms of the loan.

It is clear from these definitions that the servicer of the loan is not a note holder or an owner of the obligation or a beneficiary of the Deed of Trust securing the Note.

In a further attempt to confuse this issue, Sakae S. Sakai, an attorney with Defendant Northwest, in a letter dated January 12, 2012 explained how Defendants interpret the "loan servicer" as the "note holder" and thus "beneficiary" as follows:

In order to ensure that a servicer is able to perform the services and duties incident to the servicing of a mortgage loan, FNMA, pursuant to its guidelines, temporarily gives the servicer possession of the promissory note whenever the servicer, acting in its own name, represents FNMA's interests in foreclosure actions. This transection confers 'Holder' status on the servicer. In this case, this is Chase. As holder, Chase is a beneficiary as defined by the Washington Deed of Trust Act. Accordingly, NWTS has authority, as Chase's authorized agent, to issue a Notice of Default.

A copy of Mr. Sakai's correspondence of January 12, 2012 is attached to the Declaration of Richard Zalac as *Exhibit "1"*. The practice asserted by Mr. Sakai is an unlawful attempt by Defendants to circumvent the legal requirement of *RCW 61.24.030(7)(a)* that the trustee have proof that the beneficiary is the **owner** of any promissory note and that the trustee have proof that the beneficiary is the **owner** of any promissory note. Moreover, this statement seems to confirm the fact that Chase was not the note owner, but using this artiface, when this statement was made.

In sum, while Chase may be able to establish it and its agents may have obtained possession of Plaintiffs' Note, or a copy thereof, endorsed in blank, they have not established that they "own" the Note, in accordance with the provision of *RCW 61.24.030(7)(a),* or otherwise meet the requirements to initiate a non-judicial foreclosure of the subject obligation.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 11

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

In addition, alleging Chase to be the current note holder cannot justify this Motion to Dismiss as there are material issues of fact in dispute as to whether Chase was the lawful owner and the holder of the Note when Northwest purportedly acted as Chase's agent, issued a Notice of Default to Plaintiff on or about March 28, 2011, when Chase appointed Northwest as successor trustee on March 31, 2012, and when Northwest executed a Notice of Trustee's Sale on April 13, 2012.

### 2. Washington law does recognize a claim of wrongful foreclosure/irregularities in the proceedings under *Bain.*

On the basis of a number of decisions out of federal district courts in this State, Defendants argue that Washington law does not recognize a claim for the wrongful initiation of foreclosure. This assertion ignores *Bain* and a number of Washington state cases on the issue.

In *Bain,* the Washington Supreme Court has established that violation of *RCW 61.24* is actionable, whether denominated "wrongful foreclosure," "abuse of civil process," or "violation of *RCW 61.24."* As noted by the Court in *Bain*, at page 118: "Further, if there have been misrepresentations, fraud, or **irregularities in the proceedings,**[5] and if the homeowner borrower cannot locate the party accountable, and with authority to correct the irregularity, there certainly could be injury under the CPA." Under existing Washington case law, actionable

---

[5] Defendants and other members of the mortgage lending industry have consistently scoffed at the notion that Washington law provides for a claim for "wrongful foreclosure," but the use of the term "irregularities in the proceedings" in *Bain* should put an end to the discussion, including reliance on that series of opinions from the United States District Court for the Western District of Washington, that include *In re Thomas,* BAP No. WW-11-1151, WW-11-1152, WW-11-1226 (2012); *Vawter v. Quality Loan Service Corp.*, 707 F.Supp. 2d 1115 (W.D. Wash. 2012), *Daddabbo V. Countywide Home Loans, Inc.* 2010 WL 2101485 (W.D. Wash. 2010), *Cervantes v. Countywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011); among others. As noted by the *Bain* court, "MERS asserts that 'the United States District Court for the Western District of Washington has recently issued a series of opinions on the very issues before the Court, finding in favor of MERS'. . . . We do not find these cases helpful." *Bain* at page 109. If there is any question that the *Bain* court intended "irregularities in the proceedings" to be a stand-alone claim, one need only refer to footnote 18, where the court states "[a]ctions like these (assignments made without verification of the underlying information and fraudulent transfers as are evident in this case) could well be the basis of a meritorious CPA claim." *Bain* at pages 118-119.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 12

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

"irregularities" may occur and relief may be sought either pre-sale or post-sale.  See *Bain; Cox v. Helenius*, 103, Wn.2d 383, 693 P.2d 683 (1985); *Albice v. Premier Mortgage Service of Washington, Inc.*, 174 Wn.2d 560, 276 P.3d 1277 (2012); *Northwest Land & Investment, Inc. V. New West Federal Savings and Loan Assoc.*, 57 Wn.App. 32, 786 P.2d 324 (1990); and *Udall v. T.D. Escrow Service, Inc.*, 51, Wn.App. 108, 752 P.2d 385 (1988).

