THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>Plaintiff,<br><br>v.<br><br>CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise ; JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10,<br><br>Defendants. | NO. C12-1474 MJP<br><br>MOTION FOR REMAND<br><br>NOTE ON MOTION CALANDER:<br><br>December 28, 2012 |

TO:   THE HONORABLE MARSHA J. PECHMAN, U.S. District Court Judge; and
TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## I. MOTION

**COMES NOW** the Plaintiff, RICHARD J. ZALAC, by and through his attorney, KOVAC & JONES, PLLC, moves the Court for an order remanding these proceedings to the King County Washington Superior Court, from which these proceedings were removed on or about August 29, 2012, pursuant to *28 USC § 1367(c)*.

MOTION FOR REMAND
Page 1

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## II. STATEMENT OF FACTS

3.1 On July 11, 2012, the above-captioned matter was filed in King County Superior Court under King County Superior Court Cause No. 12-2-23547-3 KNT. Plaintiff's Complaint raised predominately issues of State law, including action for "irregularities in the proceedings" (wrongful foreclosure), *RCW 61.24 et seq*, violation of the Washington State Criminal Profiteering Act (hereinafter "Little RICO"), *RCW 9A.82 et seq.* and violation of the Washington State Consumer Protection Act (hereinafter "WCPA"), *RCW 19.86, et seq*. As a basis for alleging a *per se* violation of the WCPA, Plaintiff raised a claim for violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 USC 1962, et seq* and Real Estate Settlement Procedures Act (hereinafter "RESPA"), *12 USC § 2605 (e)*. A true and correct copy of Plaintiff's Summons and Complaint is attached to Verification of State Court Records, on file herein. (Dkt. No.3, Exhibit "A")

3.2 On Aug 29, 2012, counsel for Defendants filed a Notice of Removal.

## III. STATEMENT OF ISSUES

Should this Court decline supplemental jurisdiction when the Complaint raises novel and predominantly questions of state law?

## IV. STATEMENT OF LAW AND ANALYSIS

Pursuant to the provisions of *28 U.S.C. § 1441(b)*, an action may be removed to federal court if it is a civil action founded on a claim or right arising under the laws of the United States. However, "[f]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 229, 110 S.Ct. 596, 606-07, 107 L.Ed.2d 603 (1990). Indeed, a district court may decline to exercise supplemental jurisdiction of the state law claims if:

MOTION FOR REMAND
Page 2

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*28 USC § 1367(c).*

The existence of subject matter jurisdiction is determined under the "well pleaded complaint rule." *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct., 96, 81 L.Ed. 70 (1936). To establish federal question jurisdiction, the moving defendants bear the burden of demonstrating that a substantial question of federal law is raised in the complaint. The mere allegation that a federal statute has been violated is not sufficient for the court to retain jurisdiction. *See, e.g., Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 (4th Cir.1994).

As noted above, a district court can decline to exercise supplemental jurisdiction over a state claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *28 USC § 1367(c)(2)*. Although a federal court has "wide latitude to decide ancillary questions of state law[, this] does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

MOTION FOR REMAND
Page 3

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

The issue of whether supplemental jurisdiction should be exercised over plaintiffs' state law claims may be examined *sua sponte*. "[P]endent [or supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." *United Mine Workers of America v. Gibbs*, *supra*. at page 726. See also *Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in *§ 1367(c)*, it is informed by the *Gibbs* values 'of economy, convenience, fairness and comity.'").

The state law claims in the present controversy overshadow and "substantially predominates" over the federal law claims as to clearly trigger paragraph (2) of *28 USC § 1367*. Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be [remanded] and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, *supra*. at 727. "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Ibid*.

Plaintiff's claims include actions for violations of the WCPA (under state law), violation of the Little RICO (under state law), and claims for "irregularities in the proceedings" (wrongful foreclosure), *RCW 61.24 et seq*, (under state law). All of Plaintiff's federal claims (under FDCPA and RESPA) are ancillary and an "appendage" to Plaintiff's WCPA claims.

The fundamental issue that underlies all of Plaintiff's claims in this case involves the efficacy of a Note and Deed of Trust in which MERS was named by the original lender as the "beneficiary" under the security agreement. The propriety of lender's utilization of MERS as a beneficiary in security agreements has recently been addressed in the case of *Bain v. Metropolitan Mortgage Group, et al.*, 175 Wn.2d 83, 285 P.3d 34 (2012) and continues to be a

MOTION FOR REMAND
Page 4

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

novel, complex and emerging area of interest under Washington law. Other Judges within this District have remanded similar "MERS" cases, favoring state court action to address the MERS issue over federal action. In a recent order involving another "MERS" case, Judge John C. Coughenour declined to exercise supplemental jurisdiction over the state-law claims where the plaintiff amend his complaint to add the FDCPA claims, because "they ─raise[] . . . novel or complex issue[s] of State law‖ and would ─substantially predominate[] over the [FDCPA] claim.‖ *28 U.S.C. § 1367(c)(1)–(2)." *Selkowitz v. Litton Loan Servicing, LP, et al.*, (C10-5523-JCC) (Dkt. No. 55).[1]

## V. RELIEF

For the reasons stated hereinabove, this Court is respectfully requested to decline supplemental jurisdiction of this matter and remand this action back to the King County Superior Court for adjudication.

**RESPECTFULLY SUBMITTED** this 3rd day of December, 2012.

KOVAC & JONES, PLLC

_____
Richard Llewelyn Jones, WSBA # 12904
Attorney for Plaintiff

---

[1] Other Judges in the Western District of Washington have declined supplemental jurisdiction of similar "MERS" cases for similar reasons. See *Knutson v. LSI Title Agency, et al.* (C10-1835-RSM) (Dkt. 14).

MOTION FOR REMAND
Page 5

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## **CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury of the laws of the State of Washington that on this _____ day of December, 2012, I caused to be delivered a copy of the foregoing **MOTION FOR REMAND** to the following in the manner indicated:

| | | |
|---|---|---|
| William K. Rasmussen, WSBA No. 20029<br>Matthew Sullivan, WSBA No. 40873<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>(206) 757-8125<br>Attorneys for JPMorgan Chase, Mortgage Electric Registration System, Inc., and the Federal National Mortgage Association | _____<br>_____<br>_____<br>_____<br>__X__ | Facsimile<br>Messenger<br>U.S. 1st Class Mail<br>Overnight Courier<br>Electronically |
| Heidi Buck Morrison, WSBA No. 41769<br>ROUTH CRABTREE OLSEN, P.S.<br>13555 SE 36th St., Ste 300<br>Bellevue, WA 98006<br>(425)458-2121<br>Attorney for Northwest Trustee services, Inc. | _____<br>_____<br>_____<br>_____<br>__X__ | Facsimile<br>Messenger<br>U.S. 1st Class Mail<br>Overnight Courier<br>Electronically |

**DATED** this _____ day of December, 2012.

_____
Susan Rodriguez, Para Legal

MOTION FOR REMAND
Page 6

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322