The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>                                   Plaintiff,<br><br>   v.<br><br>CTX MORTGAGE CORPORATION, a Delaware corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise; JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and DOE DEFENDANTS 1-10,<br><br>                                   Defendants. | No. 12-01474-MJP<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS**<br><br>**NOTED ON MOTION CALENDAR: December 7, 2012** |

## I.     INTRODUCTION

Defendant Northwest Trustee Service Inc. ("NWTS") submits the following in reply to Plaintiff's Response to Defendants' Federal National Mortgage Association ("FNMA"), JPMorgan Chase Bank, NA ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Moving Defendants") Motion to Dismiss and NWTS' Joinder and Supplement therein. Defendant NWTS incorporates the Moving Defendants Reply, in entirety, as if fully set forth herein and offers the following in supplement thereof.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS - Page 1 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.  REPLY ARGUMENT

### A. Plaintiff still fails to state a claim for Wrongful Foreclosure against NWTS.

As discussed in the Moving Defendants' Motion to Dismiss and NWTS' Joinder and Supplement, no cause of action for wrongful initiation foreclosure is recognized in Washington where no trustee's sale has occurred. *Vawter v. Quality Loan Serv. Corp. of Washington*, 707 F. Supp. 2d 1115, 1123 (W.D. Wash. 2010); *see also Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009); *Krienke v. Chase Home Fin., LLC*, 140 WN. App. 1032, 2007 WL 2713737, at *5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at *5 (W.D. Wash. Apr. 10, 2008) (holding that plaintiff's claim for wrongful foreclosure under the WDTA failed because, among other things, no foreclosure occurred).  Plaintiff has not alleged a trustee's sale has occurred, and therefore Plaintiff's wrongful initiation of foreclosure claim (no matter what Plaintiff calls the claim) fails. Furthermore, Plaintiff's Response fails to set forth any facts or law to state a claim against NWTS.

#### 1. Plaintiff's allegations relating to the Notice of Default are insufficient to state a claim.

Plaintiff alleges that the Notice of Default was defective because (1) NWTS confused the beneficiary with the owner and holder, (2) NWTS did not identify the "true holder" in the Notice of Default, and (3) the Declaration by Chase attached to the Notice of Default failed to identify the beneficiary. Dkt. 23 at Pgs. 3-4.

Chase is the Note holder in possession of the Note and therefore the beneficiary entitled to enforce the terms of the Deed of Trust. *See* Dkt. 17 at Pg. 10; *see also* RCW 61.24.005(2). Plaintiff concedes the Notice of Default, sent by NWTS as Chase's agent, identified Chase as the beneficiary. Plaintiff's focus on "ownership" is misplaced. "The issue of ownership, however, is largely immaterial...[b]ecause under Washington law the focus of the analysis is on who is the holder of the note, and thus the beneficiary under the [DTA], Plaintiff's concern should be

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 2 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  whether he knows who to pay." *In re Reinke*, BR 09-19609, 2011 WL 5079561 at *11 (Bankr.
2  W.D. Wash. Oct. 26, 2011) (citing *Veal v. American Home Mortg. Servicing, Inc. (In re Veal)*,
3  450 B.R. 897, 912 (9th Cir. BAP 2011)).

4  As an additional basis for Plaintiff's wrongful foreclosure claim and assertion that NWTS
5  breached its duty of good faith, Plaintiff alleges the Declaration attached to the Notice of Default
6  failed to identify the beneficiary.

7  RCW 61.24.031 mandates the beneficiary or its authorized agent satisfy certain due
8  diligence requirements prior to the issuance of the notice of default. RCW 61.24.031(9)
9  mandates the form of the declaration that must provided by the beneficiary or its authorized with
10 the notice of default to evidence the due diligence requirements have been satisfied. *See* RCW
11 61.24.031(9) ("The form of **declaration to be provided by the beneficiary or authorized**
12 **agent** as required under subsection (2) of this section must be in substantially the following
13 form.") (Emphasis added). Thus, contrary to Plaintiff's assertion, there is no requirement that the
14 beneficiary be identified in the Declaration. Thus, such an allegation cannot form the basis of a
15 claim against any Defendant. Moreover, as discussed in NWTS' joinder and supplement, NWTS
16 was entitled to rely on the declaration it received from Chase and was under no obligation to
17 undertake a secondary investigation into to veracity of the declaration or to second guess
18 representations made in the declaration. See *Mickelson v. Chase Home Fin. LLC*, 2011 WL
19 555382, *3 (W.D. Wash. Nov. 14, 2011).

