The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC, | No. C12-1474 MJP |
| Plaintiff, | REPLY IN SUPPORT OF MOTION TO DISMISS BY CHASE, MERS AND FANNIE MAE |
| v. | |
| CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise, JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC,. a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10, | ***Noted for Consideration*:** **DECEMBER 7, 2012** |
| Defendants. | |

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP)
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**Table of Contents**

I.     INTRODUCTION AND SUMMARY OF REPLY ................................................................ 1

II.    RESTATEMENT OF RELEVANT FACTS ...................................................................... 1

III.   ARGUMENT ...................................................................................................................... 1

    A.   Plaintiff's Claims Are Premised On Misstatements of The Law. ....................................... 1

        1.   The Beneficiary of a Deed of Trust Includes the Entity Physically in Possession of a Note Endorsed in Blank. ......................................................................................... 1

        2.   Plaintiff's Re-Cast "Show Me The Note" Argument Still Fails. ...................................... 4

    B.   Plaintiff Effectively Concedes His RESPA Claim Is Meritless. .......................................... 4

    C.   Washington Does Not Recognize A Wrongful Foreclosure Initiation Claim. .................... 5

    D.   Plaintiff's CPA Claim Fails. ................................................................................................. 9

        1.   *Bain* Does Not Help Plaintiff Satisfy The First Two CPA Prongs. .................................. 9

        2.   Plaintiff Identifies No Compensable Injury. .................................................................. 10

    E.   Plaintiff Fails to Allege Facts Supporting His Criminal Profiteering Claim. .................... 11

    F.   Plaintiff Fails to Allege Facts Supporting His FDCPA Claim. ......................................... 12

        1.   Defendants Are Not Debt Collectors. ............................................................................. 12

        2.   No Facts Suggest Deceptive or Misleading Conduct. .................................................... 12

IV.    CONCLUSION ................................................................................................................ 12

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — i
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bain v. OneWest Bank, FSB*,
    2011 WL 917385 (W.D. Wash. 2011) ........................................................................ 1, 5, 6

*Barnett v. TD Escrow Serv.*,
    2005 WL 1838623 (W.D. Wash. 2005) ............................................................................ 7

*Corales v. Flagstar Bank, FSB*,
    822 F. Supp. 2d 1102 (W.D. Wash. 2011) .................................................................... 3, 4

*De Dios v. Int'l Realty Inv.*,
    641 F.3d 1071 (9th Cir. 2011) .......................................................................................... 12

*Demarest v. Ocwen Loan Servicing, LLC*,
    2012 WL 4320115 (9th Cir. 2012) ................................................................................... 12

*Erickson v. Long Beach Mortg. Co.*,
    2011 WL 830727 (W.D. Wash. 2011) (Pechman, J.) ....................................................... 4

*Florez v. OneWest Bank, FSB*,
    2012 WL 1118179 (W.D. Wash. 2012) ............................................................................ 6

*Frase v. U.S. Bank, N.A.*,
    2012 WL 1658400 (W.D. Wash. 2012) (Robart, J.) ......................................................... 4

*Frazer v. Deutsche Bank Nat'l Trust Co.*,
    2012 WL 1821386 (W.D. Wash. 2012) (Leighton, J.) ...................................................... 4

*Henderson v. GMAC Mortg.*,
    2008 WL 1733265 (W.D. Wash. 2008), *aff'd* 347 Fed. Appx. 299 (2009) ....................... 6

*IndyMac Venture v. Silver Creek Crossing*,
    2010 WL 1138391 (W.D. Wash. 2010) ............................................................................ 7

*Kullman v. Nw. Tr. Serv. Inc.*,
    2012 WL 5922166 (W.D. Wash. Nov. 26, 2012) ............................................................. 9

*Lynott v. MERS, Inc.*,
    2012 WL 5995053 (W.D. Wash. Nov. 30, 2012) ............................................................. 9

*Pelzel v. First Sav. Bank Nw.*,
    2010 WL 3814285 (W.D. Wash. 2010) ............................................................................ 4

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — ii
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Pfau v. Wash. Mut. Inc.*,
 2009 WL 484448 (E.D. Wash. 2009) ................................................................................. 6

*Rhodes v. HSBC Bank USA, N.A.*,
 2011 WL 3159100 (W.D. Wash. 2011) (Bryan, J.) ............................................................ 4

*Salmon v. Bank of Am. Corp.*,
 2011 WL 2174554 (E.D. Wash. 2011) ............................................................................... 4

*Townsend v. Quality Loan Serv. Corp. of Wash.*,
 2012 WL 5330972 (W.D. Wash. 2012) ............................................................................. 9

*Tuttle v. Bank of New York Mellon*,
 2012 WL 726969 (W.D. Wash. 2012) (Martinez, J.) .......................................................... 4

*U.S. Bank NA v. Woods*,
 2012 WL 2031122 (W.D. Wash. 2012) (Settle, J.) ............................................................. 4

*Universal Life Church v. GMAC Mortg.*,
 2007 WL 1185861 (W.D. Wash. 2007) ............................................................................. 7

*In re Veal*,
 450 B.R. 897 (9th Cir. BAP 2011) ..................................................................................... 2

*Wallis v. IndyMac Fed. Bank*,
 717 F.Supp.2d 1195 (W.D.Wash.2010) ............................................................................. 4

