The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD J. ZALAC,

Plaintiff,

v.

CTX MORTGAGE CORPORATION, a Delaware Corporation; THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, a United States Government Sponsored Enterprise, JPMORGAN CHASE, a National Association, d/b/a CHASE HOME FINANCE, LLC., NORTHWEST TRUSTEE SERVICES, INC,. a Washington Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10,

Defendants.

No. C12-1474 MJP

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

***NOTE ON MOTION CALENDAR: Friday, December 28, 2012***

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiff asks the Court to remand this matter, even though missed his deadline to bring such a motion by two months, and admits his First Amended Complaint pleads two federal causes of action. Plaintiff offers no explanation for his failure to abide by the rules governing remand, nor does he offer any explanation for why trying this case simultaneously in two venues is preferable to litigating one action. Defendants Federal National Mortgage Association ("Fannie Mae"), JPMorgan Chase Bank, N.A. ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS") ask the Court to deny Plaintiff's Motion to Remand for the following four reasons:

***First***, Plaintiff's motion is untimely because he filed it three months after removal and does not argue the Court lacks jurisdiction over his claims. Rather, Plaintiff asks the Court to decline to exercise supplemental jurisdiction over his state law claims.

***Second***, Plaintiff's state law claims do not predominate and resolving Plaintiff's state and federal claims will require the Court to determine Defendants' interests in the Property securing Plaintiff's debt.

***Third***, remanding Plaintiff's state law claim would needlessly tax the resources of the parties and two courts, as it would require the parties to litigate claims arising from the same nucleus of operative facts in two different courts.

***Fourth***, Judge Coughenour's remand of *Selkowitz v. Litton Loan Servicing* is inapposite because there were no federal claims at issue in that lawsuit.

## II. FACTS

### A. Procedural Facts.

On or about July 12, 2012, Plaintiff filed his Complaint in King County Superior Court, alleging claims for wrongful foreclosure and violations of Washington's Consumer Protection Act. Compl. ¶¶ 4.1-5.9.[1] On or about August 3, 2012, Plaintiff filed his First Amended Complaint. *See* First Amended Complaint ("FAC").[2] In addition to the claims pled in the original Complaint,

[1] The original Complaint (and its exhibits) may be found at pages 5 through 67 of the Verification of State Court Records. [Dkt. 3].

[2] The First Amended Complaint (and its exhibits) may be found at pages 117 through 180 of the Verification of State Court Records. [Dkt. 3].

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax


Plaintiff pled a claim under Washington's Little RICO statute and alleged Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶¶ 5.6; 8.5. Twenty-six days after Plaintiff filed his Amended Complaint, Defendants removed the matter to this Court. Not. of Removal [Dkt. 1].

**B. Plaintiff's Claims.**

Generally, the FAC alleges that Defendants have never held Plaintiff's Note and therefore lack authority to enforce its terms or its accompanying Deed of Trust. *See, e.g.*, FAC ¶ 3.13; *see also* Mot. to Dismiss [Dkt. 17] § III(A)(1). As mentioned above, the FAC alleges Defendants violated both RESPA and the FDCPA. FAC ¶¶ 5.6; 8.5. Plaintiff does not dispute pleading federal claims; indeed, his Motion to Remand states the FAC "raised a claim for violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 USC 1962* [*sic*], *et seq* and Real Estate Settlement Procedures Act (hereinafter "RESPA"), *12 USC § 2605(e)* [*sic*]." Mot. [Dkt. 30] at 2:6-11.

## III. ARGUMENT

### A. Plaintiff's Motion Is Untimely Because He Asks the Court to Decline Supplemental Jurisdiction.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Plaintiff is not arguing the Court lacks subject matter jurisdiction over the claims in this lawsuit. Rather, Plaintiff asks the Court to "decline supplemental jurisdiction" over his state law claims because Plaintiff believes those claims substantially predominate over his federal claims. Mot. [Dkt. 30] at 3:15-4:17 & 5:9-11. Because Plaintiff does not argue the Court lacks subject matter jurisdiction over his claims, his Motion for Remand is untimely. Defendants removed this case to federal court over three months ago, on August 29, 2012. Not. of Removal [Dkt. 1]. Plaintiff's deadline to move for remand was therefore September 28, 2012. Plaintiff did not file his Motion until December 3, over two months late. "If plaintiff does not timely move to remand, plaintiff's procedural objections are waived and plaintiff may only challenge removal for lack of subject matter jurisdiction." *Bavand v. OneWest Bank FSB*, 2012 WL 1884668, *5 (W.D. Wash.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

May 22, 2012). In *Bavand*, Judge Robart rejected a similar request (made by the same Plaintiff's counsel), in part, because the motion to remand was untimely, as plaintiff filed it "34 days after the notice of removal [was filed]." *Id.* at *6. Here, Plaintiff's Motion is untimely by over two months. On this basis alone, the Court should deny Plaintiff's Motion to Remand.

**B. Plaintiff's State Law Claims Do Not Predominate.**

The Court should also reject Plaintiff's request because Plaintiff's state law claims do not predominate over his federal claims. When recently confronted with an identical issue, Judge Robart found the "claims come from the same set of facts—Defendants' allegedly wrongful behavior in relation to the management of her loan and foreclosure on her property." *Id.*, at *3. "Thus, because her state law claims are part of the same case or controversy as her FDCPA claim, the court has jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a)." *Id.*

> Further, the court disagrees with [Plaintiff's] arguments that her state law claims substantially predominate over her federal law claim and that she raises novel issues of state law. With respect to whether the state law claims substantially predominate, although [Plaintiff] is correct that her complaint consists largely of state law claims, that alone does not establish that the state law claims predominate. State law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." [*United Mine Workers of Am. v.*] *Gibbs*, 383 U.S. [715,] 726 [(1966)]. Here, [Plaintiff] asserts that Defendants' actions violated the FDCPA through false and misleading actions and by threatening to non-judicially dispossess her of the Property when they did not have a right to possession. [ ] Similarly, [Plaintiff] alleges that Defendants wrongfully foreclosed on her property and engaged in false and deceptive conduct in violation of Washington law. [ ] Thus, resolution of [Plaintiff's] state and federal claims will both depend on findings and conclusions regarding the nature of Defendants' actions and rights in relation to the Property. Because [Plaintiff's] state causes of action require consideration of similar facts and issues as her federal claim, her state law claims cannot be said to substantially predominate over her federal claim. *See Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006) ("Predomination under section 1367(c)(2) relates to the type of claim and here the state law claims essentially replicate the FLSA claims—they plainly do not predominate."); *Picard v. Bay Area Reg'l Transit Dist.*, 823 F. Supp. 1519, 1527 (N.D. Cal. 1993) (concluding that state law claims did not predominate where the same conduct formed the basis of the state and federal claims, the state and federal claims would require "virtually the same evidentiary presentations at trial," presenting the claims together at trial would not pose a risk of jury confusion, and plaintiffs' request for damages was based on the state and federal claims).

*Id.* at *4.

Here, as in *Bavand*, Plaintiff alleges Defendants violated the FDCPA and RESPA, which Plaintiff alleges gives rise to liability under Washington's Consumer Protection Act. Mot. [Dkt.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

30] at 2:6-9. Here, as in *Bavand*, Plaintiff claims Defendants wrongfully initiated a non-judicial foreclosure (because they lacked any interest in his Note or Deed of Trust). *See, e.g.*, First Amend. Compl. at 8:9-16; 9:10-22. And here, as in *Bavand*, the resolution of Plaintiff's claims will depend on the Court's findings regarding the nature of Defendants' interests in the subject property. Plaintiff's state law claims are not of a different type than his federal claims. To the contrary, his state law claims essentially replicate the federal claims, and all of the claims will require similar evidentiary presentations at trial. Because Plaintiff's state and federal claims require consideration of similar facts and issues, his state law claims do not predominate over his federal claims.

### C. Plaintiff's Motion Would Cause The Parties To Litigate Similar Issues in Two Courts.

The Court should also refuse to remand Plaintiff's state law claims because doing so would cause the parties to litigate similar claims simultaneously in two courts. *See Bavand*, 2012 WL 1884668, at *2-*5. Even if the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims, "28 U.S.C. § 1367 does ***not*** permit this court to decline jurisdiction over a claim for which it has original jurisdiction." *Id.* (emphasis added) (citing *Baker v. Kingsley*, 387 F.3d 649, 656-57 (7th Cir. 2004)). "Therefore, even were the court to accept [Plaintiff's] arguments regarding the predominance and novelty of state law issues and decline supplemental jurisdiction over the state law claims, [Plaintiff's] FDCPA [and RESPA] claim[s] would still remain before this court." *Id.*

The Court should reject Plaintiff's request to remand the state law claims in the interests of judicial economy—there is no good reason the parties should litigate these issues simultaneously in this Court and King County Superior Court, nor is there a good reason to burden these courts by having them adjudicate claims that arise from the same nucleus of facts and require similar evidentiary presentations. "Such a result is contrary to the concerns of efficiency, convenience, and fairness underlying supplemental jurisdiction." *Id.* at *5.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**D. *Selkowitz* Is Inapposite.**

Finally, Plaintiff argues the Court should remand this matter because "[o]ther Judges [*sic*] within this District have remanded similar 'MERS' cases" and, specifically, that "Judge Coughenour declined to exercise supplemental jurisdiction" over state law claims because they substantially predominated over a plaintiff's FDCPA claim. Mot. [Dkt. 30] at 5:1-7 (citing *Selkowitz v. Litton Loan Servicing, LP*, Cause No. C10-5523 JCC (W.D. Wash. Nov. 14, 2012)). But *Selkowitz* is inapposite and, furthermore, Plaintiff misleads the Court as to its holding.

Judge Coughenour remanded *Selkowitz* because "Selkowitz's first amended complaint [ ] ***does not contain a federal cause of action***." Order on Mot. for Remand [Dkt. 55], *Selkowitz v. Litton Loan Servicing, LP*, Cause No. C10-5523 JCC (W.D. Wash. Nov. 14, 2012) (emphasis added). As a result, "[t]he Court's jurisdiction over the claims in that complaint (all state-law claims) is thus entirely supplemental, under 28 U.S.C. § 1367." *Id.* That is in stark contrast to the current lawsuit, in which Plaintiff alleges claims premised on alleged violations of two different federal statutes. *See* Mot. [Dkt. 30] at 2:6-9. Here, Plaintiff admits that he "raised a claim for violation[s] of the" FDCPA and RESPA, which serve as predicates to the recovery he seeks under the CPA. *Id.* And, as discussed above, Plaintiff's federal claims arise from the same facts as his federal claims. In short, the concerns identified by Judge Robart in *Bavand*—which are also present in this lawsuit—were simply not present in *Selkowitz*. Because Plaintiff seeks, in this case, to recover under two federal statutes, Judge Coughenour's Order in *Selkowitz* is inapposite and does not support Plaintiff's request for remand. The issues and concerns facing the Court are much more similar to *Bavand*, which explains why the Court should deny Plaintiff's Motion.

## IV. CONCLUSION

Chase, MERS, and Fannie Mae ask the Court to deny Plaintiff's Motion to Remand.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 24th day of December, 2012.

Davis Wright Tremaine LLP
Attorneys for Defendants Chase, MERS and Fannie Mae

By */s/ Matthew Sullivan*

William Rasmussen, WSBA #20029
Matthew Sullivan, WSBA #40873
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel.: (206) 757-8125; Fax: (206) 757-7125
Email: billrasmussen@dwt.com
E-mail: matthewsullivan@dwt.com

OPP. TO MOTION TO REMAND (C12-1474 MJP) — 7
DWT 20762112v2 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Heidi Buck Morrison: hbuck@rcolegal.com, buck4343@gmail.com, tkwong@rcolegal.com

Neil Armstrong Dial dialn@foster.com, howej@foster.com, litdocket@foster.com

Richard Llewelyn Jones rlj@richardjoneslaw.com, susan@richardjoneslaw.com

Tim J Filer FileT@Foster.com, HoweJ@Foster.com, litdocket@foster.com

and I hereby certify that a copy was mailed by United States Postal Service to the following non-CM/ECF participants.

N/A

DATED this 24th day of December, 2012.

Davis Wright Tremaine LLP
Attorneys for Defendants Chase, MERS and Fannie Mae

By */s/ Matthew Sullivan*

William Rasmussen, WSBA #20029
Matthew Sullivan, WSBA #40873
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel.: (206) 757-8125; Fax: (206) 757-7125
Email: billrasmussen@dwt.com
E-mail: matthewsullivan@dwt.com

OPP. TO MOTION TO REMAND (C12-1474 MJP) — 8
DWT 20762112v2 0036234-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax