```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 9                                     AT SEATTLE
```

| | | |
|---|---|---|
| 10 | RICHARD J. ZALAC, | CASE NO. C12-1474 MJP |
| 11 | Plaintiff, | ORDER DENYING MOTION TO REMAND |
| 12 | v. | |
| 13 | CTX MORTGAGE CORPORATION, | |
| 14 | Defendant. | |

THIS MATTER comes before the Court on Plaintiff's motion to remand (Dkt. No. 30). The Court considered the motion, the response (Dkt. No. 33) and all relevant documents. The Court notes that Plaintiff did not file a reply brief. The Court DENIES Plaintiff's motion to remand.

**Background**

Plaintiff Richard J. Zalac filed his complaint in King County Superior Court in July of 2012 alleging claims for wrongful foreclosure and violations of Washington's Consumer

ORDER DENYING MOTION TO REMAND- 1

Protection Act. (Dkt. No. 33 at 2.) In August of 2012, Zalac amended his complaint to include a claim under Washington's Little RICO statute, and federal claims under the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. No. 33 at 3.) Twenty-six days after Zalac filed his Amended Complaint, the Defendants removed the matter to federal court. (Id.)

On December 3, 2012, Zalac filed this motion for remand, arguing the Court should decline supplemental jurisdiction under 28 U.S.C. §1441(b). (Dkt. No. 30 at 2.) Zalac does not assert lack of subject matter jurisdiction or request the Court decline jurisdiction over the federal claims. Defendants respond that the motion to remand is untimely and improper because remand of the state claims would cause federal and state claims based on the same set of facts to be handled in parallel state and federal proceedings. (Dkt. No. 33 at 3-8.)

**Discussion/Analysis**

The motion for remand is DENIED. First, Defendants correctly assert the motion to remand is untimely. A motion for remand must be made within 30 days of notice of removal unless the party seeking remand is challenging subject matter jurisdiction. 28 U.S.C. §1447(c). Zalac did not seek remand within 30 days of receiving notice of removal. (Dkt. No. 33 at 3.) Notice of removal was filed on August 29, 2012. (Dkt. No. 1.) The motion for remand was not filed until December 3, 2012. (Dkt. No. 30.) This is well past the 30 day deadline. Zalac does not avoid the deadline by challenging subject matter jurisdiction. Instead, he asks the court to decline supplemental jurisdiction, without any argument that the Court does not have jurisdiction over them or the federal claims, which he wishes to retain. (Dkt. No. 30 at 2.) This motion is untimely and is DENIED.

ORDER DENYING MOTION TO REMAND- 2

Second, even if there were no procedural defect barring remand, Zalac's motion fails on the merits. Supplemental jurisdiction exists so state claims arising from facts in common with a federal claim can be heard in one action in federal court, for the purposes of judicial economy, convenience, and fairness to the litigants. Osborn v. Haley, 549 U.S. 225, 245 (2007). While a district court may decline to exercise supplemental jurisdiction in a given case, the decision is purely discretionary. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

Zalac asks this Court to deny supplemental jurisdiction over state claims arising from the same set of facts upon which he bases federal claims, which he acknowledges allow for jurisdiction in federal court. (DKt. No. 30 at 2.) He argues the state claims "predominate" the case, so remand is proper. This argument has no merit. The state and federal law claims appear to be heavily related and declining supplemental jurisdiction over the state law claims would create exactly the kind of inefficient duplicative litigation the supplemental jurisdiction statute, 28 U.S.C. §1367, seeks to avoid. Further, this District has ample experience dealing with the state claims at issue in this case. See Bavand v. OneWest Bank FSB, 2012 U.S. Dist. LEXIS 71926, *9 (W.D. Wash. 2012).

## Conclusion

Plaintiff's motion for remand is untimely and his argument does not support remand. The motion is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of January, 2013.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO REMAND- 3