THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD J. ZALAC,

                    Plaintiff,

v.

CTX MORTGAGE CORPORATION, a
Delaware Corporation; *et al.*

                    Defendants.

NO. 2:12-cv-01474 MJP

**MOTION FOR RECONSIDERATION**

**NOTE ON MOTION CALENDAR:**

**March 29, 2013**

**TO:**   **THE HONORABLE MARSHA J. PECHMAN,** U.S. District Court Judge; and
**TO:**   **ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

## I. MOTION

**COMES NOW** the Plaintiff, RICHARD J. ZALAC, by and through his attorney, KOVAC & JONES, PLLC, moves the Court to reconsider its Order and Judgment of February 14, 2013, pursuant to *Fed. R. Civ. P. 59.*

## II. STATEMENT OF FACTS

On July 11, 2012, the above-captioned matter was filed in King County Superior Court under King County Superior Court Cause No. 12-2-23547-3 KNT, based upon pleading standards common and customary in King County Superior Court for the State of Washington. Plaintiff's Complaint raised predominately issues of State law, including action for

MOTION FOR RECONSIDERATION
Page 1

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Plaintiff's Complaint raised predominately issues of State law, including action for "irregularities in the proceedings" (wrongful foreclosure), *RCW 61.24 et seq*, violation of the Washington State Criminal Profiteering Act (hereinafter "Little RICO"), *RCW 9A.82 et seq.* and violation of the Washington State Consumer Protection Act (hereinafter "WCPA"), *RCW 19.86, et seq.* As a basis for alleging a *per se* violation of the WCPA, Plaintiff raised a claim for violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 USC 1962, et seq* and Real Estate Settlement Procedures Act (hereinafter "RESPA"), *12 USC § 2605 (e)*. A true and correct copy of Plaintiff's Summons and Complaint is attached to Verification of State Court Records, on file herein. (Dkt. No.3, Exhibit "A"). Many of these Washington state claims have been strengthened by the Washington Supreme Court's decision in *Schroeder v. Excelsior Management Group, LLC*, (Case No. 86433-1 and 86710-1) filed February 28, 2013. A true and correct copy of this decision is attached hereto as ***Exhibit "1"***.

This matter was removed from King County Superior Court to the Federal District Court for the Western District of Washington on August 29, 2012, pursuant to *28 USC 1332, 1441* and *1446*.

On February 14, 2013, the Court dismissed Plaintiff's Complaint, pursuant *to Fed. R. Civ. P. 12(b)(6)*. See Dkt. 35. Although the Court found Plaintiff's Complaint wanting, the Court did not provide Plaintiff leave to amend his Complaint to comply with the pleading standards common and customary in the U.S. District Court for the Western District of Washington, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Now, Plaintiff seeks reconsideration of the Court's Order of Dismissal of February 14, 2013, pursuant to *Fed R. Civ. P. 59*.

MOTION FOR RECONSIDERATION
Page 2

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## III. STATEMENT OF LAW AND ANALYSIS

**A.     Re-allegation of Statement of Facts and Legal Authority.**

For purposes of Plaintiff's Motion for Reconsideration, Plaintiff re-alleges and incorporates herein by this reference each and every fact and legal authority submitted and argued in its Response to Defendants' Motion to Dismiss of November 29, 2012, as though fully set forth herein. See Dkt. 24.

**B.     Neither MERS nor Chase was ever the true and lawful owner of the Note.**

Critical to this Court's analysis of the facts is it's apparent determination that MERS was a holder of Plaintiff's Note.  In its Order of February 14, 2013, the Court states "[h]e [Plaintiff] executed a <u>promissory note</u>, listing CTX as lender and Mortgage Electronic Recording System, Inc ("MERS") as <u>the beneficiary</u>."  The Court goes on to state, "[r]oughly four years later, MERS assigned its right <u>as beneficiary</u> under Plaintiff's <u>note</u> to Chase."  Neither of these factual assertions are true and suggests a fundamental misunderstanding of the transaction that is at issue and now before the Court.

The Court has apparently confuses the Note with the Deed of Trust.  MERS does not appear anywhere in the subject Note. See Dkt. 1, Exhibit A to Exhibit A.  MERS only appears in the Deed of Trust, as nominee of the lender. See Dkt. 1, Exhibit B to Exhibit A.  This much is conceded by Defendants'.[1]  See Dkt. 17, pages 1-2.  If MERS was never named in the subject

---

[1] Defendants state in their Motion that "Plaintiff executed a Deed of Trust" naming "MERS as beneficiary."  Defendants do not suggest the Note referred to MERS.  Notes do not have "beneficiaries" – Deeds of Trust do.  Defendants state that "Countrywide notified Plaintiff that <u>servicing</u> of his loan was being transferred from CTX Mortgage to Countrywide", not suggesting a transfer of the Note itself.  Defendants state that "Countrywide notified Plaintiff that the <u>servicing</u> of his loan was being transferred to Chase Home Finance LLC as of November 1, 2006", not suggesting transfer of the Note itself.  It is abundantly clear the Court has confused the Note with the Deed of Trust, the rights associated with these instruments and the facts set forth in the party's pleadings.

MOTION FOR RECONSIDERATION
Page 3

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2650 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Note and never held the subject Note at any time relevant to this cause of action, it could not assign the Note or any interest therein. In fact, the Assignment of Deed of Trust executed by MERS on February 3, 2012, makes no reference to the subject Note. See Dkt. 1, Exhibit H to Exhibit A. Accordingly, the Court erred in suggesting that MERS ever assigned the Note or that MERS or Chase ever held the subject Note. There is simply no evidence to support that factual assertion by the Court.

Furthermore, if MERS was not a proper or eligible beneficiary under *RCW 61.24, et seq.*, it had no right to assign the beneficial interest in the Deed of Trust. *Bain v. Metropolitan Mortgage, et al.*, 175 Wn.2d 83, 111, 285 P.3d 34 (2012) (hereinafter "*Bain*").

Finally, Chase never bought or sold anything. The record of transfer of the Note from CTX Mortgage to Fannie Mae has not been revealed, so it is impossible to trace the assignment of the Note. However, the record is relatively clear on one issue, at all times relevant to this cause of action, Countrywide and Chase were mere servicers of the subject loan, acting at the behest of an undisclosed principal. CTX and Countrywide merely assigned "servicing rights" to the Note – not the Note itself, in contradiction to the Court's statement of Background. Dkt. 35. This is also conceded by Defendants. See Dkt. 17, pages 1-2. Transfer of servicing rights is not the equivalent of an assignment of the Note.

If Countrywide and Chase were mere servicers of the obligation and neither MERS nor Chase ever held and owned the subject Note, both being necessary requisites to prosecute a non-judicial foreclosure, no Defendant named herein were valid "beneficiaries" within the terms of *RCW 61.24 et seq.* See *RCW 61.24.005* and *RCW 61.24.030(7)* and *(8)*.

Given the Court's apparent confusion concerning the instruments at issue herein, the nature of the assignment of rights to various Defendants and the facts presented by the parties to

**KOVAC & JONES, PLLC**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

the present controversy, it is inconceivable the Court could reach the proper conclusions of law. Accordingly, Plaintiff respectfully requests the Court reconsider *in toto* its dismissal of Plaintiff's claims, including the arguments presented in the parties pleadings on Motion to Dismiss, in view of the facts that were actually presented through the documents attached to Plaintiff's Complaint and the claims asserted therein.

**C.     Plaintiff is entitled to leave of Court to amend his Complaint.**

As noted above, Plaintiff's Complaint was written on pleading standards common and customary in King County Superior Court for the State of Washington.  Washington has specifically rejected the more stringent pleading practices outlined in *Bell Atl. Corp. v. Twombly, supra.* and *Ashcroft v. Iqbal, supra.* See *McCurry v. Chevy Chase Bank,* 169 Wn.2d 96, 233 P.3d 861 (2010).

This matter was removed from King County Superior Court on or about August 29, 2012.  Since then, no amendment to Plaintiff's Complaint has been made.  Moreover, no discovery has been permitted.

In the 9th Circuit, courts are encouraged to grant leave to amend in the event that the trial court finds plaintiff has not met the pleading requirement of *Bell Atl. Corp. v. Twombly, supra.* and *Ashcroft v. Iqbal, supra,* even if no request to amend has been made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  *Breier v. Northern California Bowling Proprietor's Assoc.,* 316 F.2d 787 (9th Cir. 1962); *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995); *Straight v. Approved Federal Savings Bank,* 2005 WL 1288091 (W.D. Wash 2005).  As noted in the case of *Breier v. Northern California Bowling Proprietor's Assoc, supra,* at page 789: "Neither the filing nor granting of such a motion before

MOTION FOR RECONSIDERATION
Page 5

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

the present controversy, it is inconceivable the Court could reach the proper conclusions of law. Accordingly, Plaintiff respectfully requests the Court reconsider *in toto* its dismissal of Plaintiff's claims, including the arguments presented in the parties pleadings on Motion to Dismiss, in view of the facts that were actually presented through the documents attached to Plaintiff's Complaint and the claims asserted therein.

**C.     Plaintiff is entitled to leave of Court to amend his Complaint.**

As noted above, Plaintiff's Complaint was written on pleading standards common and customary in King County Superior Court for the State of Washington.   Washington has specifically rejected the more stringent pleading practices outlined in *Bell Atl. Corp. v. Twombly, supra.* and *Ashcroft v. Iqbal, supra.*  See *McCurry v. Chevy Chase Bank,* 169 Wn.2d 96, 233 P.3d 861 (2010).

This matter was removed from King County Superior Court on or about August 29, 2012.   Since then, no amendment to Plaintiff's Complaint has been made.   Moreover, no discovery has been permitted.

In the 9th Circuit, courts are encouraged to grant leave to amend in the event that the trial court finds plaintiff has not met the pleading requirement of *Bell Atl. Corp. v. Twombly, supra.* and *Ashcroft v. Iqbal, supra*, even if no request to amend has been made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Breier v. Northern California Bowling Proprietor's Assoc.,* 316 F.2d 787 (9th Cir. 1962); *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995); *Straight v. Approved Federal Savings Bank,* 2005 WL 1288091 (W.D. Wash 2005).  As noted in the case of *Breier v. Northern California Bowling Proprietor's Assoc, supra,* at page 789: "Neither the filing nor granting of such a motion before

MOTION FOR RECONSIDERATION
Page 5

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2060 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

answer terminates the right to amend; an order of dismissal denying leave to amend at that stage

is improper, and a motion for leave to amend (though unnecessary) must be granted if filed."

Here, the Court has made no finding that Plaintiff's Complaint cannot possibly be cured

to comply with the more stringent pleading requirements of the federal courts.   Accordingly,

Plaintiff should be entitled leave of Court to amend his pleadings, rather than suffer the loss of

due process rights to have his claims heard before a court of competent jurisdiction.   Justice

demands no less - particularly in view of the Court's apparent confusion regarding the

instruments at issue herein, the nature of the assignment of rights to various Defendants and the

facts presented by the parties to the present controversy.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff requests the Court reconsider its Order of February

14, 2013 to reexamine the facts and the instruments attached to Plaintiff's Complaint.   In

addition, Plaintiff requests the Court revisit the arguments submitted in support of and in

opposition to Defendants' Motion to Dismiss, based on a comprehensive reevaluation of the

subject transaction.  If, at the end of its reconsideration the Court still concludes that Plaintiff's

Complaint does not satisfy the requirements of *Bell Atl. Corp. v. Twombly, supra.* and *Ashcroft*

*v. Iqbal, supra.*, Plaintiff requests/moves the Court for leave to amend his Complaint to avoid

loss of his due process rights.

**RESPECTFULLY SUBMITTED** this 4th day of March, 2013.

KOVAC & JONES, PLLC

Richard Llewelyn Jones, WSBA #12904
Attorney for Plaintiff

MOTION FOR RECONSIDERATION
Page 6

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington that on this _____ day of March, 2013, I caused to be delivered a copy of the foregoing **MOTION FOR RECONSIDERATION** to the following in the manner indicated:

William K. Rasmussen, WSBA No. 20029
Matthew Sullivan, WSBA No. 40873
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
(206) 757-8125
Attorneys for JPMorgan Chase, Mortgage
Electric Registration System, Inc., and the
Federal National Mortgage Association

_____ Facsimile
_____ Messenger
_____ U.S. 1st Class Mail
_____ Overnight Courier
__X__ Electronically

Heidi Buck Morrison, WSBA No. 41769
ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
(425)458-2121
Attorney for Northwest Trustee services, Inc.

_____ Facsimile
_____ Messenger
_____ U.S. 1st Class Mail
_____ Overnight Courier
__X__ Electronically

**DATED** this _____ day of March, 2013.

Dan Williams, Paralegal

MOTION FOR RECONSIDERATION
Page 7

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322