UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD J. ZALAC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CTX MORTGAGE CORPORATION et al.,<br><br>　　　　　Defendants. | CASE NO. C12-01474 MJP<br><br>AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Having reviewed the motions (Dkt. No. 17, 20), response (Dkt. No. 24), replies (Dkt. No. 31, 32), and all related documents, the Court GRANTS Defendants' motion and DISMISSES this case.

**Background**

This dispute involves a non-judicial foreclosure of Plaintiff's home. On June 10, 2005, Plaintiff borrowed $352,500 for the purchase of his Enumclaw home. (Dkt. No 3, Ex. A.) He executed a Deed of Trust, listing CTX as Lender, Mortgage Electronic Recording Systems, Inc

("MERS") as the Beneficiary, and Steward Title as the Trustee. (Dkt. No. 3, Ex. B.) Two months later, CTX wrote to Plaintiff informing him of the transfer of his loan to Countrywide Home Loans LP ("Countrywide"). (Dkt. No. 4 at 9.) About a year later, the loan was transferred to J.P. Morgan Chase ("Chase"). (Id.) Countrywide sent a letter to Plaintiff informing him of the transfer and that the servicing of his loan, the right to collect payments from him, would also be conduct by Chase. (Id.) Chase has been servicing Plaintiff's loan since the transfer in 2006. (Id.)

Roughly four years later, MERS executed an assignment of the Deed of Trust, assigning all its beneficial interests to Chase. (Dkt. No. 3, Ex. H.) Chase then appointed Northwest Trustee Services ("NWTS") as successor trustee. (Id., Ex. I.) NWTS, acting as Chase's agent, sent Plaintiff a notice of default stating that Plaintiff had failed to make payment since November 1, 2011. (Id., Ex. F.) After the notice of default, Chase sold Plaintiff's loan into a public security managed by Federal National Mortgage Association ("Fannie Mae"), but Chase remained servicer of the loan. (Id., Ex. G.) Chase notified Plaintiff of these changes. (Id.) A month after the notice of default, NWTS executed a notice of trustee's sale, and scheduled the sale of Plaintiff's home for July 20, 2012. (Id., Ex. J.)

Plaintiff Richard J. Zalac filed suit in King County Superior Court against the five entities who have serviced his loan, held the note, or were otherwise involved in his mortgage.[1] Defendants timely removed the case to this Court. Plaintiff alleges: (1) wrongful foreclosure; (2) violation of the Washington Consumer Protection Act ("CPA"); and (3) Criminal Profiteering in

---

[1] This Court previously dismissed all of Plaintiff's claims against the original lender, CTX, as barred by the statute of limitations. (Dkt. No. 19.)

1  violation of 9A.82. (Dkt. No. 3.) Defendants move for dismissal of each of these claims. (Dkt.
2  No. 17.)

3  **Discussion**

4  A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.
5  Conley v. Gibson, 355 U.S. 41, 45-6 (1957). On a motion to dismiss, the Court must accept the
6  material allegations in the complaint as true and construe them in the light most favorable to
7  Plaintiff. Aschcroft v. Iqbal, 556 U.S. 662, 679 (2009). "To survive a motion to dismiss, a
8  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
9  plausible on its face.'" Id. at 662 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570
10 (2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic
11 recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

12 1.  Wrongful Foreclosure Claim

13 Plaintiff alleges Defendants wrongfully attempted to foreclose on Plaintiff's home and
14 that irregularities in the proceedings entitle Plaintiff to relief under the Washington Deed of Trust
15 Act ("DTA"), RCW 61.24 et seq. Defendants move to dismiss Plaintiff's wrongful foreclosure
16 claim because he is missing an element of the claim, a foreclosure sale.

17 The DTA governs the foreclosure process and furthers three objectives: (1) ensuring
18 nonjudicial foreclosure remains efficient and inexpensive; (2) providing an adequate opportunity
19 for interested parties to prevent wrongful foreclosure; and (3) promoting the stability of land
20 titles. Plein v. Lackey, 149 Wn.2d 214, 225 (2003). The DTA "sets forth the only means by
21 which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale
22 and foreclosure." Cox v. Helenius, 10 Wn.2d 383, 388 (1985). The DTA does not, however,
23 authorize a cause of action for damages for the wrongful institution of nonjudicial proceedings
24

MOTION TO DISMISS- 3

where no trustee's sale actually occurs. See Vawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115, 1123 (W.D. Wash. 2010).

Here, the Court grants motion to dismiss because under Washington law a foreclosure sale is a prerequisite to any DTA claim. Plaintiff does not allege a sale occurred. Additionally, Washington does not recognize a claim for wrongful initiation of foreclosure proceedings. Thus, Plaintiff's claim fails as a matter of law and is DISMISSED.

Plaintiff also cites RCW 61.24.010, alleging Defendant NWTS, as successor trustee, breached their duty of good faith by neglecting to identify the true holder of the promissory note when it was assigned. While the Plaintiff is correct in asserting NWTS's duty of good faith, Plaintiff does not allege specific acts NWTS committed to breach their duty of good faith. Thus, Plaintiff's bare legal conclusions are not sufficient to uphold his claim and the Court DISMISSES this claim as well.

2. CPA Claim

Plaintiff alleges Defendants violated the CPA by relying on documents that they knew or should have known to be false or deceptive. Specifically, Plaintiff alleges Defendants Chase and MERS acted deceptively by purporting to be the holder and beneficiary, respectively, of Plaintiff's note. Defendants correctly move to dismiss Plaintiff's claim because the Complaint fails to allege any unfair or deceptive act.

To prevail on his CPA claim, Plaintiff must establish five distinct elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986). Whether a practice is unfair or deceptive is a question of law for the court to decide if the parties do not dispute their

conduct. Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 74 (2007). To satisfy the first element, Plaintiffs must show that the act or practice either has a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or practice.

A. CPA Claim Against MERS

Plaintiff alleges that MERS engaged in a deceptive act when it purported to act as beneficiary when it knew or should have known that it must hold the note to be the beneficiary under Washington law.

Here, Plaintiff assumes that if Defendant MERS was involved in his mortgage, then the CPA's unfair or deceptive act element is met. (Dkt. No. 24 at 15.) Plaintiff's position lacks merit because it is a misapplication of the Washington State Supreme Court's decision in Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d 83, 117 (2012). The Court in Bain only held that characterizing MERS as the beneficiary on a deed of trust has the capacity to deceive homeowners, but held that MERS involvement does not by itself constitute a per se violation of the CPA. Bain, 175 Wn.2d at 117. Unlike the "concealment" by MERS at issue in Bain, here, Plaintiff does not allege any specific unfair or deceptive act by MERS. Id. at 116 (finding that MERS may act deceptively when it conceals the identity of its principal and purports to act on behalf of itself). Instead, Plaintiff routinely received written notification regarding which entity was servicing his loan and had no communication with MERS. Plaintiff fails to make the specific allegation that he was deceived by the characterization of MERS as a beneficiary on the Deed of Trust. Bain, 175 Wn.2d at 120 ("the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury"). Because Plaintiff has failed to allege any

1 cognizable deceptive or unfair trade or practice arising out of MERS's involvement, the CPA
2 claim is DISMISSED.

3
4

5 B. <u>CPA Claim Against Chase and NWTS</u>

6      Plaintiff alleges Chase and NWTS violated the CPA by deceptively presenting Chase as
7 the holder of Plaintiff's note in the notice of default and notice of trustee's sale, when they knew
8 or should have known the actual holder to be Fannie Mae. Defendant Chase asserts that it is the
9 true <u>holder</u> of the note, even if Fannie Mae is the <u>owner</u> of the note. NWTS argues that as
10 Chase's agent, it was entitled to rely on representations from its principal.

11      Under Washington law an instrument endorsed in blank becomes payable to the bearer
12 and may be negotiated. RCW 62A.3-205(b). The holder of a negotiable instrument is the person
13 in possession and is entitled to enforce it. RCW 62A.3-301; 62A.1-201(20).

14      Here, Plaintiff does not contest that Chase is in physical possession of the note and that it
15 is endorsed in blank. Therefore, Chase is the holder of the note as a matter of law. Further,
16 despite the sale of Plaintiff's loan to Fannie Mae, Chase alerted Plaintiff that it remained servicer
17 of his loan and was authorized to handle any of Plaintiff's concerns. Additionally, Plaintiff does
18 not allege that NWTS was not an authorized agent of Chase or acting beyond the scope of its
19 authority at any time. Because Plaintiff has failed to allege an unfair or deceptive act by
20 Defendants, the Court DISMISSES Plaintiff's CPA claim.

21      Plaintiff also cites to RESPA, 12 U.S.C §2605, and the FDCPA, 15 U.S.C. §§1692, <u>et</u>
22 <u>seq</u>., claiming Defendants' actions constitute <u>per se</u> violations of the CPA, but fails to allege any

23
24

1  facts to support such claims. The Court therefore also DISMISSES Plaintiff's RESPA and

2  FDCPA claims.

3  3.  Criminal Profiteering Claim—RCW 9A.82

4       Plaintiff claims Defendants violated RCW 9A.82.45, which makes unlawful an attempt

5  by "any person knowingly to collect an unlawful debt."  Plaintiff fails to allege with particularity

6  any act by Defendants that qualifies as criminal profiteering.  Thus, the Court DISMISSES

7  Plaintiff's Criminal Profiteering claim.

8  **Conclusion**

9       Because Plaintiff fails to allege specific facts to support any of his claims, the Court

10  GRANTS Defendants' motion and DISMISSES all claims with prejudice.  The clerk is ordered

11  to provide copies of this order to all counsel.

12       Dated this 13th day of May, 2013.

13

14  *[signature]*

    Marsha J. Pechman

15      Chief United States District Judge