Despite the clear and unequivocal language of *Bain* with regard to the existence of a claim of wrongful foreclosure, Defendants rely upon and cite extensively to two recent federal decisions out of the Western District of Washington, *Massey v. BAC Home Loans Services LP*, 2012 WL 5295146 (W.D. Wash. Oct. 26, 2012) and *Vawter v. Quality Loan Service Corp of Washington*, 707 F.Supp. 2d 1115 (W.D.Wash. 2010), both decided by Judge James Robart.[6] However, those decisions erroneous interpreted Washington law as to the existence of foreclosure related abuse prior to sale.  In fact, failure to raise pre-sale claims, including "irregularities in the proceedings", prior to sale could be fatal and lead to waiver of the same.

In the case of *Steward v. Good*, 51 Wn.App. 509, 754 P.2d 150 (1988), the Court of Appeals (Division I) states, at page 515:

> Finally, the Stewards waived any right to contest the trustee's sale by their failure to pursue the **presale remedies** provided in the act. See *Koegel v. Prudential Mut. Sav. Bank*, supra at 114-16, 752 P.2d 385. The doctrine of waiver has been defined as unilateral and arises by an intentional relinquishment of a known right or "such conduct as warrants an inference of the relinquishment of such right. *Bowman v. Webster*, 44 Wash.2d 667, 669, 269 P.2d 960 (1954). The doctrine of waiver should be applied to post-sale remedies afforded the grantor/debtor pursuant to the Washington deed of trust act. The doctrine of waiver should preclude an action by a party to set aside a completed trustee's sale whenever the party (1) received notice of the right to enjoin the trustee's sale, (2) had actual or

---

[6]   Defendants included several cases cited by *Massey v. BAC Home Loans Services LP*, and some of these cases, such as *Pfay v. Wash. Mut. Mut. Inc.*, 2009 WL 484448 actually discusses the waiver of presale remedies, thus undercutting Defendants argument.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 13

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to enjoin the sale. In most cases, the statutory notices of foreclosure and trustee's sale should be sufficient to inform a party of the right to enjoin the sale. Furthermore, most <u>substantive defenses to foreclosure</u> arise early enough to permit the filing of a presale injunction action. Therefore, in most cases, a party's failure to bring a presale injunction action should be held to constitute a waiver of the right to contest the completed sale.

(Emphasis added)

The same conclusion regarding the necessity of pursuing pre-sale remedies under *RCW 61.24.130* to avoid loss of title was reached in the case of *In re the Marriage of Kaseburg*, 126 Wn.App. 546, 108 P.3d 1278 (2005) and in the case of <u>CHD, Inc. v. Boyles</u>, 138 Wn.App. 131, 157 P.3d 415 (2007). See also *RCW 61.24.130* and *Plein v. Lackey, supra,* cited above. This remains the law of the State of Washington despite recent amendments to *RCW 61.24.* Clearly, Judge Robart's evaluation of Washington law does not square with the rulings of Washington State appellate courts that have considered the issue and should be ignored.

What greater substantive defense to a foreclosure can there be than a violation of the very statute upon which the trustee acts? Clearly, strict compliance with the statutory procedures for non-judicial foreclosures cannot be enforced if there is no cause of action for statutory violations of *RCW 61.24* prior to sale. *Cox v. Helenius, supra*. cited above. Accordingly, Defendants' argument that there is no pre-sale remedy for violation of *RCW 61.24*, absent a foreclosure sale, is specious and without merit, notwithstanding Judge Robart's decision in *Massey* and *Vawter*.

Taking Plaintiff's factual assertions as true, as the Court must, at the time Northwest Trustee, acting as Chase's agent, issued the Notice of Default, Chase was not the true and lawful **holder and owner** of the subject Note and was not the "beneficiary" under the subject Deed of Trust. Moreover, Northwest Trustee, acting on information it knew or should have known to be false, violated its duty of good faith under *RCW 61.24.010*. Therefore, Plaintiff had a clear

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 14

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

cause of action for wrongful foreclosure or "irregularities in the proceedings" under *Bain* and had the right, if not the statutory obligation under *RCW 61.24.130,* to raise these issues prior to sale.

## C. Moving Defendants have violated the Washington Consumer Protection (WCPA)

The elements of a claim under Washington's Consumer Protection Act, *RCW 19.86, et seq,* include the following: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531 (1986). The WCPA should be "liberally construed that its beneficial purposes may be served." *RCW 19.86.920; Short v. Demopolis,* 103 Wash.2d 52, 691 P.2d 163 (1984).

In view of *Bain,* Defendants allegations concerning Plaintiff's lack of basis for a WCPA claim should be subject to sanction under *Fed. R. Civ. P. 11* for the expense in responding to Defendants' patently frivolous allegations.

The *Bain* court specifically held that a homeowner might have a WCPA claim against MERS if MERS acts as an ineligible beneficiary. *Bain* at pages 119-120. The *Bain* court specifically ruled that the unfair and deceptive act or practice element is presumed based upon MERS' business model and the manner in which it has been used.[7] *Bain* at pages 115-118. There is little dispute, that the conduct alleged herein occurred in trade and commerce. Moreover, the Bain court specifically ruled that the public interest impact element is also

---

[7] This is in accord with other case law in Washington. An unfair or deceptive act can include misrepresentations of facts related to the legal status of a debt. *Panag v. Farmers Ins. Co. Of Washington,* 166 Wn.2d 27, 204 P.3d 885 (2009) (deceptive methods used by a collection agency to recover money on behalf of an insurance company).

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 15

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

presumed, based on the number of mortgages that utilized MERS as a nominee for an undisclosed principal. *Bain* at page 118.

The only element to a CPA claim that was left to a trial court is the damage or injury element.    As to this element, the *Bain* court states: "[f]urther, if there have been misrepresentation, fraud or irregularities in the proceedings, and if the homeowner borrower cannot locate the party accountable and with authority to correct the irregularity, there certainly could be injury under the CPA." *Ibid.*    Plaintiff has alleged a number of acts of misrepresentation, fraud and irregularities in these proceedings upon which to claim injury under the CPA. The *Bain* court specifically noted that violation of the FDCPA could establish injury and damage, particularly where the foreclosing party, like the ones in this case, did not have "possession and ownership of the Note."[8] Significant to the facts of the present controversy, the *Bain* court noted that assignment of the note and deed of trust without verification of the underlying information that results an "incorrect or fraudulent transfer" could establish an injury. *Bain* at page 118, footnote 18.   Finally, injury to person's business or property is broadly construed and in some instances where "no monetary damages need be proven, and that non-quantifiable injuries, such as loss of goodwill would suffice for this element of the *Hangman Ridge* test." *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740, 733 P.2d 208 (1987).  See also *Panag v. Farmers Ins. Co. Of Washington*, *supra*.

Specifically, as a direct and proximate result of Defendants' misconduct, Plaintiff has been deprived of valuable property interest (1) by the threat of losing all of his equity in his home without compensation, and (2) a substantial reduction of his ability to be able to sell the

---

[8] The FDCPA specifically states as a declaration of purpose that it is designed to "protect consumers" across the nation. *15 USC 1692(a) and (e).* This statement of purpose is analogous, if not synonymous, with the public interest declaration as described in *Hangman Ridge*.

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

house after the time the trustee records the notice of sale and (3) a substantial reduction in any equity to borrow against at the time of the recording of the notice of sale; (4) damages to his credit as a result of Defendants' unlawfully acts, (5) the inability to take advantage of the protections of the Truth in Lending Act and other actions that require the homeowner to sue or negotiate with the actual holder of the promissory noteas well as (6) any consequential damages arising by the wrongful foreclosure action.  In addition, the expenditure of out-of-pocket expenses for postage, parking, and consulting an attorney are sufficient proof of an injury under *Hangman Ridge*.  *Panag* at page 902.[9]  Here, Plaintiff had to take time off from work and incurred travel expenses to consult with an attorney to address the misconduct of the Defendants. Moreover, Plaintiff has expended monies for filing fees, service of process fees and attorney fees to protect their interest in the subject property.

Clearly, Plaintiff has alleged sufficient facts to establish a claim for violation of the WCPA.

Defendants attempt to distinguish this case from *Bain* but asserting that "although the Assignment of Deed of Trust does not identify MERS's principal, it was filed simultaneously with the Appointment of Successor Trustee, which identifies MERS 'as nominee' for Plaintiff's original lender."  But this fails to take into account of the numerous misstatements as to the relationships of these Defendants to the subject obligation since 2006, noted above, ignores the apparent/alleged sale of the obligation to Fannie Mae in April of 2011, and fails to address the issue of MERS' authority to take any action given its status as an "ineligible beneficiary."  See *Bain* at page 112.  Moreover, this case is much worse than the two cases addressed in *Bain* to the

---

[9] See also *In re John Patrick Keahey*, BAP No. WW-08-1151.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 17

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

extent that instead of assignment of the subject Note on behalf of its own successors and assigns, in this this case MERS has attempted to assign the subject Note, using erroneous loan identifiers (wrong MIN number) for its own profit ("for value received), rather than acknowledging its status as a mere nominee for an undisclosed principal.

Moreover, the subject Notice of Default of March 28, 2011, prepared by Northwest Trustee on behalf of Chase, identifies Chase as the "beneficiary", but sixteen days later, on April 14, 2011, Chase advised Plaintiff that the obligation had been sold to Fannie Mae. How can both of these representations be true? Simply, they cannot. This is a blatant attempt to conceal the identity of the true party in interest. See *Stephens v. Omni Insurance Co.*, 138 Wn.App. 151, 159 P.3d 167 (2007); *Floersheim v. FTC*, 411 F.2d 874 (9th Cir. 1969). This is also the sort of behavior in which "errors in foreclosures, misrepresentations and fraud . . . .[along with] questions of authority and accountability arise, and determining who has authority to negotiate loan modifications and who is accountable for misrepresentation and fraud becomes extraordinarily difficult." *Bain* at page 98. Chase is merely a servicer – not the current true and lawful owner and holder of the subject obligation with whom Plaintiff can negotiate. Accordingly, Plaintiff has a clear claim under the WCPA.

**D. Moving Defendants have violated the Federal Fair Debt Collection Practices Act (FDCPA).**

Although not properly appointed under *RCW 61.24.001*, Northwest Trustee, on behalf of the above-named Defendants, has initated efforts to permanently deprive Plaintiff of his property. In addition to the statutory violations outlined above, the Federal Fair Debt Collection Practices Act ("FDCPA") applies to the conduct of Defendants as discussed below.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 18

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

As indicated by Defendant, the Fifth Circuit has held that the definition of "debt collector does not include consumer's creditors, mortgage servicing company, or an assignee of a debt, provided debt was not in default at the time debt was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (Emphasis added).

However, District Courts have uniformly held that the FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003); *See also Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997); *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403-404 (3d. Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-107 (6th Cir. 1996).  Accordingly, the purchaser of a debt in default is a "debt collector" for purposes of the FDCPA, even though it owns the debt and is collecting for itself. *See McKinney v. Cadleway Properties, Inc.,* 548 F.3d 496, 501 (7th Cir. 2008); *FTC v. Check Investors, Inc.,* 502 F.3d 159, 171-74 (3d Cir. 2007).

Applying the foregoing to the facts of the present case, there can be little doubt that Chase was "assigned" the Deed of Trust after the debt was defaulted.  MERS purportedly assigned the Deed of Trust to Chase on February 3, 2012.  However, the Notice of Default, dated March 28, 2011, described defaults well in advance of that date.  Whether Defendants allege that they derive their authority to enforce the note from FNMA's purported assignment of the note or from MERS's purported assignment of the Deed of Trust, it appears that the subject loan was in default at the time of assignment, which means Chase and Northwest Trustee are debt collectors pursuant to *15 U.S.C. § 1692a(6)(F)(iii)*.  At the very least, there is an issue of material fact as to whether the subject loan obligation was in default at the time of assignment.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 19

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 ~ 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Additionally, Defendants actions were taken in connection with the purported collection of a debt and constitute a clear violation of §807 of the FDCPA:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of -

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

* * *

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

* * *

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

* * *

(Emphasis added)

Moreover, the misstatements of fact regarding a debt owed to Chase constitute an unfair practice under §808 of the FDCPA:

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS   - 20

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if -

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

(Emphasis added)

The actions of Chase and its agent Northwest in asserting that they were acting in accordance with the provision of *RCW 61.24, et seq.*, and specifically asserting by their actions that they were proper "note holder", "beneficiaries" or "trustees" to act under *RCW 61.24.005(2)* and *RCW 61.24.010, 61.24.020* and by threatening to take non-judicial action to effect dispossession of Plaintiff's interest in his home with the proof of being the actual holder and owner of the obligation to do so violate the FDCPA.

While acknowledging the provisions of *12 USC 1692k(d)*, Defendants' misconduct is continuing. One of the most damaging acts taken by Defendants was the recording in the public record the Notice of Trustee's Sale on April 13, 2012, well within the one year statute of limitation, which ruined Plaintiff's credit. This document was based upon and incorporated by reference the allegations of assignment and the existence of debt that were referred to in the Notice of Default of March 28, 2011. Accordingly, Defendants' assertion of Plaintiff's claims being time-barred is misplaced.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS   - 21

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

**E.  Defendants violated *RCW 9A.82***

*RCW 9A.82.045* provides as follows:

It is unlawful for any person knowingly to collect any unlawful debt. A violation of this section is a class C felony.

*RCW 9A.82.100(1)(a),* provides as follows:

(1)(a) A person who sustains injury to his or her person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined in RCW 9A.40.100, 9.68A.100, 9.68A.101, or 9A.88.070, or by a violation of RCW 9A.82.060 or 9A.82.080 may file an action in superior court for the recovery of damages and the costs of the suit, including reasonable investigative and attorney's fees.

*RCW 9A.82.010(4)* defines 'criminal profiteering" as follows:
4) "Criminal profiteering" means any act, including any anticipatory or completed offense, committed for financial gain, that is chargeable or indictable under the laws of the state in which the act occurred and, if the act occurred in a state other than this state, would be chargeable or indictable under the laws of this state had the act occurred in this state and punishable as a felony and by imprisonment for more than one year, regardless of whether the act is charged or indicted, as any of the following:
 * * *
(k) Extortion, as defined in RCW 9A.56.120 and 9A.56.130;
 * * *
(p) Collection of an unlawful debt, as defined in RCW 9A.82.045;

There is little Washington law construing the civil limits of *RCW 9A.82*, but the statute has been applied to misconduct associated with RCW 61.24. *Bowcutt v. Delta North Star Corp.*, 95 Wn.App. 311, 976 P.2d 643 (1999).

While Plaintiff expects the above-named Defendants to respond incredulously at the suggestion that well-heeled banks, mortgage lending and servicing companies could be accused of "racketeering", the allegations contained in Plaintiff's Complaint, which the Court must accept as true under *Fed. R. Civ. P.12(b)(6),* clearly establish such a claim. See Paragraph 6.1-6.5 of Plaintiffs' Amended Complaint, on file herein.

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 22

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

First, Defendants attempt to collect a debt for which they have no lawful interest constitutes a violation of *RCW 9A.82.045*, particularly when we add to the equation Defendants' efforts to foreclose on a security interest that is arguably void. *Restatement (Third) of Property: Mortgages*, Sec. 5.4 (1997).

Second, Defendants efforts at demanding payment on a debt to which they have no lawful interest and threatening to take Plaintiff's home by non-judicial means constitutes extortion, within the terms of *RCW 9A.56.120* and *RCW 9A.56.130*. See also *RCW 9A.04.110(27)(j)*.

In response to these claims, Defendants attempt to mislead the Court.

Defendants allege Plaintiff's claims are time barred under *RCW 4.16.040(1)*. However, Plaintiffs' "racketeering" claims are not based on the Note alone, but on Defendants' foreclosure efforts that did not begin until March 28, 2011, culminating with the recording of the Notice of Trustee Sale on April 9, 2012.

Defendants allege there is no pattern of conduct alleged in the Complaint. This is simply not true. See Paragraph 6.1-6.5 that outlines several acts that each and every homeowner in Plaintiff's position suffers. The conduct of the servicers takes on fairly predictable patterns, of which this Court is well aware.

Defendants allege Plaintiff has not demonstrated damages. While the extent of Plaintiffs' damages has not been calculated with specificity, categories of damages are outlined in Paragraph 6.1-6.5 of the Amended Complaint herein.

In sum, Plaintiff has articulated a clear claim of violation of *RCW 9A.82*.

**F.  Fraud and Breach of Trustee's Duty of Good Faith by Chase and Northwest**

Included in Plaintiff's claim of "wrongful foreclosure" or, as the *Bain* court referred to it

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 23

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

"irregularities in the proceedings," Plaintiff has claims of fraud and breach of the Northwest Trustee's duty of good faith based on the allegations contained in the Complaint.

Northwest Trustee committed fraud even before being appointed successor trustee by Chase.  At the time Northwest Trustee prepared, executed and recorded the Assignment of Deed of Trust, it knew or should have known that MERS never holds the notes it "registers".  Without first obtaining the express authority from the true and lawful owner and holder of the Note and Deed of Trust, as is asserted by Plaintiff, Northwest acted unlawfully and fraudulently.  Further, Northwest Trustee knew or should have known that the Assignment of Deed of Trust was executed without the authority of the true and lawful owner and holder of the obligation and reliance on the declaration of the party who benefited from the fraud violates Northwest's duty of good faith.  At the very least, Northwest should have inquired as to the identity of the true and lawful owner and holder of the obligation to obtain their ratification of their actions, but this does not appear to have been done.  See *RCW 61.24.030(7)*.

Based upon the facts alleged in the Complaint, it is clear that a cause of action has been articulated for fraud and breach of the trustee's duty of good faith (*RCW 61.24.010*) against Northwest Trustee.

### III.   CONCLUSION

On the basis of the foregoing, there are numerous reasons to deny Defendants' Motion to Dismiss.

*First*, neither MERS nor its assignee, Chase, were proper "beneficiaries" under *RCW 61.24.005(2)*.  MERS never obtained the express authorization of its undisclosed principal, the true and lawful owner and holder of the subject obligation, to assign the Deed of Trust and purportedly assigned the Deed of Trust without assignment of the Note, thus separating the Note

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS   - 24

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

from the Deed of Trust.  Chase, regardless of the validity of MER's assignment, was not the true and lawful holder and owner of the debt when Northwest Trustee, acting on behalf of Chase, attempted to enforce the subject debt.

*Second*, Northwest Trustee has never been a proper "trustee" under *RCW 61.24.010* and *RCW 61.24.020* as its appointment was predicated upon the unlawful and unauthorized assignment of the Deed of Trust from MERS to Chase.  Moreover, as argued above, Northwest Trustee has violated its duty of "good faith."

*Third*, no Defendant named herein has ever obtained the express authority of the true and lawful owner and holder of the subject Note and Deed of Trust to take any action against Plaintiff, including, without limitation, the declaration of a default (*RCW 61.24.030*) or the appointment of a successor trustee (*RCW 61.24.010*) which acts are specifically reserved for the beneficiary of the obligation, which status no Defendant named herein has ever obtained.

*Fourth*, Defendants have violated the WCPA by knowingly enforcing a debt that is not rightfully theirs.  See *Bain*.

*Fifth*, Defendant Chase, and its agent Northwest Trustee, have violated *§807*of the Fair Debt Collection Practices Act as result of threatening and continuing to threaten to take non-judicial action to dispossess Plaintiff of his property without a present right to possession.

Accordingly, Moving Defendant's Motion for Dismissal should be denied.

**RESPECTFULLY SUBMITTED** this 29th day of November, 2012.

KOVAC & JONES, PLLC

Richard Llewelyn Jones, WSBA No. 12904
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 25

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

# DECLARATION OF SERVICE

The undersigned makes the following declaration:

1.      I am now and have been at all times mentioned herein a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to this action and I am competent to testify herein.

2.      That on November _____, 2012, I caused a copy of Plaintiff's Response to Motion to Dismiss to be served to the following in the manner indicated:

| | | |
|---|---|---|
| William K. Rasmussen, WSBA No. 20029 | _____ | Facsimile |
| Matthew Sullivan, WSBA No. 40873 | _____ | Messenger |
| DAVIS WRIGHT TREMAINE LLP | _____ | U.S. 1st Class Mail |
| 1201 Third Avenue, Suite 2200 | _____ | Overnight Courier |
| Seattle, WA 98101-3045 | X | Electronically |
| (206) 757-8125 | | |
| Attorneys for JPMorgan Chase, Mortgage | | |
| Electric Registration System, Inc., and the | | |
| Federal National Mortgage Association | | |
| | | |
| Heidi Buck Morrison, WSBA No. 41769 | _____ | Facsimile |
| ROUTH CRABTREE OLSEN, P.S. | _____ | Messenger |
| 13555 SE 36th St., Ste 300 | _____ | U.S. 1st Class Mail |
| Bellevue, WA 98006 | _____ | Overnight Courier |
| (425)458-2121 | X | Electronically |
| Attorney for Northwest Trustee services, Inc. | | |

DATED this _29th_ day of November, 2012.

_Marie Kamerer_
Marie Kamerer
Legal Assistant

PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  - 26

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322