20  **2. Plaintiff's allegations relating to the Notice of Trustee's Sale are insufficient
21  to state a claim.**

22  Plaintiff's allegation that the Notice of Trustee's Sale was executed and recorded without
23 the authority of the true owner and holder of the Note is premised on the erroneous conclusion
24 that Chase was not the Note holder and was not entitled to appoint NWTS successor trustee.
25 Because Chase was the Note holder and therefore beneficiary entitled to enforce the terms of the
26 Deed of Trust, and because NWTS was appointed successor trustee by Chase, the Note holder

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 3 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

and beneficiary, NWTS' execution and recordation of the Notice of Sale was proper and authorized.

### B. Plaintiff still fails to state a claim under the CPA as to NWTS.

The only allegations supporting Plaintiff's CPA claim that reasonably relates to conduct by NWTS is Plaintiff's allegation that NWTS identified Chase as beneficiary in the Notice of Default but that 16 days later Chase, not NWTS, advised Plaintiff the obligation had been sold to Fannie Mae.

There was no deceptive act or practice to support a CPA claim. In Washington, "Beneficiary" is defined as the holder of the instrument or document evidencing the obligation secured by the deed of trust. RCW 61.24.005(2). A promissory note is a negotiable instrument. RCW 62A.3-104. Under the Uniform Commercial Code, as adopted in Washington, a "[p]erson entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). RCW 62A.3-301. A person may be a person entitled to enforce the instrument even though the person is not the owner[1] of the instrument or is in wrongful possession of the instrument. *Id*. "Holder" status may be evidenced by physical possession of the note, which has either been endorsed to that person or endorsed in blank. RCW 62A.1-201.

There is nothing inconsistent or wrongful about identifying Chase as the Note holder even if Fannie Mae was the note owner. The holder and owner need not be one in the same, and the holder is entitled to enforce a negotiable instrument even where it is not the owner. *See* RCW 62A. RCW 62A.3-301. Moreover, as an agent to Chase at the time the Notice of Default was issued, NWTS was entitled to rely on representations from its principal, Chase, that it was the beneficiary.

---

[1] "The issue of ownership, however, is largely immaterial...[b]ecause under Washington law the focus of the analysis is on who is the holder of the note, and thus the beneficiary under the [DTA], Plaintiff's concern should be whether he knows who to pay." *In re Reinke*, BR 09-19609, 2011 WL 5079561 at *11 (Bankr. W.D. Wash. Oct. 26, 2011) (citing *Veal v. American Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir. BAP 2011)).

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 4 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    The CPA claim also fails because even if Plaintiff has alleged a deceptive act or practice by NWTS, Plaintiff has not alleged any injury caused by the alleged deceptive representation in the Notice of Default. The Notice of Default is a notice sent directly to the borrower at the subject property and posted at the subject property. *See* RCW 61.24. It is not recorded with the county auditor or made "public" by any other means. Here, Plaintiff alleges he was damaged as a result of a reduction of his ability to sell the house after the <u>notice of sale</u>[2] was recorded, a reduction of his equity when the <u>notice of sale</u> was recorded, damage to his credit, and an inability to take advantage of the Truth in Lending Act. None of the injuries alleged by Plaintiff are related to the representations made in the Notice of Default.

**C. Plaintiff still fails to state a claim under the FDCPA as to NWTS.**

The express purpose of the FDCPA is to "eliminate abusive debt collection practices by *debt collectors*, to insure that those *debt collectors* who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). To accomplish its purpose, the FDCPA prohibts a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at § 1692e. Representations falling within the ambit of the FDCPA include "false representation[s] of (A) the character, amount, or legal status of any debt; (B) or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." *Id.* at § 1692e(2). Also included is the "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* at § 1692e(5).

Although not present in Plaintiff's amended complaint, Plaintiff now alleges NWTS violated 15 USC 1692 by asserting it was acting as the trustee under RCW 61.24 *et seq*. and

---

[2] To the extent, Plaintiff claims a CPA claim stems for the recordation of the Notice of Trustee's Sale, as discussed herein, NWTS was entitled to record the Notice of Sale as the successor trustee. Moreover, Plaintiff does not deny he defaulted on his loan. The nonjudicial foreclosure process, including the recordation of the notice of sale, was the consequence of default Plaintiff contracted for in the Deed of Trust. Accordingly, to the extent Plaintiff was injured by the recordation of the Notice of Sale, such injury was a direct result of his default.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 5 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

violated 15 USC 1692(f)(6) by threatening to take nonjudicial action to effect dispossession of the Plaintiff's interest in his home without proof of being the actual holder. Dkt. 23 at Pg. 21. Plaintiff's FDCPA claim is wholly premised on the allegation that Chase was not the Note holder and beneficiary entitled to enforce the terms of the Deed of Trust and therefore NWTS was not entitled to act as its agent in transmitting the Notice of Default or as trustee after Chase appointed NWTS successor trustee. As discussed at length, the allegations are without merit. Even if Plaintiff's allegations were not meritless, Plaintiff's claim fails as a matter of law because NWTS is not a "debt colletor" under the FDCPA.

### 1. NWTS is not a "debt collector" under the express language of the FDCPA.

The FDCPA clearly defines a "debt collector" as one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).[3] The FDCPA further defines a "debt" as any "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money [or] property . . . which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* at § 1692a(5). Washington courts have held, however, that a nonjudicial foreclosure proceeding is not the collection of a debt for purposes of the FDCPA. *See Roman v. Nw. Tr. Services, Inc.,* C10-5585BHS, 2010 WL 5146593 *3 (W.D. Wash. Dec. 13, 2010); *Fong v. Prof'l Foreclosure Corp.*, 2005 WL 3134059 (W.D. Wash. Nov. 22, 2005). The reasoning behind the holding is that foreclosing on a deed of trust is entirely different from collecting funds from a debtor as the object of a foreclosure action is enforcement of a security interest rather than seeking payment of funds. *See Hulse v. Ocwen*

---

[3] When defining a "debt collector," the FDCPA notes that "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). The effect of these two provisions is that an entity with the principal purpose of enforcing security interests is a "debt collector" *only* for purposes of section 1692f(6) but is not subject to the remainder of the FDCPA *unless* the entity also falls within the general definition of a "debt collector" set forth in section 1692a(6). *See Montgomery v. Huntington Ban*k, 346 F.3d 693 (6th Cir. 2003) (quoting *Jordan v. Kent Recovery Serv.*, 731 F.Supp. 652, 657 (D. Del. 1990)). As explained below, Section 1692f(6) is not applicable to NWTS. See *infra* III.B.3.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS - Page 6 of 14
CASE NO. 2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (any action taken in pursuit of actual foreclosure may not be challenged as a violation of the FDCPA). Numerous cases exist out of the Ninth Circuit that also adhere to this holding.[4] Similar holdings have also been adopted outside of the Ninth Circuit.[5]

Plaintiff points to no authority to support the proposition that NWTS is a "debt collector" subject to the FDCPA. NWTS, in its capacity as successor trustee, is not in the business of collecting, or attempting to collect, any debt but is merely seeking to *enforce* a security interest; therefore, Plaintiff's claims under the FDCPA fail as a matter of law.

### 2. Even if NWTS were a "debt collector" under the FDCPA, it did not engage in any "debt collection" activities.

Even if NWTS were a "debt collector" under the FDCPA, it has not engaged in any debt collection activity or made any statements in connection with the same. As explained above, a

---

[4] *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009) (nonjudicial foreclosure proceeding is not the collection of a debt for purposes of the FDCPA); *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184 (D. Ariz. 2009) (successor mortgagee who purchased loan and underlying promissory note from original mortgagee and initiated nonjudicial foreclosure not a "debt collector" under FDCPA). *See also Gonzalez v. CNA Foreclosure Service, Inc.,* 2011 WL 2580681 (S.D. Cal. 2011) (foreclosure process is the enforcement of an interest in property, not the collection of a debt.); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, (S.D. Cal. 2008) (plaintiff failed to state a claim against trustee because as a trustee pursuant to a deed of trust it is not a debt collector under the FDCPA); (*Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); *Miller v. Wells Fargo Home Mortg.*, 2010 WL 3431802 (E.D.Cal. 2010) (claim that nonjudicial foreclosure on subject property violates the FDCPA held not to be a cognizable claim); *Powell v. Residential Mortg. Capital*, 2010 WL 2133011 (N.D. Cal. 2010) (foreclosure by trustee is not enforcement of the obligation because it is not an attempt to collect funds from debtor); *Barbanti v. Quality Loan Serv. Corp.*, 2007 WL 26775 (E.D. Wash. 2007) (foreclosing on trust deed is distinct from the collection of the obligation to pay money).

[5] *See e.g., Brown v. Morris*, 243 Fed. Appx. 31, 35-36 (5th Cir. 2008) ("[F]oreclosure is not *per se* FDCPA debt collection" and no error in jury instruction that "[o]rdinarily, the mere activity of foreclosing… under a deed of trust is not the collection of a debt within the meaning of the [FDCPA] unless other actions are taken beyond those necessary to foreclose under the deed of trust, and were taken in an effort to collect a debt."); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (repossession agency does not fall within definition of "debt collector"); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (FDCPA does not apply to nonjudicial foreclosure); *Heinemann v. Jim Walter Homes, Inc*., 47 F. Supp 2d 716 (D. W. VA. 1998) (trustee not collecting on debt but merely foreclosing on the property pursuant to the deed of trust, sucy activities do not fall within the terms of the FDCPA), *aff'd,* 173 F. 3d 850 (4th Cir. 1999); *Oldroyd v. Associates Consumer Discount Co*., 863 F. Supp. 237 (E.D. Pa. 1994) (mortgage company is not a "debt collector" under FDCPA) *Beadle v. Haughey,* 2005 WL 300060, at *3 (D.N.H. 2005) ("[N]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA.").

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 7 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  nonjudicial foreclosure action is not debt collection.  Plaintiff provides no evidence that the
2  conduct of NWTS equated to "debt collection."  NWTS' actions in this case included only that
3  which was required to accomplish a nonjudicial foreclosure.

4  NWTS did not engage in debt collection activity by mailing a notice of default.  Notices
5  of default are contemplated by the terms of the underlying Note and Deed, required under the
6  DTA to give notice of the pending foreclosure, and serve to notify the borrower of the default.
7  See RCW 61.24.030(8).  If transmitting a notice of default were considered "debt collection,"
8  then every nonjudicial foreclosure proceeding in Washington State would give rise to a *per se*
9  FDCPA violation upon the issuance of such notices.  Moreover, the Ninth Circuit has held in
10 unpublished opinions that mailing a notice of default to the defaulting debtor is not a violation of
11 the FDCPA.  *See Kazen v. Premier Mortg. Servs. of Wash., Inc*., 78 Fed.Appx. 586, 587, 2003
12 WL 22359610, *1 (9th Cir. 2003) (plaintiff failed to state a claim under the FDCPA where the
13 lender took no action to collect the debt after it mailed the initial "notice of default"); *Santoro v.*
14 *CTC Foreclosure Serv. Corp*., 12 Fed.Appx. 476, 480, 2001 WL 275008 (9th Cir. 2001)
15 ("statutorily required notice of [a] pending foreclosure sale" did not violate the FDCPA where
16 the notice did not seek to collect the debt); *see also Maynard v. Cannon,* No. 08–4181, 2010 WL
17 4487113, at *5 (10th Cir. Nov. 10, 2010).

18 Similarly, neither the Assignment of Deed of Trust nor the Notice of Trustee's Sale
19 sought to recover any funds from Plaintiff.  The purpose of a recorded assignment is to put
20 parties who subsequently purchase an interest in the property on notice of which entity owns a
21 debt secured by the property.  *See* RCW 65.08.070. The purpose of a notice of trustee's sale is to
22 protect other creditors who may claim an interest in the Property.  Plaintiff will be unable to
23 establish that NWTS undertook any action, beyond that necessary to nonjudicially foreclosure
24 the Deed of Trust, in an effort to collect a debt.  Therefore, Plaintiff's claim fails as a matter of
25 law.

26

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 8 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### 3. Even if a "debt collector," NWTS did not violate the FDCPA because the communications from NWTS was not debt collection.

Even if the Court were to decline to follow the majority of courts and determine that foreclosure of a security interest is the collection of debt, communications that suggest loan workout options and a notice of pending foreclosure sale required by statute is not debt collection. *Santoro v. CTC Foreclosure Service*, 12 Fed.Appx. 476, 480, 2001 WL 275008, 4 (Cal. (9th Cir. 2001) (citing *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 389 (7th Cir.1998) ("A warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstances wherein payments are missed and a real dun must be mailed.")).

Even if NWTS is characterized as a debt collector as defined under the FDCPA, the Notices sent by NWTS were not attempts to collect the debt. Rather, the Notices, required under the state foreclosure law, notified Plaintiff of his default and pending foreclosure and were in furtherance of the foreclosure of the properties pursuant to the deeds of trust.

### 4. NWTS did not violate 15 USC 1692f(6).

Section 1692f(6) of the FDCPA prohibits the "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* at § 1692f(6)(A).

Courts have held that to analyze whether a defendant violated 15 U.S.C. 1692f(6), the court must look to state law to determine whether the party had a "present right to possession." *Pflueger v. Auto Fin. Group, Inc.*, CV-97-9499 CAS(CTX), 1999 WL 33740813 (C.D. Cal. Apr. 26, 1999) (citing *Clark,* 889 F.Supp. at 546; *James v. Ford Motor Credit Co.,* 842 F.Supp. 1202, 1207 (D.Minn.1994)). Here, the Uniform Commercial Code, Article 3, is the applicable Washington authority to determine who is entitled to enforce a promissory note and trust deed. *Bain v. Metro. Mortg. Group, Inc.*, 86206-1, 2012 WL 3517326, *9-10 (Wash. Aug. 16, 2012).

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 9 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  Under Article 3, that person is the "person in possession [of the note] if the instrument [note] is
2  payable to bearer." *Id.* (quoting RCW 62A.1-201(20)). And, it is a well settled principle of law
3  in Washington that the security follows the debt with or without assignment as a matter of law.
4  *Fidelity & Deposit v. Ticor*, 88 Wn. App. 64, 69 (1997); *In re Jacobson*, 402 B.R. 359, 367
5  (Bankr. W.D. Wash. 2009) ("transfer of the note carries … the security"); *Leisure Time Sports v.
6  Wolfe*, 194 B.R. 859, 861 (9th Cir. B.A.P. 1996) (citing *Carpenter v. Longan,* 83 U.S. 271, 275,
7  21 L.Ed. 313 (1872)).

8  Because Chase is the note holder, Chase has the right to possession for purposes of 15
9  U.S.C. 1692f(6). Accordingly, NWTS' conduct did not violate 15 U.S.C. 1692f(6). Prior to being
10 appointed successor trustee in April 2012, NWTS mailed and posted the Notice of Default as the
11 duly authorized agent of Chase. Agency relationships are a long-established part of
12 Washington's common law. *Moss v. Vadman*, 463 P.2d 159, 164 (Wash. 1970) (en banc). And,
13 the Washington's Deed of Trust Act expressly contemplates that the actions of the trustee or
14 beneficiary will be performed by authorized agents. *See* RCW 61.24.031; *see also* RCW
15 61.24.040(4). *Buse v. First American Title Insurance Company*, 2009 WL 4053509
16 (W.D.Wash.). As an agent of Chase and for purposes of the Notice of Default, NWTS was
17 entitled to rely on the representations of Chase that it was the Note holder entitled to enforce the
18 obligation. There is no independent requirement that NWTS obtain some additional "proof" of
19 Chase's holder status beyond that of Chase's representation, and Plaintiffs have cited no
20 authority for such a proposition. Accordingly, NWTS' conduct in transmitting the Notice of
21 Default on behalf of the Note holder in response to Plaintiff's default was not violative of
22 1692f(6).

23 At all times after April 9, 2012, NWTS was the successor trustee under the Deed of
24 Trust. Pursuant to the terms of the Deed of Trust, the trustee (and any successor trustee) has the
25 power of sale. *See* Dkt. 29 (Ex. B) at ¶ 24. Upon the borrower's breach of any covenant (which
26 includes default), the lender may invoke the power of sale. The lender shall give written notice to

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 10 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

the trustee of the default and of the lender's election to cause the property to be sold, and following proper notice the trustee shall sell the property at public auction. *See* Dkt. 29 (Ex. B) at ¶ 22.

In *Burnett*, the Court held that the trustee had a "present right to possession" for purposes of 1692f(6) pursuant to the appointment of successor trustee and terms of the Deed of Trust, which provides the lender and trustee wide latitude to take any action necessary in the face of a borrowers' default. *Burnett v. Mortgage Electronic Registration Systems, Inc.,* 2009 WL 3692294 (D. Utah 2009).

While the DTA requires the trustee obtain additional proof prior to issuance of a notice of sale to comply with the DTA, the FDCPA contains no similar proof requirement. Thus, like an agent, for purposes of compliance with the FDCPA, a successor trustee may rely on representations by the beneficiary that the beneficiary is, in fact, entitled to enforce the debt and security instrument. Here, Chase represented itself as beneficiary to NWTS and appointed NWTS successor trustee under the Deed of Trust. NWTS was entitled to rely on such representations, and cannot be liable for violation of 1692f(6) when, in fact, it acted as successor trustee for Chase who is the Note holder.

**D. Plaintiff still fails to state a claim for fraud or breach of duty of good faith as to NWTS.**

Plaintiff alleges, for the first time, that NWTS committed fraud when it prepared, executed, and recorded the Assignment of Deed of Trust. First, Plaintiff's own Amended Complaint concedes that MERS executed the Assignment of Deed of Trust not NWTS. *See* Amended Complaint, ¶ 3.10 ("On February 3, 2012, an Assignment of Deed of Trust was allegedly executed by MERS."). Thus, execution of the Assignment of Deed of Trust[6] cannot give rise to a fraud claim as to NWTS.

---

[6] In any event, Plaintiff lacks standing to challenge the assignment from MERS to Chase because he is not a party to or third-party beneficiary to the assignment. *See In re Mortg. Elec. Reg. Sys. (MERS) Litig.*, 2011 WL 4550189, *4-5 (D. Ariz. 2011).

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 11 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Second, as discussed in the Moving Defendants Motion to Dismiss, the preparation, execution, and recordation of the Assignment does not affect the borrower's relationship with his lender and the authority of both Chase and NWTS in this case was derived from Chase's possession of the Note, not from an assignment of deed of trust. *See* Dkt. 17, Pg. 4, Lines 20-22 and Pg. 5, Lines 1-17.  Accordingly, even if Plaintiff could establish an assignment was prepared or recorded by NWTS without proper authority, because the assignment is not material (it was not relied on for authority), it cannot support a fraud claim.

### III.    CONCLUSION

Based on both the facts and argument set forth in the Moving Defendants' Motion and the foregoing argument, Defendant NWTS respectfully request that this court enter an Order of dismissal dismissing Plaintiff's Amended Complaint as to NWTS.

DATED this 7th day of December, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

 /s/  Heidi Buck Morrison
Heidi Buck Morrison, WSBA #41769
Attorneys for Northwest Trustee Services, Inc.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS - Page 12 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**Declaration of Service**

The undersigned makes the following declaration:

1. I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2. That on December 7, 2012, I caused a copy of **Defendant Northwest Trustee Services, Inc.'s Reply in Support of Joinder in and Supplement of Defendants Chase, MERS, and FNMA's Motion to Dismiss,** to be served to the following in the manner noted below:

| | |
|---|---|
| Richard Llewelyn Jones<br>Kovac & Jones, PLLC<br>2050 112th Ave. NE, Suite 230<br>Bellevue, WA  98004<br><br>Attorneys for Plaintiff Richard J. Zalac | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |
| William Rasmussen<br>Matt Sullivan<br>Davis Wright Tremaine, LLP<br>1201 Third Ave., Suite 2200<br>Seattle, WA  98101-3045<br><br>Attorneys for Defendants JPMorgan Chase, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Corporation | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |

//

//

//

///

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S
REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT
OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION
TO DISMISS - Page 13 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

| Neil A. Dial<br>Tim J. Filer<br>Foster Pepper, PLLC<br>1111 Third Ave., Suite 3400<br>Seattle, WA  98101-3299<br><br>Attorneys for Defendant CTX Mortgage Corporation | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  ECF Electronic Notification |
|---|---|

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 7th day of December, 2012.

                                                   /s/  Kristine Stephan
                                                  Kristine Stephan, Paralegal

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY IN SUPPORT OF JOINDER IN AND SUPPLEMENT OF DEFENDANTS CHASE, MERS, AND FNMA'S MOTION TO DISMISS - Page 14 of 14
CASE NO.  2:12-cv-01474-MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131