**OTHER CASES**

*Albice v. Premier Mortg. Servs., of Wash. Inc.*,
 174 Wn.2d 560 (Stephens, J., concurring) ......................................................................... 6

*Bain v. Metro. Mortg. Group, Inc.*,
 175 Wn.2d 83 (2012) ................................................................................................. passim

*Benofsky v. Reg'l Tr. Serv. Corp.*,
 No. 12-2-16790-7SEA, Order on Mot. to Disimiss (King. Cnty. Sup. Ct. Sep. 7, 2012) ......... 9

*Bingham v. Lechner*,
 111 Wn. App. 118 (2002) ................................................................................................... 7

*Brown v. Household Realty Corp.*,
 146 Wn. App. 157,170-71 (2008) ...................................................................................... 8

*Cox v. Helenius*,
 103 Wn.2d 383 (2985) ........................................................................................................ 7

*Friends of Snoqualmie Valley v. King Cnty. Boundary Review Bd.*,
 118 Wn.2d 488 (1992) ........................................................................................................ 8

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — iii
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax


*In re Marriage of Kaseburg*,
   126 Wn. App. 546 (2005) ................................................................................................ 7

*Kitsap County v. Allstate Ins. Co.*,
   136 Wn.2d 567 (1998) .................................................................................................... 5

*Lunsford v. Saberhagen Holdings, Inc.*,
   166 Wn.2d 264 (2009) .................................................................................................... 7

*Olsen v. Pesarik*,
   118 Wn. App. 688 ( 2003) ........................................................................................... 6, 7

*Peoples Nat'l Bank of Wash. v. Ostrander*,
   6 Wn. App. 28 (1971) ................................................................................................. 6, 8

*Peterson v. Citibank, N.A.*,
   2012 WL 4055809 (Wn. App. 2012) ............................................................................ 11

*Riehl v. Foodmaker, Inc.*,
   152 Wn.2d 138 (2004) .................................................................................................... 7

*Sheldon v. Am. States Preferred Ins. Co.*,
   123 Wn. App.12 (2004) ................................................................................................ 11

*Sloan v. Horizon Credit Union*,
   167 Wn. App. 514 (2012) ............................................................................................... 6

*State v. Schwab*,
   103 Wn.2d 542 (1985) .................................................................................................... 8

*Taylor v. Premier Mortg. Serv. Of Wash. Inc.*,
   122 Wn. App. 1039, 2004 WL 1658626 ( 2004) ............................................................ 8

*Udall v. T.D. Escrow Servs., Inc.*,
   132 Wn. App. 290 (2006) *rev'd on other grounds*, 159 Wn.2d 903 (2007) ................ 6, 7

*Vawter*, 707 F. Supp. 2d at 1129-30 ......................................................................................... 7, 8

*Whatcom Co. v. City of Bellingham*,
   128 Wn.2d 537 (1996) .................................................................................................... 2

**OTHER STATUTES**

RCW 9A.82.100 ........................................................................................................................ 11

RCW 61.24.005(2) ...................................................................................................................... 2

RCW 61.24.030(7) ................................................................................................................... 1, 2

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — iv
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

RCW 61.24.030(7)(a) ................................................................................................... 2, 3, 4

RCW 61.24.127 ................................................................................................................ 6, 8

RCW 61.24.130(1) ............................................................................................................... 6

RCW 61.24.135 ..................................................................................................................... 8

RCW 62A.1-201(21) ............................................................................................................ 3

RCW 62A.3-301 ................................................................................................................... 3

RCW 64.12.135 ..................................................................................................................... 8

RCW 64.21.127 ..................................................................................................................... 8

**RULES**

Local Rule 7(b)(2) ................................................................................................................ 4

**LEGISLATIVE HISTORY**

http://apps.leg.wa.gov/documents/billdocs/2009-10/Pdf/Bills/House%20Bills/3215.pdf ............. 8

http://apps.leg.wa.gov/documents/billdocs/2009-10/Pdf/Bills/Senate%20Bills/6648.pdf ............ 8

**SECONDARY SOURCES**

Webster's New College Dictionary (3d ed. 2005) ........................................................... 3

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — v
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION AND SUMMARY OF REPLY

The Court should dismiss Plaintiff's claims because they are premised on a fundamental misunderstanding of Washington law. Plaintiff erroneously contends that an entity must simultaneously both *possess* and *own* all rights to a note evidencing a loan in order to enforce the terms of a note or deed of trust. But Washington law is clear that where a Note is endorsed in blank (making it bearer paper), the entity in actual physical possession of the indorsed Note is its "holder" and therefore the "beneficiary" entitled to enforce the accompanying Deed of Trust.

## II. RESTATEMENT OF RELEVANT FACTS

Defendants set forth the alleged facts underlying Plaintiff's claims in their opening Motion and will not repeat them in their entirety here. The following are the pertinent facts:

- Plaintiff borrowed $352,500 from CTX Mortgage Company, LLC ("CTX Mortgage") on or about June 10, 2005, First Amended Compl. ("FAC") Ex. A[1].
- Plaintiff's loan is secured by a Deed of Trust on real property commonly identified as 40115 278th Way SE in Enumclaw, Washington, *id.* Ex. B.
- The Note evidencing Plaintiff's loan is endorsed in blank, Mot. Ex. 1.
- On or about August 11, 2005, CTX Mortgage wrote Plaintiff to inform him his loan was transferred to Countrywide Home Loans LP ("Countrywide"), FAC. Ex. C.
- On or about October 11, 2006, Countrywide mailed Plaintiff a letter, informing him that "the servicing of [his] mortgage loan, that is, the right to collect payments from [him], is being assigned, sold or transferred" to Chase, effective November 1, 2006, *id.* Ex. D.
- Plaintiff's loan has been serviced by Chase since November 1, 2006.
- Plaintiff defaulted on his loan obligations by failing to make his November 1, 2010 payment, *id.* Ex. F.
- As a consequence of Plaintiff's default, Chase initiated a non-judicial foreclosure, *id.*
- On April 14, 2011, Chase responded to Plaintiff's inquiry via a letter informing him that his "loan was sold into a public security managed by [Fannie Mae] and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf." That letter also provided contact information for both Fannie Mae and Chase, *id.* Ex. G.

## III. ARGUMENT

### A. Plaintiff's Claims Are Premised On Misstatements of The Law.

#### 1. The Beneficiary of a Deed of Trust Includes the Entity Physically in Possession of a Note Endorsed in Blank.

Plaintiff argues that under RCW 61.24.030(7) the Deed of Trust beneficiary must be both the "holder" and "owner" of the Note secured by the Deed. Resp. at 8-9. But Plaintiff's argument is undercut by the Deed of Trust Act ("DTA") and the Washington Supreme Court's decision in *Bain v. Metropolitan Mortgage Group*, on which Plaintiff's Response primarily relies.

---

[1] The First Amended Complaint may be found at pages 117-180 of the Verification of State Court Records. [Dkt. 3].

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 1
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Plaintiff argues the language of RCW 61.24.030(7) is confusing because in one sentence it suggests that the beneficiary must be the owner of the obligation secured by a deed of trust, and in the next sentence it suggests that the beneficiary must be only the "actual holder" of the note. "[C]ourts must construe the statute so as to effectuate the legislative intent." *Whatcom Co. v. City of Bellingham*, 128 Wn.2d 537, 546 (1996). "In so doing, [courts] avoid a literal reading if it would result in unlikely, absurd, or strained consequences." *Id.*  Here, Plaintiff's interpretation of RCW 61.24.030(7) would lead to absurd consequences by negating other provisions of the DTA, the UCC, and holdings of the Washington Supreme Court.  Plaintiff is confusing the legislature's use of the term "owner"—to signify possession of the indorsed Note (i.e., as a synonym of holder, *see* RCW 61.24.030(7)(a))—with an ownership interest in payments on the Note via separate agreement (which is the province of UCC Article 9).  "Put another way, ***one can be an owner of a note without being a 'person entitled to enforce.***'  This distinction may not be an easy one to draw, but it is one the UCC clearly embraces." *In re Veal*, 450 B.R. 897, 912 (9th Cir. BAP 2011) (emphasis added).  The converse is equally true: "[On]e can be a 'person entitled to enforce'"—i.e., a holder—"without having any ownership interest in the negotiable instrument, such as when a thief swipes and absconds with a bearer instrument." *Id.* n.25.  Said otherwise, UCC Article 3 determines who has the right to enforce the Note (and corresponding Deed of Trust) against the borrower—i.e., who is a person entitled to enforce the Note—whereas UCC Article 9 governs the contractual relationship between Fannie and Chase and determines whether Fannie has an ownership interest in the Note's payments. *Id.* at 913.  A borrower "should be indifferent as to who owns or has an interest in the note," and "should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they do know who they should pay." *Id.* at 912.

The Washington DTA embraces this distinction by defining "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust." RCW 61.24.005(2).  Washington's UCC is equally clear: "'Holder' with respect to a negotiable instrument, means: [ ] ***The person in possession*** of a negotiable instrument that is payable either

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 2
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

to bearer or to an identified person that is the person in possession." RCW 62A.1-201(21) (emphasis added). Nowhere do the definitions of "beneficiary" or "holder" suggest an *ownership* in Note payments is also required to enforce a note's terms. Indeed, Washington's UCC Article 3 provisions state exactly the opposite: "A person may be a person entitled to enforce the instrument *even though the person is not the owner of the instrument or is in wrongful possession of the instrument*." RCW 62A.3-301 (emphasis added). To the extent there was any ambiguity as to who qualifies as a holder of a negotiable instrument, the Washington Supreme Court resolved that question earlier this year by following the UCC and holding that "a beneficiary must *either* actually possess the promissory note *or* be the payee."[2] *Bain v. Metro. Mortg. Group, Inc.*, 175 Wn.2d 83, 104 (2012) (emphasis added). Thus, contrary to Plaintiff's argument, because the Note evidencing Plaintiff's loan is endorsed in blank, *see* Mot. Ex. 1, the entity in actual possession of the Note (in this case Chase) may enforce its terms.

      Accordingly, Plaintiff's confusion over the term "owner" in RCW 61.24.030(7)(a)—that the Trustee must have proof that the beneficiary is the "owner" of the Note—is misplaced. The very next sentence in that statutory provision explains that the legislature intended to use the term "owner" as synonymous with one in possession of the Note (i.e., the holder): "A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual *holder* of the promissory note … shall be sufficient proof" of ownership. *Id.* (emphasis added). This is consistent with the dictionary definition of "own" as "[t]o have or *possess*." Webster's New College Dictionary, p. 804 (3d ed. 2005) (emphasis added). The legislature provided that the possessor of the Note, with the right to enforce the Note (*i.e.*, the holder), is beneficiary. It is undisputed Chase was the Note holder and thus also "owner" of the Note in the sense the Legislature intended in the DTA—*i.e.*, Chase has (and had) possession. Fannie Mae's ownership interest in Note payments does not change the fact that Chase was (and is) the Note holder, with the right to enforce the Note as "beneficiary" under the DTA. Judge Robart came to a similar conclusion last year in *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102 (W.D. Wash. 2011):

---

[2] In *Bain*, counsel for Mr. Selkowitz—who is also counsel for Mr. Zalac in this case—argued the Court should follow the UCC. *Bain*, 175 Wn.2d at 104. The Washington Supreme Court agreed with him.

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 3
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

> ***Plaintiffs allege that Flagstar "transferred" their loan into a mortgaged-backed security fund related to Fannie Mae. However, even assuming that Plaintiffs' allegations are true, they have not established that Flagstar presently lacks authority to enforce the Deed of Trust at issue or that Flagstar lacks authority to initiate foreclosure proceedings***. It is undisputed that Flagstar is in possession of the original Note at issue, endorsed in blank. Flagstar therefore is the holder of the Note with the right to enforce it and the corresponding Deed of Trust. … ***Even if a lender sells a loan to Fannie Mae, the lender's possession of the Note endorsed in blank means that it may foreclose in its own name***. Thus, even if Fannie Mae has an interest in Plaintiffs' loan, Flagstar has the authority to enforce it.

*Id.* at 1107 (emphasis added) (citations omitted).

When read in context with the remainder of the statute, Plaintiff's confusion over "owner" and "holder" fails to give rise to a claim. Plaintiff does not—and cannot—allege facts suggesting that Chase was not in possession of the Note at all relevant times. On this basis alone, the Court should dismiss Plaintiff's claims and enter judgment for Defendants.

### 2.     Plaintiff's Re-Cast "Show Me The Note" Argument Still Fails.

Although Plaintiff alleges a number of claims and characterizes those claims in different ways, they all rely on the same underlying predicate—namely, Plaintiff does not believe Chase both held and owned his Note, and from that he alleges that Chase lacked authority to initiate a non-judicial foreclosure. *See, e.g.* Resp. at 9:9-10 ("Chase was not the true and lawful owner and holder of the obligation"); 10:2-15 (alleging Chase was only the loan "servicer"); 14:18-21 ("Chase as not the true and lawful **holder and owner**"); 18:13-15 ("Chase is merely a servicer – not the true and lawful owner and holder"). But this Court routinely rejects this "show me the Note" argument. *See, e.g., Erickson v. Long Beach Mortg. Co.*, 2011 WL 830727, *3 (W.D. Wash. 2011) (Pechman, J.).[3] The DTA requires Chase to provide evidence to the Trustee—not Plaintiff—that it holds the Note. RCW 61.24.030(7)(a). To the extent Plaintiff's claims Chase must prove it held the Note at all pertinent times, those claims fail as a matter of law.

### B.     Plaintiff Effectively Concedes His RESPA Claim Is Meritless.

Defendants Motion explained why the Court should dismiss Plaintiff's RESPA claim. Mot. at 11:21-12:4. Plaintiff's failure to address this argument is an admission that Defendants' argument has merit, and the Court should dismiss the RESPA claim. *See* Local Rule 7(b)(2).

---

[3] *See also U.S. Bank NA v. Woods*, 2012 WL 2031122, *5 (W.D. Wash. 2012) (Settle, J.); *Frazer v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 1821386, *2 (W.D. Wash. 2012) (Leighton, J.); *Frase v. U.S. Bank, N.A.*, 2012 WL 1658400, *5 (W.D. Wash. 2012) (Robart, J.); *Tuttle v. Bank of New York Mellon*, 2012 WL 726969, *5 (W.D. Wash. 2012) (Martinez, J.); *Rhodes v. HSBC Bank USA, N.A.*, 2011 WL 3159100, *6 (W.D. Wash. 2011) (Bryan, J.); *Salmon v. Bank of Am. Corp.*, 2011 WL 2174554, *6 (E.D. Wash. 2011) ("a 'show me the note' argument is not a basis to avoid dismissal"); *Pelzel v. First Sav. Bank Nw.*, 2010 WL 3814285, *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F.Supp.2d 1195, 1200 (W.D.Wash.2010).

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 4
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### C. Washington Does Not Recognize A Wrongful Foreclosure Initiation Claim.

As set forth in Defendants' Motion, Washington does not recognize a cause of action for the wrongful initiation of a foreclosure action. Mot. at 5:19-6:10. Based on a misreading of *Bain*, Plaintiff's Response erroneously argues that *Bain* changed Washington law to now permit an affirmative claim for wrongful initiation of foreclosure. Resp. at 12:8-15:3.

**Plaintiff Misconstrues the Procedural Posture of *Bain*.** In arguing that *Bain* allows a claim for wrongful foreclosure initiation, Plaintiff cites or quotes portions of the *Bain* discussion that addresses whether a CPA claim exists if MERS commits an independent CPA violation (*i.e.*, conduct beyond merely taking steps required by the DTA). Indeed, before certifying *Bain* to the Supreme Court, Judge Coughenour had *already* held that the DTA "*does not authorize a cause of action for damages for the wrongful institution of a nonjudicial foreclosure.*" *Bain v. OneWest Bank, FSB*, 2011 W.L. 917385, *6 n.4 (W.D. Wash. 2011) (emphasis added) (citation omitted). Nevertheless, Judge Coughenour was concerned that, under the facts of that case, MERS's actions may have prevented Ms. Bain from knowing whom to pay or whom to contact to negotiate a loan modification, or may have caused her to incur pre-litigation investigation costs (other than attorney fees) to prevent foreclosure that would not otherwise have been incurred but for MERS's actions. *Id.* at *6. Thus, Judge Coughenour certified to the Washington Supreme Court questions addressing independent CPA liability for actions taken by parties connected to the loan, but did *not* certify questions addressing damages for wrongful foreclosure initiation (which he agreed were not allowed under Washington law). It would make no sense for the Court in one breath to hold that there are *no damages* allowed for alleged wrongful foreclosure initiation, but in the next breath allow *treble damages* under the CPA for the same conduct.

The issue whether a claim for wrongful foreclosure initiation exists under Washington law was thus not presented in *Bain*, and indeed was settled before the Court certified the case to the Washington Supreme Court. As a result, the Washington Supreme Court lacked jurisdiction to address the viability of a wrongful foreclosure initiation claim. *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 577 (1998) ("When a federal court certifies questions, this Court answers *only* the discrete questions and lacks jurisdiction to go beyond those questions.") (emphasis added).

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 5
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

***Bain* is Factually Distinguishable**. Additionally, even if Plaintiff did not misconstrue the *Bain* holding, the facts of *Bain* and the facts here are dissimilar, and those differences illustrate why Chase may foreclose. In *Bain*, Judge Coughenour found, on the record then before him, the lender's right to act as beneficiary turned ***solely*** on MERS's assignment of the Deed of Trust to the lender (rather than the lender's possession of the Note), and thus whether MERS was the beneficiary in its own right made all the difference. 2011 WL 917385, at *6. But those are not the facts here—Chase's right to foreclose turns on its possession of the Note, not on any MERS assignment. Indeed, in a subsequent decision granting a Motion to Dismiss, Judge Coughenour distinguished *Bain* on precisely these grounds. *See Florez v. OneWest Bank*, *FSB*, 2012 WL 1118179, *1 (W.D. Wash. 2012)(dismissing claims despite challenge to MERS's assignment because "the situation at issue here is unlike the situation in Bain," where "the alleged authority to foreclose was based solely on MERS's assignment of the deed of trust, rather than on possession of the Note.").

***Bain* Did Not Overrule 40 Years of Case Law Sub Silentio.** Plaintiff's reading of *Bain* to allow damages for actions taken to initiate foreclosure would overrule 40 years of Washington jurisprudence holding that a borrower's exclusive remedy for alleged wrongful foreclosure initiation is injunctive relief based on any "legal or equitable ground" under RCW 61.24.130(1), and that the DTA does not permit affirmative damages claims. *See, e.g.*, *Peoples Nat'l Bank of Wash. v. Ostrander*, 6 Wn. App. 28, 32 (1971) (rejecting fraud claim; DTA remedies are defensive only); *Udall v. T.D. Escrow Servs., Inc.*, 132 Wn. App. 290, 302 (2006) *rev'd on other grounds*, 159 Wn.2d 903 (2007); *Sloan v. Horizon Credit Union*, 167 Wn. App. 514, 516 (2012) (discussing prior affirmance of dismissal of tort claims based on foreclosure initiation); *Olsen v. Pesarik*, 118 Wn. App. 688, 693 ( 2003) (DTA contemplates use of legal violations solely as bases to enjoin sale); *Albice v. Premier Mortg. Servs., of Wash. Inc.*, 174 Wn.2d 560, 577 n.2 (Stephens, J., concurring) (damages remedy available post-sale under RCW 61.24.127 only

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 6
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

because sale generally may not otherwise be invalidated).[4]  Had the Washington Supreme Court intended to overrule 40 years of case law, it would have done so expressly, not by implication: "The doctrine of stare decisis 'requires a clear showing that an established rule is incorrect and harmful before it is abandoned.'" *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 147 (2004). "[O]verruling prior precedent should not be taken lightly," or done without analysis of the cases being overturned.  *Lunsford v. Saberhagen Holdings, Inc.*, 166 Wn.2d 264, 278 (2009).

**Damages Claims Remain Viable, But Not for Foreclosure Initiation Alone.**  That no independent damages claim exists for wrongful foreclosure initiation does ***not*** mean borrowers can never bring claims against foreclosing defendants.  Where, for example, the borrower sues a foreclosing party for defective workmanship (with payment secured by a Deed of Trust), that damages claim does not turn on foreclosure initiation and may proceed.  *Cox v. Helenius*, 103 Wn.2d 383, 385-86 (2985).  Similarly, where a borrower seeks statutory damages by challenging the underlying debt as usurious, that damages claim does not implicate the foreclosure process and may proceed.  *See Bingham v. Lechner*, 111 Wn. App. 118, 122 (2002).  But allowing an affirmative claim tied to foreclosure initiation contravenes the DTA's "detailed set of procedures for nonjudicial foreclosure sales."  *Udall*, 132 Wn. App. at 302.  Allowing affirmative (rather than defensive) claims would "contravene the [DTA's] policies by making the process more lengthy (e.g., no finality), inefficient (e.g., more procedures), and expensive (e.g., litigation)." *Id.*

Significantly, the Washington Supreme Court in reversing *Udall* in part, left intact the Court of Appeal's ruling that the DTA's remedies exclusively "govern[] statutory nonjudicial foreclosure sales," rejecting an affirmative contract claim.  *Udall II*, 159 Wn.2d at 908.[5]  *See also*

---

[4] "There is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Pfau v. Wash. Mut. Inc.*, 2009 WL 484448 *12 (E.D. Wash. 2009); *Henderson v. GMAC Mortg.*, 2008 WL 1733265, *5 (W.D. Wash. 2008) ("illegal foreclosure" claim fails because "no foreclosure ever occurred"), *aff'd* 347 Fed. Appx. 299 (2009).

[5] Courts have likewise extended the ban on pre-foreclosure DTA claims to all statutory and common law claims based on alleged DTA violations, noting that plaintiffs "shall not now be allowed to circumvent the purposes of the [DTA] by couching [his] claims in [CPA] language." *Universal Life Church v. GMAC Mortg.*, 2007 WL 1185861, *4 (W.D. Wash. 2007) (Martinez); *IndyMac Venture v. Silver Creek Crossing*, 2010 WL 1138391, *4 (W.D. Wash. 2010) (DTA "does not provide any separate cause of action or legal claim"); *Barnett v. TD Escrow Serv.*, 2005 WL 1838623, *3 & n.5 (W.D. Wash. 2005) (alleged failure to comply with the DTA was insufficient to establish CPA liability; regardless, basis for CPA liability "less than clear given that Defendants threatened, but never foreclosed on Plaintiffs' home."); *Vawter*, 707 F. Supp. 2d at 1129-30 (rejecting CPA and emotional distress claims).

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 7
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Olsen*, 118 Wn. App. at 693 (2003) (DTA contemplates defensive remedies); *In re Marriage of Kaseburg*, 126 Wn. App. 546, 558 (2005) (same; DTA "provides the sole method to contest and enjoin a foreclosure sale"). Indeed, the first case addressing waiver of post-foreclosure claims rejected a fraud claim because under the DTA, fraud could provide only "a ***defense***" to foreclosure, ***not*** an affirmative claim. *Peoples Nat'l Bank*, 6 Wn. App. at 32 (emphasis added).

**The Legislature Has Considered, But Not Adopted, Pre-Foreclosure CPA Claims.** If the Legislature wanted pre-sale violations of the DTA to give rise to liability, it would have expressly established such a right, as it did (prospectively) for certain post-sale claims. *See* RCW 64.21.127 and RCW 64.12.135; *see also State v. Schwab*, 103 Wn.2d 542, 548-53 (1985) (rejecting Attorney General's argument that CPA claims may arise from violations of the Residential Landlord Tenant Act, where Legislature considered, but did not adopt those claims; "not every violation of a statute results in" a CPA claim). In fact, the Washington Legislature has considered but never adopted pre-foreclosure damages remedies, deciding instead to allow claims only under post-foreclosure instances.[6] It is precisely this failure to act that caused the Washington Supreme Court to reject CPA claims based on alleged violations of the Residential Landlord Tenant Act. *Id.*; *see also Vawter*, 707 F. Supp. 2d at 1123 ("to the extent the legislature intended to permit a cause of action for damages, it could have said so"). "The Legislature is presumed to be aware of judicial interpretation of its enactments," and the court should not "overrule clear precedent" where the Legislature has chosen not to do so. *Friends of Snoqualmie Valley v. King Cnty. Boundary Review Bd.*, 118 Wn.2d 488, 496–97 (1992). For 40 years Washington courts have refused to allow damage claims tied to perceived DTA violations, and the Legislature has refused to amend the DTA to allow claims pre-foreclosure.[7]

---

[6] *E.g.*, http://apps.leg.wa.gov/documents/billdocs/2009-10/Pdf/Bills/House%20Bills/3215.pdf (proposed bill for pre-foreclosure claims); http://apps.leg.wa.gov/documents/billdocs/2009-10/Pdf/Bills/Senate%20Bills/6648.pdf (same).

[7] Before 2009, the only DTA violation that was also a CPA violation was collusive bidding. *See* RCW 61.24.135. In 2009, the Legislature amended the DTA to allow borrowers to bring certain claims post-foreclosure. RCW 61.24.127. In 2011, the Legislature again amended the DTA to allow CPA claims for failure to mediate in good faith. *See* RCW 61.24.135. The legislature clearly knows how to amend the DTA to permit liability, and yet despite the persistent cases law rejecting pre-foreclosure claims, the Legislature has not allowed a claim tied to purported "wrongful foreclosure." This silence is confirmation that there is no such claim. *See, e.g., Taylor v. Premier Mortg. Serv. Of Wash. Inc.*, 122 Wn. App. 1039, 2004 WL 1658626,*3 n.7 ( 2004) (unpublished) (rejecting CPA claim for alleged wrongful foreclosure because only those remedies contained in the DTA are permitted). *Brown v. Household Realty Corp.*, 146 Wn. App. 157,170-71 (2008) ("the legislature recently conducted an extensive review of the

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 8
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**Courts Interpreting *Bain* Continue to Reject Plaintiff's Interpretation.**  Post-*Bain*, Courts continue to adhere to the long-standing holding that the mere act of initiating foreclosure, or that MERS assigned an interest in foreclosing, cannot support affirmative relief.  *See, e.g., Townsend v. Quality Loan Serv. Corp. of Wash.*, 2012 WL 5330972, *2 (W.D. Wash. 2012) ("The fact that the DTA establishes procedures and requisites for the non-judicial foreclosure process does not necessarily give rise to a cause of action.  Absent a trustee's sale of the property, a claim for wrongful foreclosure must be dismissed as a matter of law."); *Kullman v. Nw. Tr. Serv. Inc.*, 2012 WL 5922166, *2 (W.D. Wash. Nov. 26, 2012) (granting motion to dismiss, holding foreclosure initiation was proper, despite MERS's role); *Lynott v. MERS, Inc.*, 2012 WL 5995053, *2 (W.D. Wash. Nov. 30, 2012) (same); *Benofsky v. Reg'l Tr. Serv. Corp.*, No. 12-2-16790-7SEA, Order on Mot. to Dismiss at 2 (King. Cnty. Sup. Ct. Sep. 7, 2012) (dismissing CPA and wrongful foreclosure initiation claims) (attached hereto as Appendix A).  While a party to a foreclosure proceeding can commit separate legal violation, nowhere did the *Bain* Court hold— let alone suggest—it was establishing a new cause of action for wrongful foreclosure initiation and jettisoning 40 years of case law.  Simply put, Washington law does not permit a claim for wrongful foreclosure initiation and the Court should dismiss it accordingly.

D.     **Plaintiff's CPA Claim Fails.**
  1.     ***Bain* Does Not Help Plaintiff Satisfy The First Two CPA Prongs.**

Plaintiff erroneously argues that *Bain* holds that the first two prongs of a CPA claim are automatically satisfied because his Deed of Trust identifies MERS as nominee for the lender.  Resp. at 15:14-16:2.  *Bain* does not go that far, and must be viewed in context.  The *Bain* court held, in reviewing a Deed of Trust Assignment whereby MERS purported to act as a beneficiary in its own right, because it could not identify its principal, that "characterizing MERS as the beneficiary [in its own right] has the capacity to deceive" ***but*** it was "unwilling to say it is per se deceptive." *Bain*, 175 Wn.2d at 117.  The Court noted, however, that it was "likely true" that MERS could act as beneficiary in an agency capacity, so long as it had a principal controlling its

---

[DTA]. Although it amended the Act considerably, the legislature did not modify the application of the [existing] doctrine. We interpret the legislature's inaction as acquiescence in the courts' [prior] interpretation").

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 9
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

actions. 175 Wn.2d at 106-08. There is no similar issue in this case because Chase was the principal (Note holder) controlling MERS as its agent.

If MERS takes actions whereby it "conceals the identity" of its principal, and further represents that it is beneficiary in its own right (without holding the Note), then that action may have the capacity to deceive. *Bain*, 175 Wn.2d at 117-118. No such concerns exist here because, at every turn, Plaintiff knew who was servicing his loan. Plaintiff does not—and cannot—allege he communicated with MERS about anything. Nor does Plaintiff allege facts suggesting any other Defendant acted deceptively. Further, because Plaintiff fails to allege facts establishing it was deceptive to identify MERS as the beneficiary of his Deed of Trust on behalf of a disclosed principal (CTX Mortgage), there is no impacted public interest either. *See Bain*, 175 Wn.2d at 118 ("***If in fact*** the language is unfair or deceptive, it would have a broad impact") (emphasis added). Plaintiff thus fails to allege facts establishing the first two prongs of his CPA claim and the Court should dismiss the CPA claim accordingly.

### 2. Plaintiff Identifies No Compensable Injury.

Plaintiff's CPA claim also fails because he does not identify any injury proximately caused by Defendants. The final sentence of *Bain* confirms that simply having MERS on a Deed of Trust fails to state a CPA claim: "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury." *Id.* at 120. Here, Plaintiff alleges his injuries are: (1) possible loss of equity in property; (2) inability to sell property; (3) inability to borrow against property's equity; (4) harm to credit; (5) inability to negotiate with actual owner of his promissory note; and (6) damages flowing from foreclosure. Resp. [Dkt. 24] at 16:18-17:6. But these alleged injuries (except for the inability to negotiate with the Note owner) were caused by Plaintiff's default, not any act of any Defendant, and ***Plaintiff does not contest his default***. Plaintiff had every opportunity to contact Chase (Note holder) to discuss modification. The Washington Court of Appeals recently affirmed dismissal under similar allegations:

> Our Supreme Court has indicated that injuries under the CPA may arise where, due to MERS's actions, the homeowner is unable to locate the holder of the note and, as a result, suffers some harm to his or her interests. No such circumstances, however, were present here. Nothing in the Petersons' pleadings indicated that

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 10
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

> they were misled by MERS regarding the identity of the holder of the promissory note; nor did they assert that such ignorance led, even indirectly, to the initiation of foreclosure proceedings against their property.  Indeed, the Petersons alleged no facts tending to demonstrate that, but for MERS's conduct, they would not have suffered these same injuries. ***It is undisputed that the Petersons defaulted on their loan and that it was this default that led to the foreclosure proceedings.*** The Petersons do not contend that any action by MERS caused or induced the Petersons to default on the loan. Nor do the Petersons assert that there was no party entitled to foreclose on the property. Accordingly, the Petersons have failed to plead facts demonstrating that their alleged injuries would not have occurred but for MERS's actions; regardless of MERS's conduct as the beneficiary under the deed of trust, the Petersons' property would still have been foreclosed upon ….

*Peterson v. Citibank, N.A.*, 2012 WL 4055809, *3-*4 (Wn. App. 2012) (unpublished) (emphasis added) (citation omitted).  Here, Chase is undisputedly the "holder" of Plaintiff's Note.  When Plaintiff wrote to Chase asking for the identity of the owner of his loan, Chase informed him that his loan was sold into a public security managed by Fannie Mae but that Chase was authorized to handle any issues arising from Plaintiff's loan.  FAC. Ex. G.  At all times, Plaintiff knew with whom to negotiate about his loan, defeating any purported injury from MERS's role as beneficiary.  *See, e.g., Sheldon v. Am. States Preferred Ins. Co.*, 123 Wn. App.12, 17-19 (2004) (rejecting CPA claim against insurer alleging violation of a state disclosure law because even if the insurer violated law, plaintiff could not bring CPA claim since he otherwise knew the truth).

### E.    Plaintiff Fails to Allege Facts Supporting His Criminal Profiteering Claim.

Plaintiff alleges that Defendants should be held liable for criminal profiteering because they attempted to collect a debt "they have no lawful interest [in]."  Resp. at 23:1-8.  But Plaintiff admits executing a Promissory Note for $352,500 and further admits executing a Deed of Trust that secures the Note.  FAC. ¶ 3.2; Exs. A & B.  Thus, Plaintiff admits his debt is lawful. The only issue is to whom the debt is payable and by whom the Deed of Trust may be enforced.  To the extent Plaintiff argues that a transfer of his loan's servicing rights gives rise to his criminal profiteering claim, the last transfer (to Chase) occurred in November 2006.  FAC. ¶ 3.6; Ex. D. That claim is therefore time-barred under RCW 9A.82.100 (three year limit).  Moreover, Plaintiff appears to argue that the bases of his criminal profiteering claim are Defendants' foreclosure efforts.  This argument is also meritless: either Plaintiff's debt is lawful or it is not.  Plaintiff is using his criminal profiteering claim as a veiled wrongful foreclosure claim, arguing Defendants' initiation of a non-judicial foreclosure constitutes an unlawful attempt to collect a debt.  But, as

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 11
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

explained in Defendants' opening Motion, if Plaintiff takes issue with the non-judicial foreclosure process, his sole remedy is to seek to enjoin the trustee's sale. *See* Mot. [Dkt. 17] at 9:24-10:13.

Finally, Plaintiff fails to identify any act of Chase that qualifies as criminal profiteering, let alone the three acts required by the statute, and also fails to identify any act with particularity. Mot. at 10:14-11:15. The Court should therefore dismiss Plaintiff's criminal profiteering claim.

### F. Plaintiff Fails to Allege Facts Supporting His FDCPA Claim.
#### 1. Defendants Are Not Debt Collectors.

Plaintiff argues that Defendants are debt collectors because he was in default when MERS assigned its interest to Chase. Resp. [Dkt. 24] at 18:17-19:17. But the Complaint's allegations and exhibits show Chase acquired its interest in Plaintiff's loan on November 1, 2006 (*see* FAC. ¶ & Ex. D) and Plaintiff defaulted in November 2010 ( *Id.,* Ex. F). Chase thus acquired its interest in Plaintiff's loan four years ***before*** Plaintiff's default, meaning neither Chase nor any defendant is a debt collector. *De Dios v. Int'l Realty Inv.*, 641 F.3d 1071, 1075 (9th Cir. 2011).

#### 2. No Facts Suggest Deceptive or Misleading Conduct.

Even if any Defendants were subject to the FDCPA, Plaintiff still fails to allege facts establishing that Defendants acted in a deceptive or misleading manner. The FDCPA claim is premised on the erroneous contention that Defendants lack an interest in his loan. But Plaintiff's loan servicers kept him fully apprised of every servicing transfer and promptly responded to his inquiries. Because they kept Plaintiff informed about all servicing transfers of his loan, Defendants engaged in no deceptive or misleading act that would give rise to an FDCPA claim.

### IV. CONCLUSION

The Court should dismiss Plaintiff's claims and enter judgment for Defendants.[8]

DATED this 7th day of December, 2012.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, NA, MERS, Inc., and the Federal National Mortgage Association
By /s/ *William Rasmussen*
William Rasmussen, WSBA #20029
Matthew Sullivan, WSBA #40873
Email: billrasmussen@dwt.com
E-mail: matthewsullivan@dwt.com

---

[8] Plaintiff appears to seek to amend his Complaint in his Response by adding a fraud claim. Resp. at 23:22-24:15. Although this claim appears directed at Northwest Trustee, to the extent it is directed at Chase, Fannie Mae, or MERS, the claim fails because Plaintiff did not plead it in his Complaint. *Demarest v. Ocwen Loan Servicing, LLC*, 2012 WL 4320115, *1 (9th Cir. 2012) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 12
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 7th day of December, 2012.

*/s/ Rochelle J. Barker*
Rochelle J. Barker

REPLY IN SUPPORT OF MOTION TO DISMISS (C12-1474 MJP) — 13
DWT 20780604v1 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax